①

Name _Tashia Channel_
Street Address _2415 Pleasant Valley Rd_
City and County _Placerville, El Dorado County_
State and Zip Code _CA 95667_
Telephone Number _(916) 224-8587_

**FILED**

AUG 3 1 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

_Tashia Eileen L. Channel_
_____
_____

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

_David J. Shulkin, M.D._
_Secretary of Veterans Affairs_
_____

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**Complaint for a Civil Case**

Case No. _2: 1 8 - CV - 2 4 1 4_ MCE AC PS
*(to be filled in by the Clerk's Office)*

Jury Trial:   ☒ Yes   ☐ No
          *(check one)*

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name  *Tashia Channel*
Street Address  *2415 Pleasant Vlly Rd*
City and County  *Placerville — El Dorado County*
State and Zip Code  *California, 95667*
Telephone Number  *(916) 224-8587*

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

Name  _____
Job or Title
(if known)  _____
Street Address  _____
City and County  _____
State and Zip Code  _____
Telephone Number  _____

Defendant No. 2

Name  _____
Job or Title
(if known)  _____
Street Address  _____
City and County  _____
State and Zip Code  _____
Telephone Number  _____

2

Defendant No. 3

    Name _____

    Job or Title _____
    (if known)

    Street Address _____

    City and County _____

    State and Zip Code _____

    Telephone Number _____

Defendant No. 4

    Name _____

    Job or Title _____
    (if known)

    Street Address _____

    City and County _____

    State and Zip Code _____

    Telephone Number _____

## II.    Basis for Jurisdiction

Federal Courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in Federal Court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same state as any plaintiff.

What is the basis for Federal Court jurisdiction?  *(check all that apply)*

    ☒ Federal question            ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.    **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

① Labor Law violations 5CFR 2635.702 ₹ 5USC Section 2302
① Title VII (discrimination age, Reprisal 1964 Civil Rights
② Rehabilitation Act 1973 discrimination due to Disability
③ Violation due Process 18 USC Title 5 Part 1 Chapter 5
④ Subchapter 2,3,4
④ Abuse of Authority & Harrassment 5 CFR 2635.702

B.    **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

4

b.    If the defendant is a corporation

The defendant, *(name)* _____, is
incorporated under the laws of the State of *(name)*
_____, and has its principal place of
business in the State of *(name)* _____. *Or* is
incorporated under the laws of *(foreign nation)*
_____, and has its principal place of
business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an
additional page providing the same information for each additional
defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant
owes or the amount at stake—is more than $75,000, not counting interest
and costs of court, because *(explain)*:

Lost wages from Fraud cost of timecard denied
legal tax pay, debts, legal cost, AL, SL, LWOP
Suspension, annuity Lost income Emotion/verbal
abuse total $503,360

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as
briefly as possible the facts showing that each plaintiff is entitled to the damages or other
relief sought. State how each defendant was involved and what each defendant did that
caused the plaintiff harm or violated the plaintiff's rights, including the dates and places
of that involvement or conduct. If more than one claim is asserted, number each claim
and write a short and plain statement of each claim in a separate paragraph. Attach
additional pages if needed.

I have attached Statement Brief & EEO complaint file
In 2009 file grievance on same issues
then medically detail Return to Voluntary
depart to Discrimination Retaliation reprisal
civil Rights disability violation continue
until 2014 involuntary retirement which
during entire time subjected to Hostile WK
Environment, Bullied, Deleted excluded
mission functions, treated unfairly other
receive favoritism, verbal & Emotional
abuse, degrated, and defamation of personal
& Professional names, Suspension was severe, vendict

**IV.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Attach as break down. My grievance from 2009 to involuntary Retire 2014, Lost income, due to My supv act were intentional to remove me from employment. Witness statement documents, emails provided evidence that are attach which cause the result to file. Request relief in the amount of $503,360-

**V.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8/31/2018 , 20 18

Signature of Plaintiff _Tashia E Channel_

Printed Name of Plaintiff _Tashia E. CHANNEL_

Also. Request for Court appointed attorney due to unable to pay cost for one and court fees

6

## TABLE OF CONTENTS

EEOC Form 573............................................................................. Front Page

Transmittal of Final Order.................................................................. Tab 1
EEOC AJ Decision/Order
Certificate/Proof of Service

Complainants Appeal Brief....................................................................Tab 2

Police Investigation Report Welfare Check.............................................. Exhibit A
Police Investigation Report Gift Cards
VA Incident Report filed by Complainant

Lost Holiday Day.............................................................................Exhibit B
Corrected time cards
Leave balances proof

Witness Statements Hostile work Environment.........................................Exhibit C
Supervisors' notification of Protective Activity
Evidence on Favoritism

Reported LWOP amounts....................................................................Exhibit D

Complainants Phone Records...............................................................Exhibit E

Supervisors notification of Protective Activity by management....................Exhibit F

FMLA Form ...................................................................................Exhibit G
Representatives e-mail in supervisor violations
Timecards marked no FMLA /AWOL

Email links supervisor had gift cards....................................................Exhibit H

Breach of Contract E-mail from Representative on Leave Violations............Exhibit I

May 13, 2013 report of contact by Representative...................................Exhibit J
Posting and Corrective timecard violation

Leave violation e-mail from Representative............................................Exhibit K

Proposal of Suspension (5) & (14) & Removal.......................................Exhibit L

Due Process E-mails AJ, Agency Atty, Complainant................................Exhibit M



*U.S. Equal Employment Opportunity Commission*

**Management Directive 110**

# NOTICE OF APPEAL/PETITION - COMPLAINANT

TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013

| Complainant Information: (Please Print or Type) | |
| --- | --- |
| Complainant's name (Last, First, M.I.): | *CHANNEL, Tashia E* |
| Home/mailing address: | *P.O. Box 3535* |
| City, State, ZIP Code: | *Diamond Springs, CA 95619* |
| Daytime Telephone # (with area code) | *(916) 224-8587* |
| E-mail address (if any): | |
| **Attorney/Representative Information (if any):** | |
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |
| **General Information:** | |
| Name of the agency being charged with discrimination: | *Secretary of Veterans Affairs David J. Shulkin, M.D.* |
| Identify the Agency's complaint number: | *200P-0613-2013103617 200P-0613-2014105028* |
| Location of the duty station or local facility in which the complaint arose: | *VA NCHCS Mather CA 95655* |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ☒ Yes Date Received *8-7-17* (Remember to attach a copy) <br> ☐ No <br> ☐ This appeal alleges a breach of a settlement agreement |
| Has a complaint been filed on this same matter with the Commission, another agency, or through any other administrative or collective bargaining procedures? | ☒ No <br> ☐ Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ☒ No <br> ☐ Yes (Attach a copy of the civil action filed) |

**NOTICE:** Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the Commission Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the Commission and with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, submitted, or faxed to the Commission at the address above.

Please specify any reasonable accommodations you will require to participate in the appeal process:

| | |
|---|---|
| Signature of complainant or complainant's representative: | *Reshia Channel* |
| Date: 8/30/17 | |
| Method of Service on Agency: 9/1/17 | *USPS Priority mail certification* |
| Date of Service: 9/1/17 | |

**PRIVACY ACT STATEMENT ON REVERSE SIDE.**

EEOC Form **573 REV 2/09**

## PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, February 2009
2. **AUTHORITY:** 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and effectively adjudicate appeals filed by federal employees, former federal employees, and applicants for federal employment.
4. **ROUTINE USES:** Information provided on this form may be disclosed to: (a) appropriate federal, state, or local agencies when relevant to civil, criminal, or regulatory investigations or proceedings; (b) a Congressional office in response to an inquiry from that office at your request; and (c) a bar association or disciplinary board investigating complaints against attorneys representing parties before the Commission. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a database for statistical purposes.
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

You may send your appeal to:

**The Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

**Fax it to (202) 663-7022 or submit it through the Commission's electronic submission portal.**

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

'AUG  3 2017

## TRANSMITTAL OF FINAL ORDER

**TO:**     The Parties
Representatives of the Parties (if applicable)
ORM Field Office
EEOC Administrative Judge (if applicable)

**SUBJ:**     Final Order

| | |
|---|---|
| Complainant's Name: | Tashia E. Channel |
| Agency Case No.: | 200P-0612-2013103617 |
| Agency Case No.: | 200P-0612-2014105028 |
| | |
| EEOC Case No.: | 550-2015-00014X |
| EEOC Case No.: | 550-2015-00263X |

Enclosed is the Department's Final Order concerning the above-referenced complaint of discrimination.

The Final Order includes a statement explaining the complainant's right of appeal and right to file a civil action.

The transmittal to the complainant includes EEOC Form 573, should the complainant wish to appeal the enclosed Final Order.

As the complainant requested a hearing before an EEOC administrative judge, the transmittal to the ORM field office also includes the hearing record, including the EEOC administrative judge's decision, and/or other miscellaneous correspondence/documents provided to this office by the judge.

Maxanne R. Witkin
Director

Enclosures

**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF EMPLOYMENT DISCRIMINATION COMPLAINT ADJUDICATION**
**WASHINGTON, D.C. 20420**

|  |  |
|---|---|
| Tashia E. Channel,<br>      *Complainant*, | ) ) ) ) |
| .*v.* | ) )    **VA Case No. 200P-0612-2013103617** )    **VA Case No. 200P-0612-2014105028** ) |
| Secretary,<br>Department of Veterans Affairs, | ) )    **EEOC Case No. 550-2015-00014X** )    **EEOC Case No. 550-2015-00263X** |
|      *Agency,* | ) ) |

## FINAL ORDER

It is the final action of this Department in the above-referenced matter to accept and fully implement the attached decision of the EEOC administrative judge.

If dissatisfied with this final action, the complainant may appeal or file a civil action as set forth below.

## RIGHT OF APPEAL

Within 30 days of receipt of this final action, the complainant has the right to appeal it to: **Equal Employment Opportunity Commission, Office of Federal Operations, P.O. Box 77960, Washington, DC 20013**. If an appeal is filed, EEOC Form 573 should be used. A copy of EEOC Form 573 is attached.

A copy of the appeal to the EEOC **must** also be sent to the VA's Office of General Counsel at the following address: **Department of Veterans Affairs, Office of General Counsel (024), 810 Vermont Avenue, NW, Washington, DC 20420**.

Statements or briefs in support of the appeal **must** be submitted to the EEOC within 30 calendar days of filing the appeal. A copy of any such statement or brief, including any statements made on EEOC's Appellant Docketing Statement, must also be sent to the VA's Office of General Counsel at the above address.

If an appeal is filed with the EEOC, the appeal, and any subsequently filed statement or brief, **must** contain a statement certifying the date and method by which copies of these documents were served on the VA's Office of General Counsel.

If the complainant files an appeal with the Commission beyond the above-noted time limit, the complainant should provide the Commission with an explanation as to why the appeal should be accepted despite its untimeliness. If the complainant cannot explain why timeliness should be excused, the Commission may dismiss the appeal as untimely.

## RIGHT TO FILE A CIVIL ACTION

The complainant also has the right to file a civil action in an appropriate United States District Court. The complainant may file a civil action

within 90 days of receipt of this final action <u>if no appeal to EEOC has been filed</u>; or

within 90 days after receipt of the EEOC's final decision on appeal; or

after 180 days from the date of filing an appeal with the EEOC if there has been no final decision by the Commission.

The complainant **must** name the person who is the official head of the Department of Veterans Affairs as the defendant. Department means the national organization, and not just the local office, facility, or unit in which the complainant works. The complainant may not name just the Department. The complainant must name **David J. Shulkin, M.D.** as the defendant. The complainant must also state the official title of the Department head. The official title of the head of the Department of Veterans Affairs is **Secretary of Veterans Affairs**. Failure to provide the name or official title of the head of the Department may result in dismissal of the case.

If the complainant decides to file a civil action under Title VII (discrimination due to race, color, religion, sex, national origin, or reprisal) or under the Rehabilitation Act of 1973, as amended, (discrimination due to disability), and if the complainant does not have or cannot afford the services of an attorney, the complainant may request that the Court appoint an attorney to represent the complainant and that the Court permit the complainant to file the action without payment of fees, costs, or other security. **The grant or denial of the request is within the sole discretion of the Court.**

2

Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date that complainant receives the final action from the Department or the Commission.


_____                                    AUG  3 2017
MAXANNE R. WITKIN                                          _____
Director, Office of                                                        Date
Employment Discrimination
Complaint Adjudication

Attachment:  EEOC Form 573

3



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**

350 The Embarcadero, Suite 500
San Francisco, CA  94105
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
San Francisco Status Line:  (866) 408-8075
San Francisco Direct Dial:  (415) 625-5602
TTY (415) 625-5610
FAX (415) 625-5609

July 24, 2017

Department of Veterans Affairs
Office of Employment Discrimination
Complaint Adjudication (OEDCA)
810 Vermont Avenue, NW
Washington, D.C. 20420

RE:   Tashia Channel v. Secretary, Department of the VA
EEOC Case Nos.: 550-2015-00014X, 550-2015-00263X
Agency Nos.: 200P-0612-2013103617, 200P0612-2014105028

Dear Sir or Madam:

Enclosed is my Decision, and exhibits in this case.  In light of this action, we have taken steps to close our files and have so notified the parties. I am not attaching the copy of the exhibits with the decision to the parties since they should already be in possession of the exhibits.

Please contact me at 415-522-3069 should you have any questions.

Sincerely,

Emily Kim MacMillin
Administrative Judge

cc: (w/enclosure)

Tashia Channel
P.O. Box 3535
Diamond Springs, CA  95619

Coleen L. Welch
VA District Counsel (OOQJPG)
Pacific District, North
150 Muir Road
Martinez, CA  94553

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT OFFICE
450 GOLDEN GATE AVENUE, 5TH FLOOR WEST
P.O. BOX 36025
SAN FRANCISCO, CA 94102

Tashia Channel,
P.O. Box 3535
Diamond Springs, CA 95619

              Complainant,

Robert A. McDonald, Secretary,
U.S. Department of Veterans Affairs,

              Respondent.

EEOC Nos.   550-2015-00014X,
                550-2015-00263X
Agency Nos.  200P-0612-2013103617,
                200P0612-2014105028

DATE: July 24, 2017

## ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision, judgment is hereby entered herein. Copies of the Decision have been furnished to the parties and Notice has been provided explaining their appeal rights. The Report of Investigation will be maintained for a period of sixty days during which time the agency may arrange for its retrieval. It will be destroyed following the sixty day period.

## IT IS SO ORDERED

Emily Kim MacMillin
Administrative Judge

Cc decision only:

Tashia Channel
P.O. Box 3535
Diamond Springs, CA 95619

Coleen L. Welch
VA District Counsel (OOQJPG)
Pacific District, North
150 Muir Road
Martinez, CA 94553

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
THE PHILLIP BURTON FEDERAL BUILDING
SAN FRANCISCO DISTRICT OFFICE
450 GOLDEN GATE AVENUE, 5TH FLOOR WEST
SAN FRANCISCO, CA  94102-3661

| | |
|---|---|
| Tashia Channel,<br>P.O. Box 3535<br>Diamond Springs, CA  95619 | EEOC Nos.    550-2015-00014X,<br>550-2015-00263X<br>Agency Nos.  200P-0612-2013103617,<br>200P0612-2014105028 |
| Complainant, | |
| Robert A. McDonald, Secretary,<br>U.S. Department of Veterans Affairs, | DATE:  July 24, 2017 |
| Respondent. | |

**ORDER GRANTING AGENCY'S MOTION FOR SUMMARY JUDGMENT
AND ISSUING DECISION PURSUANT TO 29 C.F.R. § 1614.109(g)**

COMPLAINANT'S REPRESENTATIVE:          *pro se*

AGENCY'S REPRESENTATIVE:          Coleen L. Welch
                                                              VA District Counsel (OOQJPG)
                                                              Pacific District, North
                                                              150 Muir Road
                                                              Martinez, CA  94553

ADMINISTRATIVE JUDGE:          Emily K. MacMillin

REFERENCE CODES:          ROI: Report of Investigation
                                            AJE: Administrative Judge's Exhibit

1

## I.   INTRODUCTION

The above captioned case was docketed in the San Francisco District Office for processing.  The Complainant has met the administrative prerequisites, and this case is properly before an Administrative Judge for a decision.

Status conferences were held on February 17, 2015 and April 9, 2015.  AJE 1; AJE 2. The Agency filed a Motion for a Decision Without a Hearing on EEOC Number 550-2015-00014X on July 14, 2015.  AJE 3.  The Complainant filed a timely response on August 31, 2015. AJE 4.  The Agency also filed a timely Motion for a Decision Without a Hearing on EEOC No. 550-2015-00263X on November 3, 2015.  AJE 5.  The Complainant filed a response to that motion on November 25, 2015.  AJE 6.

I have thoroughly reviewed the record, including the Reports of Investigation and the parties' submissions, and have determined that the record is adequately developed for summary disposition. Petty v. Dept. of Defense, EEOC Appeal No. 01A24206 (2003).  Both complaints were investigated by the Agency; the parties participated in two telephonic conferences with the Administrative Judge; the parties given an opportunity to conduct discovery after which the Agency filed a summary judgment motion to which Complainant responded.  Based on my review of the record, I have determined that the Agency's motions properly addresses the issues and establishes that there are no genuine issues of material fact. Murphy v. Dept. of the Army, EEOC Appeal No. 01A04099 (2003).

## II.   ISSUES PRESENTED

*EEOC No. 550-2015-00014X ("Complaint No. 1")*

Does the record evidence, when considered in the light most favorable to the

2

Complainant, demonstrate she was subjected to a hostile work environment based on her race (Caucasian), age (year of birth: 1955), and reprisal for engaging in protected EEO activity when:

1. On January 8, 2013, the Chief of Voluntary Services (MA) acted as if the Complainant did something wrong, or had kept some gift cards for herself;

2. On February 6, 2013, the Chief of Voluntary Services (MA) sent the Police to the Complainant's house to do a wellness check;

3. On May 15, 2013, the Chief of Voluntary Services (MA) was upset with the Complainant being at work, and asked her why she was late that day;

4. On May 30, 2013, the Chief of Voluntary Services (MA) ignored Complainant's concern about fumes and smells in the office;

5. Sometime in late May 2013, the Chief of Voluntary Services (MA) charged Complainant' 15 minutes of AWOL while she was on break;

6. Sometime in May or June 2013, Complainant requested annual leave for November and December 2013, and as of August 9, 2013, the Chief of Voluntary Services (MA) had not approved or denied it, but had approved leave requests that far in advance for other employees;

7. On June 5, 2013, the Chief of Voluntary Services (MA) presented Complainant with a Proposed Suspension, and was then issued a 3-day suspension on July 9, 2013, which was effective on July 22, 2013;

8. Sometime in June 2013, the Chief of Voluntary Services (MA) accused Complainant of being on break while using the ladies' room;

9. On or about June 27, 2013, the Chief of Voluntary Services (MA) e-mailed Complainant her performance review, and wrote in the email that Complainant refused her

3

performance review and that she was not performing her duties;

10. On July 5, 2013, the Chief of Voluntary Services (MA) denied Complainant's annual leave request stating that she did not ask for the leave in advance; Complainant assured that she requested it about one month in advance;

11. On July 5, 2013, according to Complainant's co-worker, the Chief of Voluntary Services (MA) charged Complainant four hours of AWOL;

12. On August 22, 2013, the Chief of Voluntary Services (MA) was not in the office, and did not advise Complainant she would be unavailable, so Complainant could not have leave approved;

13. Since about early 2012 (ongoing), the Chief of Voluntary Services (MA) has had a volunteer monitor Complainant's whereabouts;

14. Since about late June 2013 (ongoing), the Chief of Voluntary Services (MA) has sat behind Complainant's desk and monitored her, [and] Complainant also has had to report to the Chief of Voluntary Services (MA) when she leaves on breaks;

15. On November 14, 2012, the Complainant met with the Associate Director (Mendoza) to discuss concerns of harassment by the Chief of Voluntary Services (MA), but the harassment continued;

16. On January 23, 2013, the Chief of Voluntary Services (MA) e-mailed Complainant that she had no contact, and posted the Complainant as being AWOL;

17. On February 12, 2013, the Chief of Voluntary Services (MA) received the Complainant's text requesting annual leave, but still marked the Complainant AWOL and stated the Complainant needed to report to work;

4

18. On June 13, 2013, the supervisor denied the Complainant's request for annual leave;

19. On June 18, 2013, the Chief of Voluntary Services (MA) charged the Complainant LWOP, even though she had received the Complainant's text requesting FMLA leave;

20. On June 25, 2013, the Chief of Voluntary Services (MA) invaded the Complainant's space, and stated that she did not appreciate the Complainant's absences from work, and the absences were inexcusable, and she was getting another position for another employee to replace the Complainant;

21. On June 27, 2013, e-mails sent to the Chief of Voluntary Services (MA) at 7:10 a.m. to notify Complainant would be late due to car problems, and the Chief of Voluntary Services (MA) e-mail notes she is disapproving the Complainant's request on this date for annual leave;

22. On July 11, 2013, the Chief of Voluntary Services (MA) charged the Complainant AWOL, even though the Complainant' had sent a text requesting FMLA;

23. On July 17, 2013, the Chief of Voluntary Services (MA) did not approve Complainant's advance request for an EAP appointment on July 17, 2013, which she therefore did not subsequently attend; and then on July 23, the Chief of Voluntary Services (MA) approved the requested time;

24. On August 7, 2013, the Chief of Voluntary Services (MA) did not answer her government cell phone after advising Complainant and staff she would be working at two other sites;

25. On August 25, 2013, the Chief of Voluntary Services (MA) instructed Complainant to include her on e-mails the Complainant sent to notify the timekeeper of the Complainant's arrival time;

5

26. From August 20, 2013 and ongoing, the Chief of Voluntary Services (MA) has made changes to the Complainant's corrected timecards that result in Payroll changes that the Complainant incurs a reduced paycheck;

27. On August 29, 2013, the Chief of Voluntary Services (MA) physically blocked the Complainant from leaving the workspace and made offensive remarks such as "Are you stupid or what" Are you blind" Can you read" Why are you here? You are just a waste of time";

28. On October 25, 2013 the Chief of Voluntary Services (MA) e-mailed the Complainant that she was not pleased that the Complainant had transferred a call to her regarding a caller who was interested in the process of becoming a volunteer;

29. On October 29, 2013 the supervisor issued the Complainant a performance evaluation of satisfactory, which was just left on Complainant's desk, without communication, discussion, and did not ask for a signature, and did not provide Complainant with a copy for her records;

30. On December 23, 2013 and January 27, 2014, the supervisor "piled work" on the Complainant, which needed to be done in a short amount of time;

31. On December 30, 2013, the supervisor did not acknowledge the Complainant's contact at 7:48 a.m., and pretended that she was not notified;

32. On December 31, 2013, the supervisor made a copy to a key to the personal drawer where Complainant kept her purse during work hours, and stated that as the supervisor, she is supposed to have a key to everything;

33. On December 31, 2013, the supervisor had recorded the Complainant as being gone for the whole day, and the Complainant had to send her an e-mail to correct the timecard;

6

34. On January 10, 2014, the Complainant had to send the supervisor an e-mail to correct her timecard (for the time on the 8th);

35. On January 15, 2014, the supervisor sent Complainant an e-mail which counseled her, alleging the Complainant had not contacted her regarding time and attendance issues, and the supervisor subsequently changed it to the fact that the Complainant had not made her contact within two hours;

36. On January 17, 2014, the supervisor sent Complainant an e-mail regarding files from applicants who actually did not complete filling out their information;

37. On January 22, 2014, the supervisor called Complainant into her office and stated if the Complainant took leave, she would be marked as AWOL;

38. On January 22, 2014, Complainant requested leave for a doctor's appointment, but the request was not approved; and

39. On January 27, 2014, the Complainant was charged AWOL for the dates of January 16 and 17, 2014 even though the Complainant had notified the supervisor that she had car problems.

*EEOC No. 550-2015-00263X ("Complaint No. 2")*

Does the record evidence, when considered in the light most favorable to the Complainant, demonstrate that she was discriminated and retaliated against regarding time and attendance when on September 3, 2014 and ongoing, Complainant has received numerous letters (dated April 2, 2014, May 4, 2014, August 9, 2014, August 23, 2014, October 9, 2014 and October 14, 2014) each which informed the Complainant that she had incurred indebtedness to the government because her previous supervisor (MA) initiated time card corrections after

7

Complainant's retirement?

## III.   APPLICABLE LAW

### A. Disparate Treatment Based on Race, Age, and Retaliation

Section 717 of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 (Title VII), prohibits discrimination in federal employment based on race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-16.

The Age Discrimination in Employment Act (ADEA) provides that all personnel decisions affecting federal employees who are at least forty (40) years of age shall be made free from discrimination based on age. 29 U.S.C. § 633a.

Pursuant to the regulations of the Equal Employment Opportunity Commission, no person shall be subject to retaliation for opposing any practice made unlawful by Title VII, the ADEA, or the Rehabilitation Act, or for participating in any stage of administrative or judicial proceedings under those statutes. 29 C.F.R. § 1614.101(b); Smith v. Secretary, Dept. of the Navy, 659 F.2d 1113 (D.C. Cir. 1981).

To establish a *prima facie* case of disparate treatment with circumstantial evidence, the complainant must show that: (1) s/he belongs to a class protected by the statutes enforced by the EEOC, (2) the decision-maker knew of his/her membership in a protected class, (3) the agency took an adverse employment action against the complainant, and (4) the adverse action occurred under circumstances which give rise to an inference of unlawful discrimination, such as evidence that the complainant was treated less favorably than similarly situated persons outside his/her protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981).

8

In any judicial or administrative proceeding involving an allegation of discrimination, it is the complainant's initial burden to establish that there is some substance to his/her claim. This means that the complainant must present evidence creating a *prima facie* inference which, if unrebutted, would permit a finding that unlawful discrimination had occurred. Furnco Construction Co. v. Waters, 438 U.S. 567 (1978); McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

To establish a *prima facie* case of retaliation, Complainant must show that (1) s/he engaged in a protected activity; (2) the agency was aware of the protected activity; (3) subsequently s/he was subjected to adverse treatment by the agency; and, (4) a nexus exists between the protected activity and the adverse treatment. *See, e.g.,* Cruz v. Potter, EEOC Appeal No. 0120062133, 2007 WL 4480902 (EEOC), *3. *See also,* Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (June 22, 2006).

When considering a retaliation allegation, an "adverse action" need not qualify as an ultimate employment action which materially affects the terms or conditions of employment. Instead, a retaliatory "adverse action" is any treatment that is "reasonably likely to deter the charging party or others from engaging in protected activity." EEOC Compliance Manual on Retaliation (May 2, 1998); Burlington Northern, supra.

Causation sufficient to raise an inference of unlawful reprisal may be inferred from such factors as: the proximity in time between the protected activity and the alleged retaliatory action; evidence that the agency treated the complainant differently from similarly situated employees who had not filed EEO complaints, and evidence that, after learning that the complainant had engaged in other EEO activity, the agency treated the complainant differently than before s/he

9

engaged in other EEO activity. Miller v. Fairchild Industries, Inc., 797 F.2d 727 (9th Cir. 1986).

In order for comparative employees to be considered similarly situated, all relevant aspects of complainant's employment situation must be nearly identical to those of comparative employees. *See, e.g.,* Payne v. Illinois Central Railroad, 665 F. Supp. 1038, 1043 (W.D. Tenn. 1987). Other comparative employees must have reported to the same supervisor, must have been subject to the same standards, and must have engaged in conduct similar to the complainant's without differentiating or mitigating circumstances that would distinguish their conduct or the appropriate response to it. O'Neal v. Frank, EEOC Appeal No. 05910490 (July 23, 1991); *see also* Gray v. Stone, EEOC Appeal No. 03920045 (May 13, 1992).

If the complainant meets his/her burden of presenting a *prima facie* case of discrimination or retaliation, then the agency has the burden of production to articulate clearly some nondiscriminatory or nonretaliatory reason for its actions, and if the agency does so, the complainant has the burden of proof to demonstrate that the reason articulated is, in actuality, pretext for discrimination or retaliation. Texas Dep't. of Community Affairs v. Burdine, 450 U.S. 248 (1981); Hazen Paper Co. v. Biggins, 507 U.S. 604 (1993); St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

Summary Judgment Standards

Issuance of a decision without a hearing is warranted if no material fact is in genuine dispute when the evidence is viewed in the light most favorable to the complainant. 29 C.F.R. § 1614.109(g); Rule 56, Fed.R.Civ.P. A "material fact" is one "that might affect the outcome of the suit under the governing law." Lindahl v. Air France, 930 F.2d 1434 (9th Cir. 1991). The complainant bears the burden of coming forward with sufficient evidence of every element that

10

the complainant must prove which must be evaluated in light of the proper standard of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A hearing is not warranted unless the complainant provides significant, probative evidence tending to support the complaint such that from this evidence the disputed fact could reasonably be resolved in the complainant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 1986). Subjective belief or speculation as to motive, intent, or pretext is not sufficient to satisfy the complainant's burden. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). The complainant also cannot withstand summary disposition simply by expressing an intent to challenge the credibility of the agency's witnesses on cross-examination. Lindahl v. Air France, supra.

## IV.   CONCLUSION AND ORDER

The Agency's motions (hereto attached and incorporated in this decision) clearly identify the issues, establishes that there are not genuine issues of material fact, outlines the factual background, and provides a sound and persuasive analysis. After a careful review of the record in the light most favorable to Complainant, **the Agency's Motions for Summary Judgment are GRANTED in both complaints.**

## V.   NOTICE TO THE PARTIES

*TO THE AGENCY:*

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the

11

proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

If your final order does not fully implement this decision, you must simultaneously file an appeal (the appeal must include a copy of the Motion for Summary Judgment) with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order. See EEOC Management Directive 110, November 9, 1999, Appendix O. You must also comply with the Interim Relief regulation set forth at 29 C.F.R. §1614.505.

*TO THE COMPLAINANT*:

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. §1614.110(a). (The appeal must include a copy of the Motion for Summary Judgment) From the time you receive the agency's final Order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. See EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

**Do not send your appeal to the Administrative Judge.** Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations. In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

//

12

WHERE TO FILE AN APPEAL:

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

BY MAIL:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, DC 20013

BY PERSONAL DELIVERY:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, DC 2050

BY FACSIMILE:

Number: (202) 663-7022
Facsimile transmissions of more than ten (10) pages will not be accepted.

COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. §1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency. If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file

13

such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.

**SO ORDERED.**

Emily Kim MacMillin
Administrative Judge

### Certificate of Service

I certify that a copy of the DECISION was served by regular U.S. mail on July 24, 2017, on the following:

Tashia Channel
P.O. Box 3535
Diamond Springs, CA  95619

Coleen L. Welch
VA District Counsel (OOQJPG)
Pacific District, North
150 Muir Road
Martinez, CA  94553

Ekm for
Stacy Botelho
Hearings Clerk

14

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**OFFICE OF FEDERAL OPERATIONS**
**P.O. BOX 77960**
**WASHINGTON, DC 20013**

| | | |
|---|---|---|
| Tashia Channel, | ) | EEOC Case No.: 550-2015-00014X |
| Complainant, | ) | EEOC Case No.:  550-2015-00263X |
| vs. | ) | |
| Robert A. McDonald, | ) | Agency No.: 200P-0612-2013103617 |
| Secretary, | ) | Agency No.: 200P-0612-2014105028 |
| Department Veterans Affairs, | ) | |
| Agency | ) | Date: August 16, 2017 |

## COMPLAINANT APPEAL BRIEF

Complainant hereby submit's a brief in support of her appeal, which was filed on August 24, 2013 on the above referenced matters. On August 3, 2017, Agency issued its final order incorporating the EEOC Administrative Judge, Emily K. MacMillin's (hereafter AJ) Decision of July 24, 2017. Complainant received FAD (Final Agency's Decision) on August 7, 2017 (Certified mail).

Complainant hereby submits Appeal Brief to dispute AJ's decision and that the complainants evidence submitted seem to be missing, perhaps an oversight. The ROI had included the agencies documentation but the evidence that was submitted by the complainant to the investigator and judge were not included. The question is where they are and did the appeals office receive them when the agency submitted the file to the appeals office. The evidence submitted by the complainant was proof in the complainant case.

As cited by AJ, Complainant alleges that the "Agency discriminated against Complainant" based on Age (oldest employee), Decimation/Harassment/Retaliation (denial FMLA/Leave- restricted duties-denied dept. involvement exclusion), Disability (denial of medical accommodation/FMLA), Hostile Work Environment (mental/verbal abuse), Reprisal (Prior Protective Activity/Current EEO Activity) (Reprisal). Agency disregard of OPM regulations, civil and labor law allowed such unethical and illegal acts/behavior in lack of proper management oversight and accountability allowed supervisor's actions to continue reprisal. Supervisor's constant violation of complainant's constitutional, civil, and labor rights, impeding the ORM and EEOC due process by violations of amendment 8 and 14, EAP appts and negligence of privacy and sensitive regarding these matters.

On an (Agency's motion for summary judgment forces the court to go through traditional summary judgment analysis, "The Douglas Factors" requiring a similarly situated showing at the prima facie stage, however, it allows the courts to bypass this analysis:

1. Courts imposing the requirement fail to recognize, that intent may be proven in a variety of ways.
2. Second, the similarly situated requirement violates the principle that intent can be proven in many different ways. (Employer discriminated against an employee in terms or conditions of employment because of complainant's membership in a protected group, employee whom the employer treated differently. If the employer treated the employee differently during the investigation, that would also be evidence of disparate treatment. Indeed, such differential treatment itself might be actionable discrimination.
3. Due Process violations – (Exhibit – M (emails AJ and complainant)
4. Progressive Adverse Actions (Exhibit – M) (Evidence in case file)

1

5. False statement on Ms. Almes affidavit for the investigation report - supervisor's unaware/not aware of any notification of an administrative complaint meeting with AD (Exhibit - D) attached) or that Complainant had filed an EEOC Complaint. (Exhibit - F) attached (Evidence in case file).

6. Falsification on timecards, corrected timecard, FMLA hours used (Agency claims over 640 used in 2013 where as even (supervisors own e-mail state 437 in 2013) (Exhibit - D) attached.

7. Stating Complainant had no leave balances (Exhibit - B-1) attached.

8. Loss of holidays pay, illegal posting to take away holiday pay which complainant worked day before and day after (Exhibit - C) attached

9. Adverse actions, FMLA, leave policies, both police investigations, subjecting complainant to defamation/embarrassing interrogation, infusing complainant lost of character(co-workers at work disengaged/exclusion of interaction from facility employees), including personal and professional life, privacy act and sensitivity of this matter, the subjective implication (on trust /honesty/ lost of self esteem/ and listing the complainant in the report/false date reported for gift card was missing when not. (Exhibit - A) through (Exhibit - L) including (Evidence in case file).

7. Breech of agreement with Marlene Lewis ADR, HR, Complainant in leave policy. (Exhibit -I pgs 1&2) attached

8. Solicitation of false statement on complainant. (Exhibit -C) attached

9. Falsification of justification in behavior/actions taken against complainant, to establish/ implicate true intension (removal) (Evidence in case file) (Exhibit - A thru Exhibit L) attached.

Violations of Due Process (18 USC Title 5 Part 1 Chapter 5 Subchapter 2,3,4), Disability Act (ADA Title 4) (42 USC 12101, 12112 (b) (5), 12182-84), Harassment, Misuse and Abuse of Authority (5 CFR 2635.702) 5 USC Section 2302) Labor Laws, Discrimination of Title VII 1964 civil rights, Age Discrimination Act of 1973 & 1990 (42 USC Section 2000e), Judge conflict of interest/bias due to omission of evidence (state and federal laws). Because of pattern and abuse of VA, AWOL, liens placed, FMLA Form approved by VA but constantly harassed by denial to use FMLA, subjected to daily harassment and bullying cause of emotional stress and physical well being was the set up of the supervisor for the action to remove from services , HR Specialist (Troy Keech) statement of supervisor despises complainant clearly states supervisor intent and actions in pattern and violations in the complainant rights and management allowing such behavior. Any reasonable person would see the pattern of unwarranted discrimination and illegal and harmful violations (as co-workers and volunteers, complainant's doctor) witnessed)

## INTRODUCTION

In Nov 2005 - Sept. 2008 work in Voluntary Service as Asst to the Chief worked Juanita DeLuna. The Assoc. Director Mr. John Mendoza was assured by Ms. DeLuna, before she retire, that Complainant was capable in running the Department of Voluntary Services until a new supervisor was selected, which during the absence of a supervisor complainant took on the responsibilities/role of the supervisor duties. From Sept. 8, 2008 to Dec. 2008 Complainant took on the responsibilities of the retired supervisor to keep Voluntary Services running smoothly. On Dec. 22, 2008 Ms. Almes became supervisor. Complainant work record and relations with Ms DeLuna were considered outstanding/ unblemished. We had an excellent rapport and work environment. Complainant was issued furniture/equipment/office to accommodate medical condition/disability
In the complainant prior history (1974 - 2008) of federal civil her record was exemplary. Performance ratings were satisfactory, above satisfactory and outstanding.

Upon returning to Voluntary Services, Troy Keech (HR Employee Relations) informed Ms. Almes to the adequate accommodations as (furniture, office equipment etc. on which complainant had prior to detail) in his e-mail, upon Complainants return to Voluntary Service. In 2011 was told by a co-worker that Ms Almes stated that I wouldn't be there long. I was not treated as a team member. Belittled in front of volunteers, excluded from employee lunches, endured slurs on 8-29-13(called stupid, incompetent in doing work in the office, only good for unimportant tasks) remarks from supervisor (incident report made on 8-29-13, treated as not capable of understand anything, constantly ignored and monitored as if complainant was a child and financial hardship, severe emotional duress where complainant became incapacitated for duty. When requested time to assist father due a heart attack and implant of pace maker, supervisor Ms Almes denied emergency leave and marked complainant AWOL. Always followed leave policy. 5 CFR Part (630,401) (630,402) (630,403) (630,404).

During the duration of complainant working in Voluntary Services sought administrative help to resolve the situation, consulted an attorney in sending a letter to head of the Director of the VA management ignored and finally the formal EEO complaint filed. The

2

Department fostered an environment of harassment, fabrication, hostile working environment, coupled with disparate treatments all which are personal in nature.

The Goal of intentional removal (letter of removal stating not allowed to return to federal service for 10 years)and reprisal due to the utilization of exercising complainants rights including meeting with upper Management, (AD) and HR. without retaliation. Ignoring Medical issues. Intentionally Utilized FMLA hours allowed. The agencies' breach of the Master Agreement between the Department of Veterans Affairs and the AFGE, including but not limited to Articles 2,17,18,35,49,56 and all applicable laws and statutes.

The Agency failed to abide by and adhere to the Principles of "Progressive Discipline". Abide by and adhere to, utilize, and properly consider the "Douglas Factors".
1. Abide by the Laws, Rules and Regulations regarding "False Statements, Fraudulent Information Placed on Timecards.
2. .Abide by the Procedures for FMLA, abusing Managements authority requesting the use of complainants FMLA even when Informed that the illness didn't apply to the FMLA approved. (Exhibit - K1-K2) attached) (Evidence in case file).
3. Comply with the Leave Policy by subjecting the Timekeeper to place on the timecards, supervisors own decision for the usage of complainants leave, taking away complainants decisional rights about complainants leave. Resulting to Involuntary Retirement, Financial hardships, severe emotional depression. (Exhibit - K1-K2) attached
4. Defamation of her personal and professional career from false reports to VA Police Investigations (gift cards/Welfare Check). It would seem that any reasonable person would see with complainant prior protected activity/formal EEO complaint was a direct result of supervisor Ms. Almes, discriminatory animus against Complainant. Ms. Almes have had this type of behavior in Education Department 2007 - ignored by agency. (Exhibit - A, Exhibit - H) (Evidence in case file).

**Created hostile work environment**(involving student and (co-worker creating hostility toward complainant (Braye Jumbo and Ginger Bowles), excluded from mission involvement/events/office/duties, lowered performance rating) causing emotional and physical duress from mid 2012 thru 2014 , escalating severely during 2013 thru 2014, expecting complainant would quit.
The evidence of witness statements and e-mails showed Ms. Almes intent and behavior towards complainant that no other co-worker endured as described in the following. (Evidence in case file).

**Protective Activity engagement**: - Filing of grievance in 2009, Administrative Process of complaints and filing of EEO complaint on August 23, 2013 where supervisor was notified in both (Evidence in case file). (Exhibit-F) attached) and (Evidence in case file).

**Administrative Process** -Meeting with Assoc. Director (John Mendoza) in 2011- meeting included complainant and two co-workers with same issues on harassment from Ms. Almes, chief of Voluntary Services (following administrative procedures) (Exhibit - F attached) and (Evidence in case file).

**Letter from Bowman Law Firm,** in 2012 to management which was ignored (Evidence in case file).

**Illegal procedure of funds** - Volunteer Appreciation Luncheon, several volunteers were asking why the guest that were paying for their lunch was required to make their checks out to the supervisor and not VAVS as it was done in past years. Supervisor was contacted by Headquarters of Voluntary Service in referencing issue which supervision came in office for depositing only 2 of checks that were given to her. She did not repay full amount that was given to her (witness fiscal officer) when this was reported complainant treatment in office escalated. (Evidence in case file).

**Protective Activity:** - (all evidence documented in case file)
A. Complainant was a member of protected class/activity 2009 and 2013, Administrative contact in 2011 Mr. Mendoza Supervisor notified by management by e-mail and phone call from management
B. Asking for SL or AL in advance when the complainant became ill suddenly or car trouble, situations out of ones control. How is one to predict the future when one becomes ill? Unable to do is same day incident. Advance notice is when medical appts is to be schedule. Advance al same as SL, if you have broken down coming to work how can you ask for leave in advance. These are issues used in adverse actions. Logically impossible, no one can predict the future. (Exhibit - H) attached.

3

**Adverse actions** - (evidence in case file) were taken during employment and post-retirement debts. Corrected timecards past scope for posting for 2008 and 2009 per payroll e-mail illegal/unjustified complainant received debt after involuntary retirement. Timecards during employment were corrected after the fact months later creating debt, employee not notified on the ones complainant could have responded to. Hidden from employee and when found complainant requested management to get involve. Co-workers were not treated the same as complainant - evidence in case file, complainant treated as follows: excluded: Gift cards given for holiday to co-workers, supervisor taking co-workers out to lunch(outback restaurant)t , not allowed to participate in events, employee appreciation day. Witness statements/e-mails stating of ongoing retaliation, hostility towards complainant, belittling complainant in front of volunteers, exclusion of complainant as an employee of voluntary services, a hostile work environment towards complainant, reprisal on EEO Participation (each time complainant scheduled appt with the Assistant chief of HR Troy Keech (he had stated that supervisor despises complainant (and that she would call to find out when left HR) (representative (Regina Leno) e-mails supervisor of violations regarding bargaining unit (union), hostile environment retaliated either verbally or with an adverse action. (Witness Kim McClary and Volunteers Don, Ashley). With daily abuse mentally it's a wonder way complainant was off especially after the abuse of from Supervisor. Any reasonable person would be in the same emotional state as complainant. In supervisors own words state in Welfare check always called in yet time cards reflect AWOL. How can a supervisor have it both ways? Retaliation still alive after post retirement with debts created by corrective timecards made after complainant retired. **(Evidence in case file).**

**Police Welfare check** - Supervisor contacted VA Police to investigated complainant being absence from duty by requesting a Welfare Check on complainant, falsifying what Ms. Almas true intensions in the request. Ms. Almes was informed of complainant's absence through her representative and text message (evidence in file). Ms. Almes stated in the report that complainant was out many times, but stated complainant had always called. Ms. Almes had lied to the VA police just to see if complainant was home, as complainant stated when called in prior to Ms Almes requesting welfare check. Ms Almes implicated that since complainant was depressed, (here supervisor is admitting complainants' emotional duress- which complainant claims in hostile work environment). The supervisor gave the impression complainant might or might not be suicidal. **(Exhibit - A) attached) & (Evidence in case file).**

A. In Ms Almes own statement to the VA police welfare check was that complainant always called and yet the disciplinary actions and denial of FMLA taken against the complainant stated that complainant did not follow leave procedure by calling in to the supervisor. How can Ms Almes state the complainant never called for the actions taken against complainant and then state to the VA Police wellness check that complainant had always called. This evidence supported complainant that retaliation and reprisal was taking place and the only thing that the supervisor was able to get away with was fabricating e-mails and lying about complainant not following leave policies. **In all reasoning it can not be both ways and yet the supervisor was allowed to continue with falsifying timecards as posting unjustified /illegal corrected timecards, harassment, retaliation, reprisal with a goal of complainant being removed from service. (Evidence in case file) and in appeal brief as listed above. By looking at Ms. Almes behavior and illegal action you can see a pattern and intentions (as Ms. Almes told Ms McClary when complainant first returned to Voluntary Services was "that complainant probably/won't be here for long" also with progressive adverse actions, illegal corrections of timecard, denial of leave (didn't matter what type of leave) and marking AWOL and the two police investigations, downgrading performance evaluation below satisfactory, hostile environment, reprisal discrimination snd used all the fraudulent material in proposed removal, with a sentence not to return to civil service for 10 years.**

**Police investigation Gift Cards** - Supervisor requested (defamation implication) on gift cards missing that was given to Complainant on 11/20/12. Case as of July 14, 2014 still open. **(Exhibit -H) attached. & (Evidence in case file).**

B. Complainant was unaware that the envelope that was seal and given to her until police contacted Complainant for questioning. Also envelope containing alleged gift cards was not given to Complainant until 11/26/12.

C. E-mail showing evidence that on 11/20/12 supervisor received gift cards as a donation then and complainant mailed 11/26/12.

D. E-mail from Patricia Hensley stating she was on vacation and upon returning to work, gift cards were received.

E. Supervisor (Ms. Almes) failed to contact VA Police to retract investigation on complainant that gift cards were delivered and not missing, which caused complainant grief and defamation of personal and professional harm/discrediting trust.

F. Question is why did supervisor report them missing 11-20-12 though supervisor still had them and why case is still open when e-mail from Redding stating they received it. Why was complainant investigated, if gift card was not missing? This type of investigation has never been requested before according to Ms. McClary. Ms. McClary also stated that they've had incidents like this due to the mailing delivery system and supervisor never made an investigation request on them. This behavior is unwarranted and unjust which could implicate (defamation) attempt to damage personal and professional life, then an investigation of a Welfare Check on 2/513 which contradicted the progressive adverse actions imposed on complainant stating complainant always called in. **(Exhibit - A) and (Exhibit - H) attached)**

4

So you have the investigation for the gift cards on 11/20/12 when complainant hadn't received them yet (Exhibit -H) (how can an investigation be done on missing gift cards if she still had them according to her own e-mail discussing which way to send them to Redding. They weren't missing, so why did she make the police investigation request since she obviously still had the gift cards on 11/20/12 per her own e-mail on that date) and the investigation of the Welfare Check, stating employee always called in, and yet the adverse actions taken stated not following leave policy about calling in and marking AWOL to use in adverse actions and in the final action of removal involving a harsh sentencing of not being able to return to civil service for 10 years. Any reasonable person would seen a pattern of this scenario and come to the conclusion in favor of the complainant.

**VA Police incident report** (dtd 9-2-13) by complainant on supervisor verbal, mental/physical abuse never investigated E-mails from Representative to Supervisor of violations towards complainant. (Exhibit A)attached.

**Monitoring** complainant Supervisor had student employee monitor (Braye Jumbo) Complainant (Evidence in case file).

**Time & Attendance:** Complainant leave requests were denied, if leave approved a corrected timecard processed after the timeline (months/years, e-mail from Robin Long/payroll clerk stating two were done in 2008 and 2009) for a correction to LWOP/AWOL. Co-workers were treated more favorably, never denied leave or marked AWOL for calling in past required time/tardy/being several hours late/nor required requesting leave in advance/marked absence when actually at work (supervisor never corrected complainant timecards when instructed to do so. According to DFAS, when a corrected timecard is posted several times in same sitting as lwop, system could not identify and post it as a separate single issue, Leave, income would be taken, creating a debt and accrual hours would not be given depending if lwop added up to 80 hrs. As when corrected timecard was made for 2008 and 2009 as AWOL, system created several debts due to changing number of hour's lwop. When leave was available LWOP/AWOL was posted regardless unless complainant went to management with evidence. Complainant provided evidence with e-mail printout requesting leave in advance, approved but posted lwop. (Evidence – Motion for hearing summary brief and file)

**Corrected timecards** - postings by supervisor (Ms. Almes) made in 2012 for the year 2008 and 2009 - (Evidence in case file).
A. Postings were unjustified and Complainant requested assistance from Union. (Evidence in case file).
B. Corrected timecard posting created lost of leave and lost of pay for posting were changed to LWOP /AWOL, created debt where deduction taken out of pay for debt. (Evidence in case file).
C. Requesting advance leave on situation like vehicle breaking down. (Exhibit - I pg 2) attached)
D. Supervisor claiming no contact (Exhibit - I pg 2) and changing time to a difference time that complainant did not take (Exhibit - B-1) and Holiday pay taken away even thought complainant worked day before and day after (Exhibit - B)

**FMLA** -Complainant experienced severe emotional /physical stress to where complainant sought medical attention for health reasons. Doctor's evaluation stating Complainant was unable to perform her duties report to duty. FMLA form stated the type of disability complainant had and requirements to treat disability. With the emotional/physical stress complicated complainant health requiring time off from work. (Evidence in case file).

**FMLA Documents from 2011 to 2014** issuance on disability and therapy requirement for leave when and how often for disability explaining how often disability would incapacitate complainant - (evidence in case file) (Exhibit -G, Exhibit -J pgs 1,2,3 and Exhibit -K) attached)
A. Denial of leave request on FMLA- (Evidence in case file).B. Posting of LWOP/AWOL for FMLA (Evidence in case file).
C. FMLA or sick. The continuance of denial of leave (Evidence in case file).

**Performance Evaluations** - (Exhibit C-3 thru C-6 (listing of duties prior to 2011 and rating in case file) co-workers main duties such as customer service, logging in new volunteers, typing letters, running background investigations, entering info onto track sheet into computer, donations, volunteer application were same as complainants yet complainant was rated unsatisfactory without evidence just supervisors word. Complainant confronted supervisor which in return complainant duties were reduced and monitored and ordered to report to supervisor when assigned work completed (witness by Kim McClary) (Evidence in case file).
2013 performance evaluation was rated below satisfactory 2011-2012 rated satisfactory - (Evidence in case file).
A. Since supervisor had complainant monitor, complainant was able to prove work performance was done. Supervisor changed

5

performance rating satisfactory. Tracking sheet created in computer to monitor complainants work was printed out for the evidence. **(Evidence in case file).**

**Adverse Actions: Reprimands - (Exhibit L) attached)** complainant was only one to receive for supervisor stating that complainant did not follow leave procedures –only evidence was emails from supervisor stating complainant did not call in, complainants evidence consisted of picture of phone calls along with complainant Verizon statement showing call was made, also representative e-mails of complainant not coming in. (leave policy not followed not calling in to supervisors cell as order. Evidence shows calling in to cell number supervisor had at that time which shows complainant called all several occasions **(Exhibit - E) attached)**

**Denial of LWOP Request (Exhibits L) attached).**

**Denial of EAP appt - (Exhibits in case file)**
A. E-mail requesting leave several days in advance for an EAP appointment and Supervisor did not approve, several days after EAP appointment date, supervisor went in to approve. **(Evidence in case file).)**

**Breach of Contract Agreement** – e-mail between HR Specialist Marlene Lewis and Ms Almes in how to contact supervisor. Supervisors breech of contract agreement. **(Exhibit - I pg1)(E-mail from Ms. Leno on breech.) Attached**

**Written counseling** on 2/13/12 Leave Policy requirements - **(Evidence in case file).**

**Letter of clarification/direction** on 7-13-12 - **(Evidence in case file).**

**Proposed Reprimand** dtd 1-22-13, 2-12-13 **(Exhibit C-8 thru C-9) (Evidence in case file).** A. Response - statement of Grievance Step II (050213 TC-Mather) dtd 5-2-13). **(Evidence in case file).**

**Proposed suspension** dated 6-3-2013 (5 day) Exhibit C-10 see also pg 804 reduced to 3 day **(Exhibit L) attached).**
A. Supervisor claimed complainant failed to follow leave requirements, but complainant question days and show when off and when not, but still ended up with 3 day suspension although supervisor requested 5 days.**(Evidence in case file).**
B. 1st Suspension 3 days (not following leave policy) - **(Evidence in case file).**Referencing: 5 CFR Part (630,401) (630,402) (630,403) (630,404).Complainant followed policy. **(Evidence in case file).**showed (text messages) (pictures of cell phone) showing that complainant contacted supervisor) (e-mails/calls from Ms. Leno) and (Verizon billing statement showed supervisors phone number and time of call when supervisor was contacted. **(Exhibit - E) attached.**

**Proposed suspension 14 day** dated 9-20-14 by supervisor was submitted **(Exhibit L) attached).**
A. Employee was accused of misconduct but no evidence was provided from supervisor except what she claimed.
B. Complainant evidence was witness statements/documentation provided as evidence but ignored

**Proposed removal (Exhibit L) attached)** noting that the removal letter also stated complainants not allow returning to federal civil service for 10 years. Complainant's prior service should have been evaluated for there were no blemishes or conduct issues plus complainant had 30 years. **(Evidence in case file).**

**Involuntary Retirement** Complainant was forced to involuntary retire with financial hardship or removal would be processed with devastating results. Letter of Removal included not returning to Federal Government for 10 years.
A. Complainant retirement was reduced dealing with AWOLs, fraudulent postings of time cards and getting them corrected repayment issues for breaks in service posted incorrectly, and was unable to clear up the issue before involuntary retirement was placed. Loss of pay, loss of annual and sick leave due to timecard correction from previous weeks, months or years (e-mail from Robin Davis in payroll), lost of accrued leave, inherited debt from timecard corrects**(Evidence in case file).)**. Lost of retirement annuity.
B. All the adverse actions, involve supervisor stating complainant did not show or called in yet all of the complainants evidence

6

from phone statements did. Yet supervisor never showed any phone statement just email and her corrected time cards. (Exhibit - E) attached.

**Unfair treatment** -Supervisor taking co-workers and student volunteer out to eat at **Outback Restaurant, (Exhibit C) attached)**

A. Supervisor telling co-workers not to say anything to complainant that she would take care of it. Everyone left and supervisor never mention or included complainant, but told complainant that she would be out of the office and the rest of the team was involved in an event for voluntary services which left the complainant the only one in the office.(hostile work environment towards Complainant **(Exhibit C) attached).**

B. Complainant workload process in reporting to supervisor when work assigned by supervisor was completed to report to her being monitored **(Evidence in case file).**

C. Co-workers were instructed not to give assistance to complainant, statement from Ms. McClary. **(Evidence in case file).).**

D. Co-workers for holidays were give $25 Gift Cards, complainant was not included **(Evidence in case file).**

E. Emotional Duress - (2012 - 2013) When out due to medical reason (emotional duress from hostile work environment/physically) marked LWOP/AWOL, which was used in all personnel actions stating complainant failed to contact supervisor for being absence. Although complainant evidence showed (phone bill statements showed contact was made to the supervisor) that complainant did not follow procedure (not call or not notifying ahead being sick) (FMLA forms, Dr, letter) **(Evidence in case file).**

F. Denial of disability accommodations in 2011- **(Evidence in case file).**

1. Requests sent in 2011 Troy Keech (HR Employee Relations Officer) and in 2012/2013 by Complainant thru supervisor (Ms. Almes) following proper procedure

2. FMLA forms on disability turned in for 2011,2012,2013,2014. **(Exhibit G) attached) (Evidence in case file).**

G. Denial of holidays pay - 2013 even when worked day before and/or day after newly found evidence in appeal brief others in case file **(Exhibit B) attached)**

H. Debts after Retirement 2015 - Corrected timecards made after complainant retired creating post debt. Listed in 2nd case with Evidence **(Evidence in case file).**

I. Statement sent to management referencing Incident 4-9-14 and Attorneys letter that was ignored **(Exhibit A) attached)**

J. false LWOP statement from supervisor in December 2013 to agency of over 600 hrs for 2013, but in e-mail from supervisor to complainant states different so why would supervisor give agency false amount. **(Exhibit - D) attached)**

K. Denied leave in Jan 2013 as shown on **Exhibit - B** and still had the same amount of leave in Feb 2013 showing even though leave was available it was denied. In posting lwop contributed lost of wages, and adding fuel to the fire in adverse actions **(Exhibit -B-1) attached)**

## CONCLUSION

The evidence that was submitted to the Investigator and Complainant Motion for Hearing to AJ for the complainant case, were missing in the ROIs complainant received. For the Reasons and evidence provide herewith. Complainant respectfully request that the Commission overturn the Final Agency Decision incorporating the AJ's Decision in this matter and make a determination in favor of Complainant.

**Respectfully submitted,**

**Tashia E. Channel,**
 **Complainant**
**P.O. Box 3535**
**Diamond Springs, CA  95619**
**(916) 224-8587 (cell)**

**WITNESSES:**       **Troy Keech**
                 **Kimberly McClary**
                 **Regina Leno**
                 **Tammy Sullivan**
                 **Lynn Starks-Dillahunty**

7

*Exhibit - A*

*Welfare Check*

*[handwritten notes in left margin]: K. New co-worker stated she never did this in the past. Ms. Almes mgmt personnel like to gossip and if anon chief if conn deputies Jm depressed*

## Department of Veterans Affairs
### VA Police
### Sacramento VAMC
### Investigative Report
### Investigative Report#:  201302051320-3122

**VA Facility:** Sacramento VAMC

**Date/Time Printed**  4/22/2015  9:56:28

This Document is to be handled in accordance with the Privacy Act
Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the
performance of their official duties. The document(s) are to be handled in accordance with For Official Use Only procedures.

| | |
|---|---|
| Date/Time Received | 2/5/13   13:20   PM |
| Date/Time of Offense: | 2/5/13   13:20   PM |
| Location: | Building 650, Police Office |
| Investigating Officer | NEIL WILKENDORF |
| Incident Synopsis: | SAC: VA Police conducted a welfare check on an employee who did not show up for work, |
| Classification Code: | Non-Criminal          Staff Assist(F) |

**Final Disposition:**
| | |
|---|---|
| Initial Disposition: | Closed |
| Case Status: | CLOSED |

### Use of Force

| | |
|---|---|
| OC Weapon used: | No |
| Baton Used: | No |
| Firearm Drawn: | No |
| Firearm Used: | No |

### Complainant

| | |
|---|---|
| Name: | Maria Almes |
| Status: | Other |
| Work Address | 10535 Hospital Way |
| | Mather, CA 95655 |
| Work Phone | |
| Statement | See Narrative |

### Victim

| | | |
|---|---|---|
| Name: | UNITED STATES GOVERNMENT | |
| Gender: | | Ethnicity: |
| Status: | | |
| Driver's License: | | State:   GENERAL |
| Work Address: | N/A | |
| | N/A, US | |
| Work Phone: | | |
| Treatment: | No | |

### Suspect

| | | | |
|---|---|---|---|
| Name: | Tashia E Channel | | |
| SSN: | ▓▓ | DOB: ▓▓▓▓ | Age: ▓▓ |
| Gender: | F | Ethnicity: Caucasian | Height:  5' 2" |
| Weight: | 125.00 | Hair Color: Blonde | Eye Color: Hazel |
| Skin Tone: | | Mark: | |
| Status: | Contractor | | |

Page    1

This Document is to be handled in accordance with the Privacy Act
Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the
performance of their official duties. The document(s) are to be handled in accordance with FOUO procedures.

UII   welfare check

**Exhibit A**

**Facility:**   Sacramento VAMC                                        **IR#:** 20130?05132013?22

**Driver's License Number:** ▓▓▓▓▓▓▓        **License State:** CA

**Home Address:** ▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓

**Home Phone:**

**Work Address:**   10535 Hospital Way
Mather CA 95655

**Work Phone:**   9168439191

**Offense(s):**   Non-Criminal: Staff Assist

**Violation(s):**

## Vehicle

| | | | |
|---|---|---|---|
| **License Tag#:** | 5PHG262 | **State:** | CA |
| **Make:** | Jeep | **Model:** | Cherokee Laredo |
| **Style:** | 4 Door | **Color:** | Blue |
| **Decal #:** | 15858 | **Decal Color:** | Green |
| **Year Manufactured:** | 2004 | **Owner:** | Tashia Channel |

## Narrative

**Origin**   On 02/05/13 at approximately 1330 hours, VA Police were dispatched to conduct a welfare check on employee Tashia Channel ▓▓▓▓ who did not show up for work.

**Initial Observation**   Deputy Chief Matsuzaki was sitting in his desk chair of his office

**Investigation**   On 02/05/13 at approximately 1320 hours, I was dispatched to conduct a welfare check on an employee who did not show up for work.

I received a radio call to report to Deputy Chief Matsuzaki's office. I responded and spoke with Deputy Chief Matsuzaki's who stating that Maria Almes had reported an employee named Tashia Channel (0076) had not shown up for work on 02/05/13. Deputy Chief Matsuzaki's instructed me to complete a welfare check on Channel.

I spoke with Maria Almes on the Telephone and she provided the following information. Channel was expected to arrive in the morning of 02/05/13 at approximately 0600 hours and had not shown up. Channel had previously not shown up for work many times, however, she had always called in to report her tardiness. Almes said she had not heard from Channel and contacted Deputy Chief Matsuzaki to report the incident. Almes could not provide any contact information for Channel accept a phone number (530-224-858?). Almes could not say if Channel was a danger to herself, but said Channel was going through some HR issues and could be depressed. Almes did not know Channel's address but said she thought it lived in Placerville.

I conducted a records check and confirmed an address as of 10/05/04 in Placerville. I confirmed the address in Placerville by conducting a records check in VAPS.

At approximately 1345 hours, I attempted to telephone Channel using the number provided by Almes. I left a detailed message on the voicemail to contact me.

At 1350 hours, I contacted Placer County Sheriffs and requested a welfare check at Channel address. I spoke with Placer County Dispatcher Gabe.

This Document is to be handled in accordance with the Privacy Act
Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the performance of their official duties. The document(s) are to be handled in accordance with FOUO procedures.

*(handwritten margin notes, partially illegible)* all not ... envel ... receive it ... and date she did ...

*(handwritten top right)* Exhibit—A-1

*(handwritten)* VA Police investigation by questioning the (3) where abouts of one gift card ... gift card

## Department of Veterans Affairs
## VA Police
## Sacramento VAMC
## Investigative Report

**Investigative Report#:      201212030930-4543**

**VA Facility:**   Sacramento VAMC

**Date/Time Printed**     5/27/2015   6:27:53

This Document is to be handled in accordance with the Privacy Act
Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the performance of their official duties. The document(s) are to be handled in accordance with For Official Use Only procedures.

| | |
|---|---|
| Date/Time Received | 12/3/12   09:30   AM |
| Date/Time of Offense: | 11/20/12   14:43   PM |
| Location: | Sacramento VAMC, Mail Room |
| Investigating Officer | ROBERT OCHOA |
| Incident Synopsis: | Volunterr Employee reported that VISA gift card was missing in the mail. |

**Classification Code:**

**Final Disposition:**
  **Initial Disposition:**      Open
  **Case Status:**        OPEN

### Use of Force

| | |
|---|---|
| OC Weapon used: | No |
| Baton Used: | No |
| Firearm Drawn: | No |
| Firearm Used: | No |

### Complainant

| | |
|---|---|
| Name: | Maria Almes |
| Status: | Other |
| Work Address | 10535 Hospital Way
Mather, CA 95655 |
| Work Phone | |
| Statement | |

### Victim

| | |
|---|---|
| Name: | UNITED STATES GOVERNMENT |
| Gender: | | Ethnicity: |
| Status: | |
| Driver's License: | State:   GENERAL |
| Work Address: | N/A
N/A, US |
| Work Phone: | |
| Treatment: | No |

### Property Lost

| | |
|---|---|
| Item Name: | VISA Gift Card |
| Description: | VISA gift card bearing #2683 01 0233 1968 |
| Owner: | Government |
| Dollar Loss: | $ 200.00 |
| Dollar Recovered: | $ 200.00 |

Page   1

This Document is to be handled in accordance with the Privacy Act
... shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the ...

*Exhibit - H2*

| Facility: | Sacramento VAMC | | IR#: | 201212030930-4543 |

| | Narrative |

| Origin | On 12/03/12, at approximately 0930, I was informed by Chief Brian Schuman of a $200.00 Visa gift card reported missing by Volunteer Services Chief Marla Almes. |
| Initial Observation | None. |
| Investigation | At approximately 0930 hours, Chief Schuman sent me an email string regarding the missing gift card. The emails indicate that Volunteer Services Employee Tashia Channell sent the gift card by registered mail to Redding OPC employee Patricia Hensley on 11/20/12. To date the gift card has not been received. |

| Investigating Officer: | ROBERT OCHOA | Signature: _____ |
| Badge: | 1516-IN | Date: ___/___/___ |
| Printed by: | THOMAS MATSUZAK | |

<<< End of Report >>>

*wasnt mailed until 11/26/12*

This Document is to be handled in accordance with the Privacy Act
Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the performance of their official duties. The document(s) are to be handled in accordance with FOUO procedures.

*8/29/13*

*Incident Report on Maria*

# Department of Veterans Affairs
## VA Police
## Sacramento VAMC
## Investigative Report

**Investigative Report#:**        201309060843-9906

| | |
|---|---|
| **VA Facility:** Sacramento VAMC | **Date/Time Printed**    6/2/2015    15:18:36 |

This Document is to be handled in accordance with the Privacy Act

Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the performance of their official duties. The document(s) are to be handled in accordance with For Official Use Only procedures.

| | | | |
|---|---|---|---|
| **Date/Time Received** | 9/6/13 | 08:43 | AM |
| **Date/Time of Offense:** | 8/29/13 | 14:30 | PM |
| **Location:** | Building 650, Police Office | | |
| **Investigating Officer** | NEIL WILKENDORF | | |
| **Incident Synopsis:** | VA Police responded to a report of supervisor to employee harrassment. | | |

| | | |
|---|---|---|
| **Classification Code:** | Non-Criminal | Information(F) |

**Final Disposition:**

| | |
|---|---|
| Initial Disposition: | Closed |
| Case Status: | CLOSED |

### Use of Force

| | |
|---|---|
| **OC Weapon used:** | No |
| **Baton Used:** | No |
| **Firearm Drawn:** | No |
| **Firearm Used:** | No |

### Complainant

| | |
|---|---|
| **Name:** | Tashia E Channel |
| **Status:** | Contractor |
| **Work Address** | 10535 Hospital Way |
| | Mather, CA 95655 |

Page   1

This Document is to be handled in accordance with the Privacy Act

Facility:       Sacramento VAMC                                                    IR#:       201309060843-9906

**Work Phone**                    9168439191
**Statement**

Location: Voluntary Services Office located in T6 at Mather                Date: 08/29/2013

I Tashia Channel, residing at or employed at VA NCHCS 10535 Hospital Way,
Mather make the following statement freely and voluntarily:

On August 29, 2013 Maria Almes requested other VS office staff (Ginger Bowles)
to go with volunteer (Ed Morelli) to assist him between 12:15pm and 12:45pm, which
both Ed and Ginger left the office building (T-6) during the time period of my regular
scheduled lunch time. Maria asked me, "to wait (taking lunch) until Ginger got back",
I replied "OK". About 5 minutes after Ginger left with Ed, Maria came back to my
desk and asked me "If I had read her email that she just sent to me". I told her "no, I
haven't yet". Maria then said "I want to make sure that you understand it (email
"WHILE I'm GONE"). So, I went in to Outlook, see what she sent and told her "yes"
Then Maria asked me about a "couple of files on my desk that she left". I asked her"
which ones (files) for I had several, she pointed out the ones in question and asked
me "if I understood what she wanted". I replied "that there was no note (in/on files),
and then I asked her "was there something specific" and she stated "do you
understand what I said", I replied "yes". Maria then said "I want you to read what it
says and do you understand it, tell me what it is stating". I told Maria "that they
needed sponsoring" (next step in reference to those files). Maria stated "Tashia, you
don't seem to be able to read and understand English". I then responded to Maria by
stating "Maria, I don't appreciate how you are talking to me". Maria kept on telling me
that "evidently I can't understand or read what is given to me", I felt intimidated and
that she was trying to provoke something so, so felt the best thing to do was to leave
the office to stop the hostility and bullying, I got up to walk away from her, and Maria
tried to block me with her body, so I went around her towards the front door (of T-6),
and as I was opening the outside door, Maria followed me, stating "if I don't get back
to m y desk that she would write me up" As Maria followed me to the door our DAV
volunteer driver saw Maria talking to me but didn't hear what she was saying (a
witness of Maria being right at the door). When Maria saw me requesting the driver to
come closer (office); Maria went back inside T-6 and within two minutes after the
driver left, Maria left. END OF STATEMENT

| Name: | Tashia E Channel | | |
|---|---|---|---|
| Gender: | F | Ethnicity: | Caucasian |
| Status: | Contractor | | |
| Driver's License: | N2227680 | State: | CALIFORNIA |
| Work Address: | 10535 Hospital Way<br>Mather, CA 95655 | | |
| Work Phone: | 9168439191 | | |
| Treatment: | No | | |

| Name: | Maria Almes | | | | |
|---|---|---|---|---|---|
| SSN: | ▓ | DOB: | ▓ | Age: | 58 |
| Gender: | F | Ethnicity: | Caucasian | Height: | 5' 6" |
| Weight: | ▓ | Hair Color: | Black | Eye Color: | Brown – Dark |
| Skin Tone: | Fair | Mark: | | | |
| Status: | Other | | | | |
| Driver's License Number: | ▓ | | | License State: | ▓ |

This Document is to be handled in accordance with the Privacy Act

8/2013 VA Police Incident Report

IR#: 201309060843-9906

Facility: Sacramento VAMC

**Home Address:**

**Home Phone:**
**Work Address:** 10535 Hospital Way
Mather CA 95655

**Work Phone:**
**Offense(s):** Non-Criminal: Information

**Violation(s):**

## Witness

| | |
|---|---|
| **Name:** | NEPHTERIA SWAN |
| **Work Address:** | 10535 Hospital Way<br>Mather, CA 95655 |
| **Work Phone:** | 9163665401 |
| **Statement:** | See Narrative. |

## Narrative

**Origin**
On 09/06/13 at approximately 0843 hours, I received an email from Sgt. Walker requesting I investigate a possible case of supervisor to employee harrassment.

**Initial Observation** None

**Investigation**

On 09/06/13 at approximately 0955 hours, I responded to Voluntary Services building T6 and met with Tashia Channel ( ). Channel is an employee with Voluntary Services and works directly for Maria Almes ( ). Channel provided me with the following information:

On 08/29/13 at approximately 1430 hours, Channel was working at station inside building T6. Almes was the only other person present. Channel said Almes became angry at her and started making harassing statements to her. Almes was standing over Channel while she worked and said "Are you Stupid? What are you blind? Can you Read? Channel attempted to leave before the incident could escalate and Almes blocked her path. Channel stepped to the right and Almes stepped in front of her. Channel stepped to the left and Almes again stepped in front of her. Channel started to step right again and changed direction to the left and was able to get around Almes. As Channel left building T6, Almes was following her. Channel did not know when Alms stopped following her. Channel filed a Report Of Contact with Human Resources. Channel said Almes did not physically harm her ar do anything that should be considered criminal. Channel was concerned that the incident might escalate and fears repercussions for reporting it. END OF STATEMENT

Channel agreed to provide me with a Voluntary Witness Statement. At approximately 1400 hours, Channel dropped off her Voluntary Witness Statement with Nephteria Swan at the building 650 Police Office. Swan witnessed Channel sign and date the statement. (See Attached).

At the time of this report, I was unable to contact Almes as she was on vacation. Sgt. Walker was notified.

| | | | |
|---|---|---|---|
| **Investigating Officer:** | NEIL WILKENDORF | **Signature:** | |
| **Badge:** | 1337-DN | **Date:** | / / |
| **Printed by:** | THOMAS MATSUZAK | | |

< < < End of Report > > >

This Document is to be handled in accordance with the Privacy Act

Channel, Tashia

**From:** Channel, Tashia
**Sent:** Thursday, August 22, 2013 3:21 PM
**To:** Starks-Dillahunty,Lutricia
**Subject:** FW: attorney ltr

**From:** Channel, Tashia
**Sent:** Thursday, August 15, 2013 2:37 PM
**Subject:** attorney ltr

## CONFIDENTIAL SETTLEMENT COMMUNICATION
### Protected by California Evidence Code §§1152 and 1154

**VIA U.S. MAIL**

August 14, 2013

Att: David Mastalski, Interim Director
150 Muir Road
Martinez, CA 94553

RE:    Tashia Channel

Dear David Mastalski:

The purpose of this letter is to inform you that Ms. Tashia Channel has retained THE LAW OFFICE OF BOWMAN & ASSOCIATES regarding her recent issues with her employer. Ms. Channel has expressed extremely troubling information to me with respect to the handling of her employment.

Specifically, Ms. Channel has informed me that she began working for the company on 1/20/1984. Her current position is a Voluntary Service Assistant (T&L 730). Throughout her entire career, she has proven herself dedicated to the success and growth of the company. Nevertheless, despite her hard work and dedication, Ms. Channel has been receiving deplorable treatment, including while on disability leave.

Maria Almes is Ms. Channel's current immediate supervisor. Ms. Almes treats Ms. Channel horribly. Ms. Almes is doing everything within her power to have Ms. Channel terminated. Ms. Almes makes up lies about Ms. Channel to get her in trouble.   Ms. Almes has been instructing the Timekeeper to falsify documents and writing Memo's with Disciplinary Actions, knowingly utilizing false information. The working environment is nothing short of hostile, and full of harassmen and inappropriate comments. Ms. Almes stands over Ms. Channel, follows her to the bathroom, refuses her breaks, sometimes refuses her lunch, and invades her space while speaking to her in a hateful and extremely negative tone. Ms. Almes has gone so far as to one day when Ms. Channel did not go to work because of her medical condition Ms. Almes had police go to Ms. Channel's house. This environment has caused Ms. Channel to suffer an overwhelming amount of

As the company is well aware Ms. Channel has a medical condition. Ms. Channel is out on FMLA. Every six months, the Supervisor is supposed to have a meeting or discussion with the employee regarding their leave and han

what's going on, it is decided whether the employee will be extended on "Medical Certification." None of this has happened. In May 2013 Ms. Channel submitted a Doctor's note. Despite this fact Ms. Almes simply labeled Tashia as WOL. This of course causes an increase in absences on paper.

At all times mentioned in this letter, the California Fair Employment and Housing Act (FEHA) was in full force and effect and binding on the company. Specifically, as an employer who was clearly aware of Ms. Channel's temporary disability, the company was obligated, pursuant to California Government Code §12940(n), to engage in a timely, good faith, interactive process with Ms. Channel to determine whether any reasonable accommodations existed that would enab her to perform the essential functions of her job. Ms. Channel provided her superiors with the opportunity to speak to he about any concerns they had about her initial disability leave. Instead of doing so, the company gave Ms. Channel their approval about her leave.

In addition to the obligation mentioned above, Ms. Channel's employer is prohibited by California Government Code §12940(a) from terminating Ms. Channel because of her disability. Firing Ms. Channel because of her disability and the leave that said disability required is prohibited by California Government Code §12940(a). Violating this section make: the company liable for disability discrimination.

Further, FEHA prohibits employers from retaliating against an employee for taking a medical leave. "To establish : prima facie case of retaliation, plaintiff must show that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action." Holtzclaw v. Certainteed Corp., 795 F.Supp.2d 996, 1014 (E.D.Cal.2011) (citing Faust v. California Portland Cement Co., 150 Cal.App.4th 864, 886, 58 Cal.Rptr.3d 729 (2007)). The company violated FEHA as Ms. Channel engaged in a protected activity (disability leave) and has received adverse employment action during her leave. Clearly, there is a direct causal link between the protected activity and the adverse action here as Ms. Channel is an exemplary employee. The company has violated FEHA and for that, it is now liable.

Based on these facts, it is my legal opinion that Ms. Channel' mistreatment and likely her ultimate termination from the company will be wrongful and in violation of public policy. Ms. Channel has been shocked by the company's extreme and outrageous disregard for her rights. I have informed her of her legal rights in the matter, and we both believe the treatment she has endured was unwarranted and that the company has taken advantage of her relative vulnerability.

Ms. Channel has been deprived of career growth and promotion. This is evidenced by comparison with colleagues. We believe that this is in retaliation for her medical disability and also the hostile relationship that has been allowed to grow with Ms. Almes. Ms. Channel was preparing for upward mobility when her supervisor was Juanita.

To be clear, Ms. Channel is not timid of the prospect of pursuing more formal means of resolution. Based on the analysis above, she and I share the sincere belief that pursuing this matter through litigation would be an endeavor worth entertaining

In an effort to fully and finally end this ordeal, Ms. Channel remains optimistic that the parties can arrive at a mutually acceptable settlement agreement. In the event that my client is not afforded a reasonable and equitable agreemen she will insist on a thorough investigation into all of the facts and circumstances surrounding these events, including but n limited to making available to this law firm the full record of her employment and future termination.

In order to settle her claims, however, and thereby prevent the necessity of turning to a more formal and costly means of resolution, Ms. Channel believes a reasonable and equitable settlement would include: (1) a redaction of any negative comments and information in Ms. Channel' personnel file; (2) putting an end to the hostile environment; (3) not terminating her; or (4) in the alternative a very favorable severance package.

Finally, please note that all documentation relating to Ms. Channel' employment and termination with the compan is evidence and potentially extremely relevant to any claim she may have. I therefore must insist that you destroy no

.We request that you acknowledge my representation of Ms. Channel and address all future correspondence and communications regarding the above-indicated matter to this office. Please contact this office at your earliest opportunity discuss the above request. If this matter is not settled via mutual agreement, Ms. Channel will have no alternative but to pursue all of her available legal remedies. Thank you for your anticipated prompt attention and professional courtesy in th matter.

Respectfully,

THE LAW OFFICE OF BOWMAN & ASSOCIATES
A Professional Corporation

Rachel Renno, Attorney at Law
916.985.2600
rrenno@bowmanandassoc.com

*Tashia Channel*
*Voluntary Service Asst.*
*Voluntary Service Office*
*Phone: (916) 366-5372*
*Fax: (916) 366-5417*



*Exhibit -B-*
*leave on or after*
*still denied*

**EMPLOYEE LEAVE BALANCES**

CHANNEL, TASHIA E          *Jan 2013*          Leave Group: 3          XXX-XX-0076

Balances are as of Pay Period 12-27 (Sat 12-Jan-13)
Annual Leave Balance:          24.000
Sick Leave Balance:          6.000
END OF REPORT

*Jan/Feb denied leave*

**EMPLOYEE LEAVE BALANCES**          *2013*

CHANNEL, TASHIA E          *Feb*          Leave Group: 3          5XX-XX-0076

*Exhibit -B Shows*

CHANNEL, TASHIA E          *May*          Leave Group: 3          XXX-XX-0076

*will earn 8A1*

**EMPLOYEE LEAVE BALANCES**

CHANNEL, TASHIA E          *Mar 2013*          Leave Group: 3          XXX-XX-0076

Balances are as of Pay Period 13-04 (Sat 9-Mar-13)          *will earn 8A1 482*
Annual Leave Balance:          26.750
Sick Leave Balance:          8.500
END OF REPORT

*all this so I would not accrue leave and a financial hardship*

*Exhibit C*

## McClary, Kimberly P.

| | |
|---|---|
| **From:** | McClary, Kimberly P. |
| **Sent:** | Thursday, April 10, 2014 12:15 PM |
| **To:** | Almes, Maria |
| **Cc:** | Howell, Christopher (CHRISTOPHER.HOWELL@va.gov); HINSON, JOHN (NCHCS) (JOHN.HINSON2@va.gov) |
| **Subject:** | RE: Incident Apr 9 2014 |
| **Signed By:** | kimberly.mcclary@va.gov |

Maria,

As you requested from this morning that I respond to your email from below:

This morning at 0718 you asked me if I had seen your email below from this morning and which I responded, no; and then you asked me if I saw and heard anything yesterday afternoon between Ginger and Tashia. I replied no, unless this occurred during my walk yesterday and then you replied no, this happened 10 minutes to 4 pm and were you still here. I replied yes, I was here late and I did not see or hear anything in which you replied, to please respond a statement to my email sent to you this morning.

My concerns:

1. Yesterday, nothing happened following your departure yesterday afternoon that was out of norm and nor nothing happened or stood out in reference to your email.
2. Given that I tried to convey to you Ginger's lack of team work on selective processes in office and communication with both staff and non-staff (comments made from volunteers and VSO that she is rude) in February, you boldly replied "WE'RE NOT HERE TO DISCUSS GINGER" during my mid-year review in which you applied that I did not follow lost & found process of filling out form (leaving "post it") and I replied you must have me confused with Ginger (since Ginger notes everything on very small "post its" including lost & found submissions, phone calls, RSVPs, etc.) and I then also convey the aforementioned
3. I do not place credence to Ginger's opinion nor would I place any reliance on her, she is not credible witness given my observation, her past interactions both with volunteers, customers, staff, including myself, and her lack of effective and language of communication (i.e. "whatever" verbally response and in staff meetings of stating "sh....load of crap stapled (in reference scanning of files), etc"
4. This is 2nd incident in which you have questioned me regarding interaction between Ginger and Tashia recently in which I was not physically in office when the first incident allegedly occurred.

Your questioning is alluding to required notification to an internal investigation in which I am including both HR and 2nd line on this email so that all involved are given an opportunity in having proper investigation with integrity and ethics.

Kim McClary


Kim McClary
Program Analyst
**VA Northern California Health Care System**
**Voluntary Service (135/SAC)**
**Office:(916) 366-5372**
**NCHCS Easy Dial: 351-6989**
**Fax: (916) 366-5417**

CONFIDENTIALITY NOTICE: Confidentiality Notice: This e-mail is intended only for the person or entity to which it is addressed, and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail, or the information herein by anyone other than the intended recipient(s) or for official internal VHA/VA business is prohibited. If you have received this e-mail in error, please notify the sender by reply e-mail and destroy the original message and all copies.

*Kim's statement*

## McClary, Kimberly P.

| | |
|---|---|
| **From:** | McClary, Kimberly P. |
| **Sent:** | Tuesday, July 22, 2014 6:11 PM |
| **To:** | Leno, Regina R. (Regina.Leno@va.gov) |
| **Subject:** | Occupational Health |
| **Signed By:** | kimberly.mcclary@va.gov |

*Kim witness Starks so marie proves on her she yells.*

Today (7/22/14) at 2:35 pm, Maria Almes came to my office standing in office door way, Maria said "that you need to change your leave request". I replied "I am working with both HR and Payroll (in reference posted time from last pay period of advanced sick leave, in which on 7/18/14 then I received my returned memo requesting advanced sick leave for FMLA was disapproved). Maria responded "that she has not approved my request for 29th (July 29th submitted on 7/17/14 for medical appt.) would not approve my leave until she knew the balance (after timecard corrections?)" I replied "no annual leave will be taken for past FMLA "(posted). Maria replied "you need to change your leave requests so Ginger knows what to correct (timecards", I replied again "I am working with both HR and Payroll". Maria stated, "I'll note that you're being hostile" and I replied "Maria, that is inaccurate and I am not being hostile, since you do not like my responses to your questions you choose to make those false". **Maria raised her voice and yelled "I DID NOT ASK YOU QUESTION, I AM DIRECTING YOU TO CHANGE YOUR TIMECARD".** Maria's tone and demand, I was shocked of her showing disrespect to employee with outright "work place bullism". I replied "Do not speak to me in that way, which is very inappropriate". Maria walked away and did not say anything, office volunteer Cyrena Pulido was sitting across the way in open front office area.

Maria returned to my office @ 2:45 in rush and left (2) cash envelopes and she said "these need to be deposited" and I replied, "⬤ already placed deposit (with site Cashier) today" and Maria "responded it can wait for tomorrow. Maria left at 2:50 pm ⬤...ing that she had to pick something up for Chaplain Office.

⬤oticed headache coming on and I had taken Tylenol and then my left eye started to hurt in which I knew my heart rate was increasing and feeling nausea, in which signs of migraine brought on due to stress. I called Maria on her gov't cell phone at 3:12 pm to advise her I was going to Occupational Health. Occupational Health at Mather, I was seen by Maria "Charisma" Liceralde, MSN, NP-BC, RN and work incident was entered into ASIST system (2014-00243). Charisma had taken my vital signs twice since the 1st time my blood pressure and heart rate were evaluated and normally I have very low blood pressure and awhile there, 2nd time my blood pressure went down as well as my heart rate.

I spoke to Cyrena, office volunteer if she heard Maria and my discussion, Cyrena replied "yes, parts of it" and then Cyrena asked me "Are you okay?"


Kim McClary


Kim McClary
Program Analyst
**VA Northern California Health Care System (VA NCHCS)**
**Sacramento VA Medical Center**
**Voluntary Service (135/SAC)**
**10535 Hospital Way**
**Mather, CA 95655-1200**
⬤   (916) 366-5372
F⬤ (916) 366-5417

CONFIDENTIALITY NOTICE: Confidentiality Notice: This e-mail is intended only for the p...

*Lynn's Statement    Aug 2013*

My Statement,

The behavior I have seen over the last few years towards Ms. Chanel is that she is constantly being harassed and intimidated by Supervisor and Chief of the service Maria Almes. She harasses her with her leave almost daily and she also has been intimidating Ms. Chanel since Tasia returned to the service in 2011.

Supervisor Maria Almes is always short with Tasia in her day to day dealings with her. If Tasia ask a question in a staff meeting or about the day to day work, Maria gets huffy with her. Ms. Chanel calls me to assist her with questions when the voluntary service specialist in Mather is not available, to try and keep down the hostility in the department. Maria doesn't want us to communicate with each other but to better serve our veterans we have to.

I am the voluntary service specialist for the East Bay and when I call the office to speak with Tasia to have her assist me with a file or information from the file, supervisor says she sure someone else can answer my questions or assist me. This has happened on several occasions. There has been many times when Tasia was there and she would take a message and not let her answer the phone as a staff member. This goes on when the supervisor wants to sit up front in order to be able to further harass and intimidate Ms. Chanel, not allowing her to read her e-mails, send any e-mails, or speak with her other co-worker, Kim McClary regarding work. Maria states she wants to be a Team Player, but she doesn't want us to communicate with each other, that is how controlling she is.

Tasia has called me upset numerous times because Maria insists on invading her space and speaking down towards her in a negative tone. That's why Tashia does not like being alone with Maria. She is so afraid of Maria, and she knows that whatever story Maria presents to the Agency, as the Supervisor, whether she's telling the truth or not, she is the one that will be believed.

Nothing that Tasia does in Voluntary Services is acceptable to current supervisor. For example, Tashia typed Letters, provided to her from the Student, Braye. When Braye typed the letters using the Template, everything was OK. Tashia utilized the same Template, and Maria told her to retype the

letters, giving the appearance that Tashia didn't do them correctly. Maria day begins and ends with harassing Tasia.

We hold annual Voluntary Service award luncheons and Tasia is the only employee that is not allowed to attend. Attendees has been full and part-time staff as well as contracted and students. Never Ms. Channel, Maria has her to stay and answer the phone. Prior to Maria, this was not the process for dealing with Luncheons. Our permanent staff was in attendance, not the other way around. On the other hand, we close the East Bay (MARTINEZ) office down completely for those events.

Ms. Chanel was detailed out of the service at her request due to problems with Maria. Since she was gone out of the Service for a while, and enjoyed working in Voluntary Service, she fought hard to return. Tashia loves Voluntary Services and what it means for the Veterans, especially while caring for an elderly father who is a Veteran. This Supervisor has done everything possible to alienate her from any dealings with the volunteers, veteran service officers and the staff, continuously harassing her, attempting to force her out of the Service. Maria's actions towards Tashia clearly present negativity and disparagement, and since whatever Tashia does, Maria still retaliates against her.

Lynn Starks-Dillahunty
Voluntary Service Specialist,
East Bay (MARTINEZ)
August, 2013

# Gift Certificate

VCS
VETERANS CANTEEN SERVICE
#615

Date __12-24-13__

This Certificate Entitles __Kim McClary__

To Select a Gift in the Amount Of __$25.00__

From __M Adams__

Authorized By __Michael Beasley__

Merry Christmas **Exh**
and thanks for all you

Care deeply,
think kindly,
act gently,
and be at peace
with the world.
For this is
the spirit of
Christmas.

do to support our VAVS
mission. Wishing you
the best for the coming year

Maria



**Channel, Tashia**

| | |
|---|---|
| **From:** | Channel, Tashia |
| **Sent:** | Thursday, July 12, 2012 3:48 PM |
| **Subject:** | FW: favoritism |

Regina, they are all meeting at outback in gold river according to a friend of mine

*Kim Marguerite Ashley*

**From:** Channel, Tashia
**Sent:** Friday, June 22, 2012 3:24 PM
**Subject:** FW: favoritism

Maria told the others to just walk out at 3:15pm and not to tell me. If I was to walk out just like them what can she do?

**From:** Channel, Tashia
**Sent:** Friday, June 22, 2012 3:12 PM
**To:** 'regile95@aol.com'
**Subject:** RE: favoritism

I HAVE A FEELING THAT WHEN THEY LEAVE IS WHEN SHE WILL APPROACH ME WITH A MTG OR ACCUSE ME OF SOMETHING.  I WILL PROBABLY CALL YOU AND HAVE YOU ON THE BLUETOOTH TO LISTEN IN IF SHE DOES.

**From:** regile95@aol.com [mailto:regile95@aol.com]
**Sent:** Friday, June 22, 2012 3:09 PM
**To:** Channel, Tashia
**Subject:** Re: favoritism

Wow keep that email or keep a note of it
Regina Leno

**From:** "Channel, Tashia " <Tashia.Channel@va.gov>
**Date:** Fri, 22 Jun 2012 15:07:54 -0700
**Subject:** favoritism

I just found out that Maria is letting BRAYE, marguerite and Kim go at 3:15 today.  but I am not allowed.  Does that make a statement or not.

*Evidence*

*outback*

## Channel, Tashia

| | |
|---|---|
| From: | Channel, Tashia |
| Sent: | Friday, July 13, 2012 10:27 AM |
| Subject: | VOL SERVICES OFFICE STAFF MEETING sent 7-13-112.rtf |
| Attachments: | VOL SERVICES OFFICE STAFF MEETING sent 7-13-112.rtf |

She can't claim staff meeting for that time they all left at 3:15 6-22-12 at outback. She states right here had not had one in long time. Leaving restaurant Maria and Ashley, braye and marguerite, kim left alone before everyone else. Maria out of sight of window, back facing window. Girlfriend call from outback to notify me that Maria and gang was all there why wasn't I. never knew they left except over heard Maria telling marguerite braye Ashley to just leave at 3;15 don't say anything to tashia. Wasn't sure at first what was going on until call from girlfriend seeing Maria and others there at outback. Maria doesn't even remember conversation we had because she was in a hurry to get at restaurant. Wondered why she was in such a hurry so I know now and will document it.

*Exhibit C*

## McClary, Kimberly P.

**From:** Channel, Tashia
**Sent:** Wednesday, April 16, 2014 7:09 AM
**Subject:** Customer Service recognition from William Jett (vet and volunteer)
**Attachments:** img-416063325-0001

Regina the top dates don't show all that well but left side shows 7/8/13 and right side show rec'd 8-6-13 and processed. We received it in our office (around January) I will look for my notes on date. Anyhow this was in a holy joe and I placed it on Maria's chair in her office. so she can't claim she didn't get it. But Kim nor I received a copy, nor mentioned on our performance reviews. I also gave her one last midyear one from Mary nuygen, which she gave me a card and sent an e-mail which Maria also got a copy of it. I have another from a woman can't remember her name at this time, which I forward to her, but can't remember name at this time but will look for everything to send you. Kim wants to know how you want us to handle this one?

*Customer service recognition.*

*We never receive inquiry to Kevin KO as such - following this e-mail*

Exhibit C

*[handwritten names]*

First, Last

**Location of VA Service:** *Mather VA*

*[handwritten]*

*provide us with your compliment below:*

*Thank you for all your help in get me the right games plane.*

**Your Name:** *[signature]*

**Phone: (Optional)**

*KH CS 12/13*

Compliment & Feedback Card

YOU have MaDe DiFFeReNt

Channel, Tashia

| | |
|---|---|
| **From:** | Channel, Tashia |
| **Sent:** | Wednesday, April 23, 2014 2:18 PM |
| **To:** | Kasnick, Kevin |
| **Subject:** | Customer Service Certificate |
| **Attachments:** | customer service recognition from william jett.pdf |

Good afternoon Kevin,

I have a concern of a customer service recognition form that was sent in by Mr. William Jett to be process back on 7/8/13 and received in Patient Advocate's office on 8-6-13. You signed it off on 12-13-13 and then it was sent thru the mail in a holy joe. When it got to our office there was only one pin left attached to the sheet. See attachment. I personally date stamped th sheet when it came. That was sometime in February roughly. We was hoping to attach it with our self eval, for our mid-year performance reviews. I placed this cert in Maria's office on her chair and relocked her door. To this date Maria has not given us any notification that she will be giving us our copies etc. this information is being withheld from us and Mr. William Jett wa inquiring about it also. When I was out at the smoke shack, Leslie Anderson was there so I inquired from her what I needed to do and that was to contact you. Please let Kim and I (Tashia) know who and what to do to get the recognition cert to us as it w intended to from Mr. William Jet. Braye is no longer here working in voluntary services, but Kim and I would appreciate any he in this matter.

*Tashia Channel*
*Voluntary Service Asst.*
*untary Service Office*
*Phone: (916) 366-5372*
*Fax: (916) 366-5417*



*Highlighted in a your Exhibit D*
*480hr allowed in a per policy most was cout emotional abuse*

*FMLA FORM IS FROM 1-2013-12-201*

You have used ~~437.3 hours~~ FMLA which includes today.

*Agency has more FMLA that even Mass states less.*

**From:** Almes, Maria
**Sent:** Monday, December 23, 2013 3:37 PM
**To:** Channel, Tashia
**Cc:** Labelle, William V.
**Subject:** CHANNEL LEAVE REQUESTS AND BALANCE

*I disagree w/Maria for I show even less than 437 hours*

...shia;

Here's copy of your leave requests currently in VISTA.

8

**Detail for Tashia Channel 916-724-8557**

## Voice, continued

| Date | Time | Number | Rate | Usage Type | Origination | Destination | Min. | Airtime Charges | Long Dist/ Other Chgs | Total |
|------|------|--------|------|-----------|-------------|-------------|------|------------------|------------------------|-------|
| 1/23 | | 714-864-8549 | Peak | PlanAllow,M2M | Sacramento CA | Anaheim CA | 1 | — | — | — |
| 1/23 | 5:47A | 530-903-6070 | Off-Peak | PlanAllow,M2M | Rescue CA | Incoming CL | 1 | — | — | — |
| 1/23 | 10:19A | Data Airtime | Peak | PlanAllow,Data | Placervill CA | Data CL | 1 | — | — | — |
| 1/23 | 8:19P | 714-864-8549 | Peak | PlanAllow,M2M | Shingle SP CA | Anaheim CA | 1 | — | — | — |
| 1/23 | 8:35P | 714-864-8549 | Peak | PlanAllow,M2M | Placervill CA | Anaheim CA | 1 | — | — | — |
| 1/24 | 8:44A | Data Airtime | Peak | PlanAllow,Data | Placervill CA | Data CL | 1 | — | — | — |
| 1/24 | 8:51A | Data Airtime | Peak | PlanAllow,Data | Placervill CA | Data CL | 1 | — | — | — |
| 1/24 | 8:53A | Data Airtime | Peak | PlanAllow,Data | Placervill CA | Data CL | 1 | — | — | — |
| 1/24 | 9:18A | 000-000-0086 | Peak | PlanAllow,CallVM | Placervill CA | Voice Mail CL | 2 | — | — | — |
| 1/24 | 10:04A | 000-000-0086 | Peak | PlanAllow,CallVM | Placervill CA | Voice Mail CL | 1 | — | — | — |
| 1/24 | 10:05A | 000-000-0086 | Peak | PlanAllow,CallVM | Placervill CA | Voice Mail CL | 1 | — | — | — |
| 1/24 | 10:19A | Data Airtime | Peak | PlanAllow,Data | Placervill CA | Data CL | 1 | — | — | — |
| 1/24 | 3:34P | 530-622-7588 | Peak | PlanAllow | Placervill CA | Plvl West CA | 3 | — | — | — |
| 1/24 | 3:51P | 530-903-6070 | Peak | PlanAllow,M2M | Placervill CA | Incoming CL | 1 | — | — | — |
| 1/24 | 7:03P | 000-000-0086 | Peak | PlanAllow,CallVM | Placervill CA | Voice Mail CL | 2 | — | — | — |
| 1/24 | 7:04P | 000-000-0086 | Peak | PlanAllow,CallVM | Placervill CA | Voice Mail CL | 2 | — | — | — |
| 1/25 | 8:13A | Data Airtime | Peak | PlanAllow,Data | Placervill CA | Data CL | 1 | — | — | — |
| 1/25 | 11:27A | 714-864-8549 | Peak | PlanAllow,M2M | Shingle SP CA | Anaheim CA | 1 | — | — | — |
| 1/25 | 11:31A | 714-864-8549 | Peak | PlanAllow,M2M | Placervill CA | Anaheim CA | 1 | — | — | — |
| 1/25 | 11:32A | 714-864-8549 | Peak | PlanAllow,M2M | El Dorado CA | Anaheim CA | 1 | — | — | — |
| 1/25 | 11:33A | 714-864-8549 | Peak | PlanAllow,M2M | Placervill CA | Anaheim CA | 1 | — | — | — |
| 1/25 | 11:33A | 714-864-8549 | Peak | PlanAllow,M2M | Placervill CA | Anaheim CA | 1 | — | — | — |
| 1/25 | 11:38A | 714-864-8549 | Peak | PlanAllow,M2M | Placervill CA | Anaheim CA | 1 | — | — | — |
| 1/25 | 11:45A | 714-864-8549 | Peak | PlanAllow,M2M | Placervill CA | Anaheim CA | 1 | — | — | — |
| 1/25 | 12:41P | 714-864-8549 | Peak | PlanAllow,M2M | Placervill CA | Anaheim CA | 1 | — | — | — |
| 1/26 | 7:43P | 530-903-6070 | Off-Peak | PlanAllow,M2M | Placervill CA | Incoming CL | 1 | — | — | — |
| 1/27 | 3:16P | 916-483-9277 | Off-Peak | PlanAllow | Placervill CA | Sacramento CA | 1 | — | — | — |
| 1/27 | 5:43P | 714-833-1493 | Off-Peak | PlanAllow,M2M | El Dorado CA | Anaheim CA | 1 | — | — | — |
| 1/28 | 7:17A | Data Airtime | Peak | PlanAllow,Data | Rescue CA | Data CL | 1 | — | — | — |
| 1/28 | 11:24A | 000-000-0086 | Peak | PlanAllow,CallVM | Placervill CA | Voice Mail CL | 1 | — | — | — |
| 1/28 | 1:40P | 916-483-9277 | Peak | PlanAllow | Placervill CA | Sacramento CA | 2 | — | — | — |
| 1/28 | 1:44P | 916-865-1140 | Peak | PlanAllow | Placervill CA | Rsvl Main CA | 2 | — | — | — |
| 1/28 | 2:44P | 530-622-7588 | Peak | PlanAllow | Placervill CA | Plvl West CA | 3 | — | — | — |
| 1/28 | 2:48P | 916-865-1140 | Peak | PlanAllow | Placervill CA | Rsvl Main CA | 1 | — | — | — |
| 1/28 | 3:40P | 916-865-1140 | Peak | PlanAllow | Placervill CA | Rsvl Main CA | 4 | — | — | — |
| 1/28 | 3:47P | 530-622-7587 | Peak | PlanAllow | Placervill CA | Incoming CL | 3 | — | — | — |
| 1/28 | 6:25P | 916-236-7118 | Peak | PlanAllow | Placervill CA | Incoming CL | 1 | — | — | — |
| 1/28 | 6:44P | 714-833-1493 | Peak | PlanAllow,M2M | Placervill CA | Anaheim CA | 1 | — | — | — |

*Handwritten annotations:*

— shows called/Text but can see still marked A∂∪∪ —

This was Just one phone # at that time — thru 2012 & 2014 it was 4 different #'s changing to where I was told to call, Not the Office nor someone in the Office but only to her so no one could say I called in

*Handwritten at top right: Exhibit-E*

How was your HR service today?  Please take a few moments to complete the HR Customer Service Quick Card at this link:  **HR Quick Card** .

*ATTRIchment*
*F*

**From:** Almes, Maria
**Sent:** Wednesday, November 07, 2012 1:30 PM
**To:** Keach, Troy L.
**Cc:** RAINEY, BRYAN K.
**Subject:** RE: Staff Meeting

approved

*Maria Almes*
Chief, Voluntary Services
VA Northern California Health Care System
10535 Hospital Way, Mather, CA 95655
Office Phone  - 916-366-5372
Fax - 916-366-5417



*The value of a volunteer is beyond measure!*

**VA HEALTH CARE** | Defining **EXCELLENCE** in the 21st Century

*Supervisor*
*away of Meeting*
*w/ management*
*on , issues*

**From:** Keach, Troy L.
**Sent:** Wednesday, November 07, 2012 1:29 PM
**To:** Almes, Maria
**Cc:** RAINEY, BRYAN K.
**Subject:** Staff Meeting
**Importance:** High

Maria,
  I need to coordinate for a meeting with Mr. Mendoza for three of your employees that are requesting to use the open door policy and Mr. Mendoza has agreed to meet.  Please do not discuss this with your employees, any discussions with them in regards to them exercising the open door policy could be viewed as retaliation. Mr. Mendoza has a very full schedule so unless it is an emergency I would prefer we do not change the time and date.

Request AA for Lynn, Kim and Tashia for 1400 next Wednesday, Lynn will obviously need more time for travel.

Troy L. Keach
Chief Labor/Employee Relations
VA NCHCS Human Resources
Phone: (916) 843-9256
Fax:    (916) 364-0239
Email:  Troy.Keach@va.gov

*"Integrity First, Service Before Self, Excellence In All We Do"*

*If you are not the intended recipient you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments, is strictly prohibited.*

*ATTACHMENT E*

*complaint of 3 co-workers*

...iel, Tashia

| | |
|---|---|
| **From:** | Starks-Dillahunty,Lutricia |
| **Sent:** | Thursday, December 08, 2011 3:13 PM |
| **To:** | McClary, Kimberly P.; Channel, Tashia |
| **Cc:** | Leno, Regina R. |
| **Subject:** | RE: Environment |

Interesting. I would say our environment is somewhat hostile.

---

**From:** McClary, Kimberly P.
**Sent:** Thursday, December 08, 2011 3:08 PM
**To:** Starks-Dillahunty,Lutricia; Channel, Tashia
**Cc:** Leno, Regina R.
**Subject:** Environment

Found this somewhere -- may have seen it before:

Hostile environment -- attributes to lateral violence

- Deterioration of interpersonal working relationships within Service and outside the Service
- Hierarchy, power, and control

Both overt and covert:
- Unjustly critical and fault finding e-mails
- Snide/rudeness
- Sabotaging & withholding information
- meeting to be included due position role (i.e., not notified/included, etc)
- Scapegoating

Some e-mail examples and elaboration statements

Kim McClary
Data Analyst
Mental Health Product Line
VA Northern California Health Care System
Office:(916) 843- 9076
Fax: (916) 843-7265
E-mail: Kimberly.McClary@va.gov

CONFIDENTIALITY NOTICE: Confidentiality Notice: This e-mail is intended only for the person or entity to which it is addressed, and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this e-mail, or the information herein by anyone other than the intended recipient(s) or for official internal VHA/VA business is prohibited. If you have received this e-mail in error, please notify the sender by reply e-mail and destroy the original message and all copies.

*marie was notified about mtg.*

**Channel, Tashia**

| | |
|---|---|
| **From:** | RAINEY, BRYAN K. |
| **Sent:** | Monday, December 03, 2012 3:02 PM |
| **To:** | McClary, Kimberly P.; MENDOZA, JOHN A.; Leno, Regina R. |
| **Cc:** | Starks-Dillahunty,Lutricia; Channel, Tashia ; Drain, Mary L. |
| **Subject:** | RE: Voluntarily Services Employee Requested Meeting of Nov. 14 ***FOLLOWUP/STATUS*** |

I would suggest that the follow up with the Acting AD would be appropriate and that Mr Mendoza would only need to pass along his thoughts to Ms Samara so she can move forward.

Bryan

---

**From:** McClary, Kimberly P.
**Sent:** Monday, December 03, 2012 2:54 PM
**To:** MENDOZA, JOHN A.; RAINEY, BRYAN K.; Leno, Regina R.
**Cc:** Starks-Dillahunty,Lutricia; Channel, Tashia ; Drain, Mary L.
**Subject:** RE: Voluntarily Services Employee Requested Meeting of Nov. 14***FOLLOWUP/STATUS***

Hello,

As followup to Nov. 14 meeting in Sac Valley AD 's office (present: John Mendoza, Lynn Starks-Dillahunty, Tashia Channel and via phone Regina Leno) underline would we followup with Acting AD given Mr. Mendoza's last day is this Friday, Nov. 7?

Thank you,
Kim

---

**From:** Keach, Troy L.
**Sent:** Tuesday, November 13, 2012 10:40 AM
**To:** MENDOZA, JOHN A.; Drain, Mary L.; Keach, Troy L.
**Cc:** Leno, Regina R.; McClary, Kimberly P.; Starks-Dillahunty,Lutricia; Channel, Tashia ; LEWIS, MARLENE ; RAINEY, BRYAN K.
**Subject:** Voluntarily Services Employee Requested Meeting
**Importance:** High

For tomorrows 14:00 meeting with Mr. Mendoza an informal agenda has been proposed by the employees. For the record this is an informal meeting requested by the employees to discuss issues with their 2nd line supervisor. Since this is a group forum, please do not use this venue to address personal issues,  of course personal experiences to give examples is OK, but group forums are not a proper venue for individual issues. Following this meeting you can still make individual appointments for individual meetings if required.

Attendance to this meeting is 100% voluntarily.

The items identified below constitute a recommend agenda based on employee input to HR, there are two main areas to discuss:

1.  Supervisor Conduct
    a.   Harrassment / Defamation of Character
    b.   Misuse/conduct of supervisor's position

2. Working Conditions
   a. Administrative time allowances (i.e. training required, Suspense items, etc)
   b. Comp time
   c. Work redundancies / Temporary staff

Troy L. Keach
Chief Labor/Employee Relations
VA NCHCS Human Resources
Phone: (916) 843-9256
Fax:    (916) 364-0239
Email:  Troy.Keach@va.gov

*"Integrity First, Service Before Self, Excellence In All We Do"*

*If you are not the intended recipient you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments, is strictly prohibited.*



How was your HR service today?  Please take a few moments to complete the HR Customer Service Quick Card at this link: **HR Quick Card** .

ATTACHMENT G

Fax - 916-366-5417

 

*Voluntary Service* — *The value of a volunteer is beyond measure!*

 **VA HEALTH CARE** | Defining **EXCELLENCE** in the 21st Century

---

**From:** Leno, Regina R.
**Sent:** Wednesday, May 15, 2013 2:28 PM
**To:** Almes, Maria
**Cc:** Leno, Regina R.; Channel, Tashia
**Subject:** RE: CHANNEL - FMLA

Hi Maria,

Once Tashia submitted the required document for FMLA, FORM WH-380-E, which she already did, that is all that is required from her. In accordance to OPM (DOL) guidelines, the Master Agreement, there is nothing else that must be submitted in order for the FMLA document to be suffice, and it wasn't before. Tashia and her doctor have provided the requested information for FMLA. A memo is not a requirement, the Protocol have already been followed by the employee.

Code of Federal Regulations states------If an employee submits a complete and sufficient certification(Form WH-380-E) to support his or her request for leave (FMLA) because of a qualifying exigency, the employer may not request additional information from the employee.

Form SF-71-----not sure why this was presented to Tashia at all, this form is used to submit information to DOL for work injuries, also used for Military, so this does not apply to Tashia. Also, DOL says no additional information is required, and it wasn't required before.

Memo—Tashia is not a Supervisor, and should not be filling out any documents in the place of a Supervisor, and neither is this a requirement or a Contingency for FMLA approval. The Agency needs to complete this document, not an employee.

If you have any further questions, please contact me at the number provided below. Leave a message if no answer, I'll return your call at the earliest.

Thanks,
Regina Leno
(9160561-7605

65

*[handwritten top margin:]* Date: _____ name who recanted Bryan Kinney 4 pgs of FMLA — Rec'd 4 pgs of FMLA. updated by physician 2/10/14

*[handwritten right margin:]* 2nd time for long sign and dated / FMLA until after May.

## Certification of Health Care Provider for Employee's Serious Health Condition (Family and Medical Leave Act)

**U.S. Department of Labor**
Wage and Hour Division

**WHD**
U.S. Wage and Hour Division

OMB Control Number: 1235-0003
Expires: 2/28/2015

### SECTION I: For Completion by the EMPLOYER

**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies.

Employer name and contact: *UA NCHCS*

Employee's job title: *Voluntary Service Asst*   Regular work schedule: *M-F (80 hrs)*

Employee's essential job functions: *data entry, lifting, standing answers phones, walking*

Check if job description is attached: _____

### SECTION II: For Completion by the EMPLOYEE

**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 20 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: *Tashia Channel*
First                                Middle                        Last

### SECTION III: For Completion by the HEALTH CARE PROVIDER

**INSTRUCTIONS to the HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Please be sure to sign the form on the last page.

Provider's name and business address: *Lisa Miranda NP Sunrise Family Medicine 568 N Sunrise Ave #250 Roseville CA 95661 865-1140  Fax 865-1153*

Type of practice / Medical specialty: _____

Telephone: ( _____ ) _____   Fax: ( _____ ) _____

Page 1                          CONTINUED ON NEXT PAGE                  Form WH-380-E  Revised Janu

```
CHANNEL,TASHIA E                T&L 730  Telework Ind: Z      XXX-XX-0076

      Date      TW  Scheduled Tour          Tour Exceptions
------------------------------------------------------------------------
Sun 23-Mar-14      Day Off
Mon 24-Mar-14      07:30A-04:00P
Tue 25-Mar-14      07:30A-04:00P         07:30A-04:00P    WP LWOP
                                         AWOL
         AWOL, NO FMLA Avail.
Wed 26-Mar-14      07:30A-04:00P         07:30A-04:00P    WP LWOP
                                         AWOL
         AWOL., No call, no contact
Thu 27-Mar-14      07:30A-04:00P         07:30A-04:00P    WP LWOP
                                         AWOL
         AWOL-No FMLA Avail.
Fri 28-Mar-14      07:30A-04:00P         07:30A-04:00P    WP LWOP
                                         AWOL
         AWOL, No FMLA Avail.
Sat 29-Mar-14      Day Off
Sun 30-Mar-14      Day Off
Mon 31-Mar-14      07:30A-04:00P         07:30A-10:45A    WP LWOP
                                         AWOL
         AWOL, No FLMA Avail.

Press RETURN to Continue.
```

*Was denied FMLA when form was turned in Jan - again Feb & being signed off to received*

```
CHANNEL,TASHIA E                T&L 730  Telework Ind: Z      XXX-XX-0076

Tue  1-Apr-14      07:30A-04:00P         07:30A-08:30A    AL ANNUAL LV
Wed  2-Apr-14      07:30A-04:00P         07:30A-08:00A    WP LWOP
                                         AWOL
         Late
Thu  3-Apr-14      07:30A-04:00P         07:30A-04:00P    WP LWOP
                                         AWOL
         Leave not approved in advance
Fri  4-Apr-14      07:30A-04:00P         07:30A-04:00P    SL SICK LV
```

```
        No FMLA Available
Sat  5-Apr-14      Day Off
   Fri  4-Apr-14  07:30A  SL not Requested
```



EXHIBIT-H

**From:** Almes, Maria
**Sent:** Tuesday, November 20, 2012 12:13 PM
**To:** Welsh, Roberto; Nazario-Santiago, Javier; Denham, Timothy; Hensley, Patricia
**Subject:** RE: Driver for Redding

I have an envelope here two days that I am trying to get to Patricia Hensley

Patricia, did you talk to Paul the driver about picking up the envelope?


*Maria Almes*
Chief, Voluntary Services
VA Northern California Health Care System
10535 Hospital Way, Mather, CA 95655
Office Phone  - 916-366-5372
Fax - 916-366-5117

 *The value of a volunteer is beyond measure!*



**From:** Welsh, Roberto
**Sent:** Tuesday, November 20, 2012 11:53 AM
**To:** Almes, Maria; Nazario-Santiago, Javier; Denham, Timothy
**Subject:** RE: Driver for Redding

Tim,
What do you think?

Thanks


**From:** Almes, Maria
**Sent:** Tuesday, November 20, 2012 11:52 AM
**To:** Welsh, Roberto; Nazario-Santiago, Javier
**Subject:** Driver for Redding

Hi there,
Sometimes we have small valuable items which need to get to staff at Redding or Chico.
(gift cards in the amount of $200)
I don't like sending them through the interoffice mail and I'm hearing there is reluctance on the part of Paul the driver to stop by our trailer and pick up the envelope.
It's too valuable to leave in the mail room.  I've had things disappear before.

6

*Exhibt-H* (handwritten)

*[handwritten margin notes, partially illegible: "all veh... Patricia's e-mail... how date she did receve it,"]*

*[handwritten top right: "VA Police investigation... key questioning... the where abouts... on... first... Delayed..."]*

# Department of Veterans Affairs
## VA Police
## Sacramento VAMC
## Investigative Report

**Investigative Report#:      201212030930-4543**

| | |
|---|---|
| **VA Facility:** Sacramento VAMC | **Date/Time Printed** 5/27/2015  6:27:53 |

This Document is to be handled in accordance with the Privacy Act
Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the performance of their official duties. The document(s) are to be handled in accordance with For Official Use Only procedures.

| | |
|---|---|
| **Date/Time Received** | 12/3/12   09:30   AM |
| **Date/Time of Offense:** | 11/20/12   14:43   PM |
| **Location:** | Sacramento VAMC, Mail Room |
| **Investigating Officer** | ROBERT OCHOA |
| **Incident Synopsis:** | Volunteer Employee reported that VISA gift card was missing in the mail. *[handwritten: who/which volunteer & at what...]* |
| **Classification Code:** | |
| **Final Disposition:** | *[handwritten notes]* |
| Initial Disposition: | Open |
| Case Status: | OPEN |

### Use of Force

| | |
|---|---|
| **OC Weapon used:** | No |
| **Baton Used:** | No |
| **Firearm Drawn:** | No |
| **Firearm Used:** | No |

### Complainant

| | |
|---|---|
| **Name:** | Maria  Almes |
| **Status:** | Other |
| **Work Address** | 10535 Hospital Way<br>Mather, CA 95655 |
| **Work Phone** | |
| **Statement** | |

### Victim

| | | | |
|---|---|---|---|
| **Name:** | UNITED STATES  GOVERNMENT | | |
| **Gender:** | | **Ethnicity:** | |
| **Status:** | | | |
| **Driver's License:** | | **State:** | GENERAL |
| **Work Address:** | N/A<br>N/A, US | | |
| **Work Phone:** | | | |
| **Treatment:** | No | | |

### Property Lost

| | |
|---|---|
| **Item Name:** | VISA Gift Card |
| **Description:** | VISA gift card bearing #2683 01 0233 1968 |
| **Owner:** | Government |
| **Dollar Loss:** | $ 200.00 |
| **Dollar Recovered:** | $ 200.00 |

Page    1

This Document is to be handled in accordance with the Privacy Act
Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the
performance of their official duties. The document(s) are to be handled in accordance with FOUO procedures.

*evidence #2* (handwritten)

**Facility:** Sacramento VAMC                                                    **IR#:** 201212030930-4543

| Narrative | |
|---|---|
| **Origin** | On 12/03/12, at approximately 0930, I was informed by Chief Brian Schuman of a $200.00 Visa gift card reported missing by Volunteer Services Chief Maria Almes. |
| **Initial Observation** | None. |
| **Investigation** | At approximately 0930 hours, Chief Schuman sent me an email string regarding the missing gift card. The emails indicate that Volunteer Services Employee Tashia Channell sent the gift card by registered mail to Redding OPC employee Patricia Hensley on 11/20/12. To date the gift card has not been received. |

**Investigating Officer:**   ROBERT OCHOA                    **Signature:** _____

**Badge:**                           1516-IN                              **Date:** _____/_____/_____

**Printed by:**                     THOMAS MATSUZAK

< < < End of Report > > >

This Document is to be handled in accordance with the Privacy Act
Contents shall not be disclosed, discussed, or shared with individuals unless they have a direct need-to-know in the performance of their official duties. The document(s) are to be handled in accordance with FOUO procedures.



**Channel, Tashia**

| | |
|---|---|
| **From:** | Leno, Regina R. |
| **Sent:** | Monday, July 01, 2013 12:14 PM |
| **To:** | Channel, Tashia; Almes, Maria |
| **Cc:** | Thomas, Michelle R.; RAINEY, BRYAN K.; Leno, Regina R. |
| **Subject:** | RE: CHANNEL - LEAVE 27 JUNE |

Maria,

I notified you on behalf of Tashia so you could assign work accordingly. This isn't Vacation Leave, you're failing to acknowledge everything in the Contract, remember; all applies, AL can be used for Personal and Relaxation, employees can have Notification by a Responsible Party, etc. Do you want to know if your Staff is coming in or not? It seems as though notification or non-notification is still a problem for you, yet you agreed with Marlene Lewis (HR SPECIALIST) on the arrangement because of the History between you and Tashia. A big part is due to Communication issues, being truthful about what occurs, events taken place, what is spoken, what is discussed, and whether you received phone calls or not. This was supposed to eliminate the disconnection of information provided, and create a back-up of documentation on both sides, which is the reason why you place HR on the e-mails in the first place, because of the agreement. I'm on Tashia's e-mails for the same reason, provide notification, etc., yet you're attempting to reconstruct the agreement. Marlene is gone, but the issues still exist, and whether Tashia is at work or contacted you is still an issue, because Tashia's proven she's been at work when you stated she wasn't. On the other hand, you've received notification, text, yet claimed no contact no call also.(Agreed upon) You turned around and wrote her up for things you agreed upon, and for things I mentioned already, and you're still stating she's failing to follow instructions, but she isn't. Providing false information isn't appropriate Maria, there are ways to work through this if you want to, but attacking staff, providing false information to HR simply for assistance to get rid of staff in your department clearly is a reflection of your behavior. HR Is hopefully providing you information based on what you're telling them, relying on Leave alone, (not focusing on both sides or evidence) without Substance don't constitute what is being done. HR is supposed to be Impartial and provide information to everyone, yet you don't want the employees going to HR, AD, or anybody else; even though it's their right, but they're being retaliated against because of it. I sincerely hope that the hostile environment in

EXHIBIT-1

your department created in VS stops, (since the environment isn't just with Tashia, but other staff also) and that you and all of VS staff can come to work in peace/harmony; which will allow the employees to get the work taken care of for our Veterans. " You really can get more accomplished with Sugar than Vinegar" Everyone on this e-mail may or may not be aware of what type of agreement took place, but it exist and you know it Maria and Tashia, however; the rest of the information for AL/SL is in the Contract.

Thanks,

Regina

**From:** Channel, Tashia
**Sent:** Monday, July 01, 2013 8:02 AM
**To:** Almes, Maria
**Cc:** Thomas, Michelle R.; RAINEY, BRYAN K.
**Subject:** RE: CHANNEL - LEAVE 27 JUNE

I have no control over car problems. Asking leave in advance for this is impossible to know.

**From:** Almes, Maria
**Sent:** Thursday, June 27, 2013 7:40 AM
**To:** Channel, Tashia
**Cc:** Thomas, Michelle R.; RAINEY, BRYAN K.
**Subject:** CHANNEL - LEAVE 27 JUNE

Tashia,
You were given directions yesterday to follow when requesting unplanned leave.
This email is documenting that you failed to follow those directions.
Annual Leave must be requested in advance.
I am disapproving your AL request.

*Maria Almes*

Chief, Voluntary Services
VA Northern California Health Care System
10535 Hospital Way, Mather, CA 95655
Office Phone - 916-366-5372
Fax - 916-366-5417

  
*The value of a volunteer is beyond measure!*

**VA HEALTH CARE** | Defining **EXCELLENCE** in the 21st Century

**From:** Leno, Regina R.
**Sent:** Thursday, June 27, 2013 7:10 AM
**To:** Almes, Maria
**Cc:** Leno, Regina R.; Channel, Tashia
**Subject:** LEAVE

 **DEPARTMENT OF VETERANS AFFAIRS**

# Memorandum

Date:   4-10-14

From:  Tashia Channel, Voluntary Service (135/SAC)

To:      Acting Associate Director, Sacramento Valley  (001/SAC)
Via      Chief, Human Resources Management Service (05/SAC)
         Chief, Voluntary Services (135/SAC)

Subj:  Request for Leave Without Pay (LWOP)

I, Tashia Channel, am requesting Leave Without Pay (LWOP) in the amount of <u>40</u> hours.

**Justification:**
My father will need my assistance prior to and care after his surgery. I am the only one that is available that can assist him during this crucial time. No other family member will be either available or physically able to assist during this time. Please approve this request so my father can get the care he is in need of for he will not be able to care for himself. We are not financially able to hire caregiver for my father either. Thank you.

Sincerely

*Tashia Channel*

Tashia Channel,
Voluntary Service Assistant

Attachments (2)
OPM Form 71
Physician letter

*maria denied verbally & refuse to send it forward - she return to me to land on Desk w/ study no denial.*

For Straight LWOP: attach OPM-71
Approving Official: Service Chief (3days)/Associate Director (3-30days)/Director (more than 30days)

For LWOP under FMLA: attach OPM-71 and FMLA Form-WH380    Approving Official: Director Only

## Request for Leave or Approved Absence

| 1. Name (Last, first, middle)<br><br>CHANNEL, Tashia | 2. Employee or Social Security Number (Enter only the last 4 digits of the Social Security Number (SSN)) |
|---|---|

**3. Organization**

VOLUNTARY SERVICE  135/SAC

| 4. Type of Leave/Absence (Check appropriate box(es) below) | Date From | To | Time From | To | Total Hours | 5. Family and Medical Leave |
|---|---|---|---|---|---|---|
| ☐ Accrued Annual Leave | | | | | | If annual leave, sick leave, or leave without pay will be used under the Family and Medical Leave Act of 1993, please provide the following information: |
| ☐ Restored Annual Leave | | | | | | |
| ☐ Advanced Annual Leave | | | | | | **I hereby invoke my entitlement to Family and Medical Leave for:** ☐ |
| ☐ Accrued Sick Leave | | | | | | |
| ☐ Advanced Sick Leave | | | | | | ☐ Birth/Adoption/Foster Care |

**Purpose:**
- ☐ Illness/injury/incapacitation of requesting employee
- ☐ Medical/dental/optical examination of requesting employee
- ☐ Care of family member, including medical/dental/optical examination of family member, or bereavement
- ☐ Care of family member with a serious health condition
- ☐ Other

☐ Serious health condition of spouse, son, daughter, or parent

☐ Serious health condition of self

*Contact your supervisor and/or your personnel office to obtain additional information about your entitlements and responsibilities under the Family and Medical Leave Act. Medical certification of a serious health condition may be required by your agency.*

| | Date From | To | Time From | To | Total Hours | |
|---|---|---|---|---|---|---|
| ☐ Compensatory Time Off | | | | | | |
| ☐ Other Paid Absence (Specify in Remarks) | | | | | | |
| ☒ Leave Without Pay | 4-24-14 | 4-30-14 | 7:30:00 AM | 4:00:00 PM | 40 | |

**6. Remarks:**

CARETAKER OF FAMILY MEMBER (PARENT) HAVING MAJOR SURGERY

**7. Certification:** I hereby request leave/approved absence from duty as indicated above and certify that such leave/absence is requested for the purpose(s) indicated. I understand that I must comply with my employing agency's procedures for requesting leave/approved absence (and provide additional documentation, including medical certification, if required) and that falsification on this form may be grounds for disciplinary action, including removal.

| 7a. Employee Signature *Tashia Channel* | 7b. Date<br>Apr 10, 2014 |
|---|---|
| 8a. Official Action on Request:  ☐ Approved    ☐ Disapproved | (If disapproved, give reason. If annual leave, initiate action to reschedule.) |
| 8b. Reason for Disapproval: | |
| 8c. Supervisor Signature | 8d. Date |

**PRIVACY ACT STATEMENT**

Section 6311 of Title 5, United States Code, authorizes collection of this information. The primary use of this information is by management and your payroll office to approve and record your use of leave. Additional disclosures of the information may be: to the Department of Labor when processing a claim for compensation regarding a job connected injury or illness; to a State unemployment compensation office regarding a claim; to Federal Life Insurance or Health Benefits carriers regarding a claim; to a Federal, State, or local law enforcement agency when your agency becomes aware of a violation or possible violation of civil or criminal law; to a Federal agency when conducting an investigation for employment or security reasons; to the Office of Personnel Management or the General Accounting Office when the information is required for evaluation of leave administration; or the General Services Administration in connection with its responsibilities for records management.

Public Law 104-134 (April 26, 1996) requires that any person doing business with the Federal Government furnish a social security number or tax identification number. This is an amendment to Title 31, Section 7701. Furnishing the social security number, as well as other data, is voluntary, but failure to do so may delay or prevent action on the application. If your agency uses the information furnished on this form for purposes other than those indicated above, it may provide you with an additional statement reflecting those purposes.

| Office of Personnel Management<br>5 CFR 630 | Local Reproduction Authorized | OPM Form 71<br>Rev. September 2000 |
|---|---|---|

**Exhibit J**

Morning Regina;
What type of leave is she requesting and why?  She is late frequently.
This is my first day back from vacation and there is no one here in the office.

*Maria Almes*
Chief, Voluntary Services
VA Northern California Health Care System
10535 Hospital Way, Mather, CA 95655
Office Phone  - 916-366-5372
Fax - 916-366-5417

*Voluntary Service*   *The value of a volunteer is beyond measure!*

VA HEALTH CARE | Defining EXCELLENCE in the 21st Century

*Reduced pay, couldn't afford to fut car.*

**From:** Leno, Regina R.
**Sent:** Monday, May 13, 2013 7:14 AM
**To:** Almes, Maria
**Cc:** Leno, Regina R.; Channel, Tashia
**Subject:** CHANNEL

*called w/in 2 hrs of duty, called before shift started.*

Good morning,

shia will be in late this morning. (5/13/2013) She will enter her Leave in Vista when she arrives.

Thanks,
Regina



Channel, Tashia

**From:** Channel, Tashia
**Sent:** Friday, May 17, 2013 9:19 AM
**To:** Channel, Tashia
**Subject:** timecard for 5-5-13 to 5-17-13

CHANNEL,TASHIA E        T&L 730  Telework Ind: Z    XXX-XX-0076

| Date | TW | Scheduled Tour | Tour Exceptions | |
|------|----|----|----|----|
| Sun  5-May-13 | | Day Off | | |
| Mon  6-May-13 | | 07:30A-04:00P | | |
| Tue  7-May-13 | | 07:30A-04:00P | | |
| Wed  8-May-13 | | 07:30A-04:00P | | |
| Thu  9-May-13 | | 07:30A-04:00P | 01:45P-04:00P | SL SICK LV |
| Fri 10-May-13 | | 07:30A-04:00P | | |
| Sat 11-May-13 | | Day Off | | |
| Sun 12-May-13 | | Day Off | | |
| Mon 13-May-13 | | 07:30A-04:00P AWOL | 07:30A-08:30A | WP LWOP |
| No contact | | | | |
| Tue 14-May-13 | | 07:30A-04:00P | | |
| Wed 15-May-13 | | 07:30A-04:00P | | |
| Thu 16-May-13 | | 07:30A-04:00P | | |
| Fri 17-May-13 | | 07:30A-04:00P | | |
| Sat 18-May-13 | | Day Off | | |
| Thu  9-May-13 | | 01:45P  SL Requested but not Approved | | |

CHANNEL, TASHIA E          Telework Ind. Z     XXX-XX-0076
              Corrected  T&A  History


Status: PAYROLL PROCESSED   * * * Prior Data * * *      3-Jun-13  1:23pm

   Date    TW  Scheduled Tour     Tour Exceptions
Mon 13-May-13   07:30A-04:00P        07:30A-08:30A    WP LWOP
                       AWOL
    No contact


            * * * Corrected Data * * *


   Date    TW  Scheduled Tour     Tour Exceptions
Mon 13-May-13   07:30A-04:00P        07:30A-12:30P    WP LWOP
                       AWOL
    No contact
_____


Change Remarks: Revised time of WP

Press RETURN to Continue.



*Exhibit K pg1*

**Subject:**                     FW: CHANNEL - 13 May

**From:** Leno, Regina R.
**Sent:** Wednesday, May 15, 2013 6:27 PM
**To:** Aimes, Maria
**Cc:** Leno, Regina R.; Channel, Tashia; Starks-Dillahunty,Lutricia; Austin, Will'e; McClary, Kimberly P.
**Subject:** RE: CHANNEL - 13 May

Tardiness isn't applied to Leave. I know when Managers are Tardy, Leave isn't applied because it isn't required, same rules. Many employees Leave are improperly being taken against the employees, but maybe the Managers Leave should be checked out, all of it, SL, Vacation, OT, Comp Time. Some Managers will never run out of Leave, there's a reason for that. **Rules in VS cannot Different, but the same as other employees throughout the VA. As I stated before, you're late at 15 minutes, up to 14 minutes, you're Tardy, this applies to all employees.**

**5 USC 63 and the Master Agreement states: An employee may use AL for Vacations, Rest and Relaxation, Personal Business or Emergencies.** Approval of leave have never been Contingent on whether you enter a Reason, because a Reason is not Required. I PERSONALLY notified you that an employee would be late, you didn't even appear thankful, you looked for something else, as there always is. Most of the Managers are happy and acknowledge when receiving the notification from me, because this helps them regarding assignments for the day, and running the department effectively. When employees request Leave in Advance for Vacation, the Supervisor is supposed to approve vacation within 2 weeks. Instead, VS waits until certain employees are ready to take Leave, then it's disapproved. That's not the proper protocol at all, OPM nor the Master Agreement allows for "Personal Feelings" to be applied or abused in Decisions for Leave approval. Supervisors are supposed to check Vista for employee's request, but lack of Procedures can be utilized for filing by employees.

The employees have a right to file against all of the "Prohibited Personnel Practices", etc., but at this time have been asking for assistance to make these corrections and with hopes of resolutions at the Lowest Level within the VA. I don't understand the Resistance of fixing the problems, when the employees are willing, when they could just handle matters directly on the outside, and

Exhibit -K pg2

everybody would know. That's why it's important for the employees to also feel the Neutrality of HR, and not get the feeling that HR is only supportive and assistive of the Managers, or at the Management Level. Right now, "Lip Service" will not work---There isn't any trust there on either side, which makes and creates an Explosive Hostile Work Environment. We must be able to take care of the Veterans, that's quite impossible to provide good service to them under unhealthy and unsafe working environment. Employees provide the care to the Veterans, Managers get the credit, and still act as if the service fell from the sky. Somebody did it, you must know it in order to have the ability to do it. Don't discredit the employee's hard works, this is 2013.

AWOL----Employees should have Provisional Leave Prior to being Placed on AWOL, instead in VS, the opposite applies, even when awareness of Sickness have been Provided.(Master Agreement) Some employees get AWOL placed on their timecards whether he or she has Leave on the books or not, under what Authority? That's in Violation, as many other things. Fix it. ·

FMLA----Requirement is **Form WH-380-E  (Department of Labor)**. Keep in mind that Policies, Rules, ETC., must be in compliance with the Master Agreement and DOL, Code of Federal Regulations. When requesting Leave for FMLA, it is at the employee's discretion what type of Leave is to be used, not the Managers. It's the employee's leave, no one else determines what is used. LWOP that is requested by employees is granted, and is not at the discretion of the Department for FMLA.(Master Agreement) There are entitlements for employees under FMLA.

**Article 17---EMPLOYEE RIGHTS**----No employee will be subjected to intimidation ,coercion, harassment, or unreasonable working conditions as reprisal or be used as an example to threaten other employees.

An employee who exercises any statutory or contractual right shall not be subjected to **REPRISAL or RETALIATION**, and shall be treated fairly and equitably.

No disciplinary, adverse, or major adverse action will be taken against an employee upon an ill-founded basis such as unsubstantiated rumors or gossip.

Be encouraged to give suggestions and ideas to make the Department a better workplace and enable the Department to better serve Veterans.

When an employee receives confliction orders, he/she will bring the conflict to the attention of the Supervisor who gave the last order or another appropriate Supervisor. The employee will be given a clarified order. The employee will not be subject to disciplinary, major adverse or adverse action for following the clarified order. If help is needed, I'm available.

2

*Evidence #*

**From:** Leno, Regina R.
**Sent:** Monday, January 13, 2014 8:01 AM
**To:** Howell, Christopher
**Cc:** Leno, Regina R.
**Subject:** RE: 1-8-14 AA disapproved

Chris,

Tashia only took 1 hour with the Union, but it appears 2 hours was not approved, that's falsification again. Maria placed in the Remarks section of Tashia's LES that 2 Hours is Approved, but actually Disapproved it altogether. Tashia didn't write this. At any rate, Maria disapproved the meeting with the Union, for a Major Disciplinary Action? Tashia always has to get HR involved to attempt to get approval to meet with her representative, other employees don't go through this. This is just some crazy hot mess. How does she get away with this stuff?

Tashia's timecard has many errors, Supervisor illegally taking away her Leave even when she's there at work, Really? Saying she didn't call, when she did, and puts "NO CALL NO CONTACT", when she did. That's why she don't want another person involved to notify, because she can get away with taking away of someone else's Leave. I brought this to the attention of the Agency before, and this keeps getting ignored, Maria can say Tashia isn't at work when she is, she can say she's 1 hour late, when she's on 10 or 15, because Maria wants to show that Tashia is using Leave when she isn't. That's the crime, Falsification, Fraud, Abuse of Authority, etc.

You are the only one that knows what to do, will you please let them know?

Regina

-----Original Message-----
From: Channel, Tashia
Sent: Friday, January 10, 2014 10:59 AM
To: Leno, Regina R.
Subject: FW: 1-8-14 AA disapproved

If you look here it shows one part on time card disapprove yet remarks approved 2 hr. I will be charge llwop for remarks have nothing to change or effect timecard pay.

-----Original Message-----
From: Channel, Tashia
Sent: Friday, January 10, 2014 10:56 AM
Subject: 1-8-14 AA disapproved

VA TIME & ATTENDANCE SYSTEM
            LEAVE REQUESTS

CHANNEL,TASHIA E                    XXX-XX-0076

Begin with Date: T//12-27-13  (DEC 27, 2013)

07:30A  8-Jan-14 to 12:30P  8-Jan-14 5 hrs Annual Leave Disapproved
    fmla
 Requested:  8-Jan-14  1:55pm
 Jpr: insufficient AL
02:00P  8-Jan-14 to 03:00P  8-Jan-14 1 hrs Authorized Absence Disapproved
    union meeting

Requested: 8-Jan-14  1:57pm
Supr: 2 hrs AA 2-4pm granted
01:00P  8-Jan-14 to 01:30P  8-Jan-14 .5 hrs Annual Leave Requested
al for fmla
Requested: 10-Jan-14  9:35am
07:30A  3-Jan-14 to 04:00P  3-Jan-14 8 hrs Annual Leave Approved
al for fmla using accrued leave
Requested: 6-Jan-14  1:05pm

Press RETURN to Continue.



07:30A  2-Jan-14 to 09:00A  2-Jan-14 1.5 hrs Annual Leave Approved
al in lieu of sl for fmla
Requested: 2-Dec-13  3:12pm
07:30A 30-Dec-13 to 09:30A 30-Dec-13 2 hrs Sick Leave Disapproved
fmla test supv at 7:47am on 12-30-13 for fmla
Requested: 30-Dec-13 10:17am
Supr: no call no contact AWOL
07:30A 26-Dec-13 to 04:00P 27-Dec-13 16 hrs Annual Leave Disapproved
PERSONAL
Requested: 4-Dec-12  2:28pm
Supr: insufficient leave

Press RETURN to Continue.

# Memorandum

**Date:  June 24, 2013**

**To: Dr. Wafa Samara (Deciding Official)**

**From:  Tashia Channel (Employee)**

**Re:  Response to Proposed Suspension**


  This is my response to the Proposed Suspension, dated June 3, 2013 that I received on June 4, 2013, since I was out ill on June 3, 2013. According to the Memo, (signed by Maria Almes, my Supervisor) I have been given 14 Calendar days to respond, and therefore; once again I will have to respond for myself. My deadline would have been on June 18, 2013, but since my Supervisor couldn't wait to move to the next level of Disciplinary Action by progressing to a Suspension, utilizing a Reprimand in the Suspension, before the Agency provided an answer, my timeline is different.  The Agency was untimely and did not provide an Answer for the prior Disciplinary Action until June 10, 2013, which should have been answered in May, 2013. My timeline for responding, 14 Calendar days is now June 24, 2013, counting from June 20, 2013. My attempts at assistance from AFGE Local 1206 President were unsuccessful, because the Union President (Union Deciding Official) refused to represent me after I submitted a 3rd Step Grievance for the Proposed Reprimand. The President of AFGE Local 1206 instructed me to take the Reprimand, since according to the President of this Local; a Reprimand will only stay in my folder for 3 years. In regards to assistance from AFGE Local 1206 with the Suspension, I'm on my own again as a "Dues Paying Bargaining Unit Employee". I don't understand how the Union can take our money, but when assistance is needed, we have to search elsewhere; while the Agency doesn't collect dues, but is allowing Management to "Violate our Rights", ignoring "Due Process. The Proposed Suspension, which

I perceive as retaliation, harassment, disparate treatment, and a hostile working environment, is continuous. Maria was made aware that I am ill, on FMLA, but she's using my illnesses (FMLA) to propose Disciplinary Actions, in order to remove me from Voluntary Service. Maria stated that she didn't want me back in the Service, and since my return at the end of 2011, my Supervisor has shown exactly what her intentions are.

According to Article 35, Section 5 (Time and Leave), the requirement for Medical Certification must be reviewed six months(180 days) after such requirement is imposed. I received Medical Certification on 9/23/2011 which would have ended in March 2012. The effective date for Review is actually midway through the restriction period, and that's at least when I would have been notified of the decision or continuation. None of this took place, and instead, Maria continued on as if Medical Certification continued forever, violating the Master Agreement for approximately 2 years. Leave restriction and subsequent extensions are not in accordance with Article 35, which is considered non-compliance with the Agreement. Also, on this Suspension Memo, I see that Maria's placed dates regarding Medical Certification, and you will see the dates are 9/23/11 and 4/4/13 only, clearly not what the Master Agreement states. As for the 4/4/13 Medical Certification, I do not have a copy of this, because she just wrote another Certification, and acting as if the above procedure was followed, it was not, but it's because she attempted to cover herself once Violating the Contract. Take a look at the Memo, there isn't anything about "Medical Certification Reviews", that's because they don't exist, and it never happened. She's attempted to keep me on Medical Certification as long as she can, to gain Leverage. Again, as I stated before, I believe that Maria's upset because of my continuous attempts to seek help from the Agency regarding her actions towards me, including several HR meetings, Mr. Mendoza (AD) on 11/15/2012, another AD meeting on 1/14/2013. The environment in the Department became almost unbearable, and she just turned everything around, and is using my illness against me. Also in Article 35, it states that "the employee will also be notified of the reasons in writing if the restriction is to be continued beyond six months. That process did not take place at all.

There are 6 Specifications on this Proposed Suspension in Charge 1. All of them were for illness, and I'm being written up due to Medical documents that I was not technically required to submit because of the Agency's non-compliance with the Master Agreement. When I informed my doctor that I was still being harassed, I was provided a doctor's note and an updated FMLA document, which Maria was already aware that I was waiting on. Even though she received a doctor's note, along with the FMLA documents, she is still attempting suspension, due to my illness, yet she didn't follow the rules. It doesn't matter what I do, she will find something wrong, in it, simply because she don't want me there. In August 2012, she sent me an e-mail stating that if I'm late, I would be marked AWOL, and she would not approve AL. It doesn't matter if I have leave or not, she chooses to place me on AWOL, therefore; she uses it as a form of Disciplinary.

Charge 2 has 2 specifications, which states that she wasn't notified on 2 dates. She was notified on both dates, Regina, the responsible person for those dates, notified Maria for me, due to the negative History and inconsistencies of information provided when I am without proof that Maria is contacted. This was already agreed upon with HR (Marlene Lewis), that I provide notification, since stories weren't' matching, which would also include texting.(Documentation for Notification) This was strictly because if I stated I contacted Maria, she would state that I didn't, so documentation began. In fact, Maria sent an e-mail to all staff telling them that texting was OK, back in July 2012. However, she sent an e-mail directly to me in February 2012 stating that she wanted me to call her personal cell and the office number, which is also in Violation of the Contract.

I would like for all of the unhealthy behaviors listed above to stop. Please take a look at my Response and compare it to what the implications are from Maria. You will find the Violations, hand written by Maria, yet she wants me penalized. The Violations committed in this Suspension, along with the other Falsifications in the Proposed Reprimand, made it to the next Level, ignoring what she's actually doing. I would like the Deciding Official to take a long hard look at "Progressive Discipline" process, the true reasons behind it, and whether I did anything wrong, with the exception of my illness. It is my sincere wish that

I receive "Due Process" and one cannot possibly get away with the submission of "Falsification of Documents/Timecards. When my Supervisor states that I'm not at work when I was, or say that she had no call or no contact, but she did, state I didn't follow instructions for Leave, but I did, didn't provide Medical Documents, and I did, I feel Violated. My expectations are for the Deciding Official to take a look at both sides of what is going on in Voluntary Services, what is and have been proposed, and provide a fair and equitable decision.

Thanks,

Tashia Channel



**DEPARTMENT OF**
**VETERANS AFFAIRS**

# Memorandum

Date: 3/31/14

From:   Maria Almes, Chief, Voluntary Service, VANCHCS/Mather

Subj:   Proposed Removal

To:   Tashia Channel, Voluntary Services Assistant (OA), VANCHCS/Mather

1.  It is proposed to remove you from Federal Service based on the following reasons:

**CHARGE 1: Absent without Leave (AWOL)**

**SPECIFICATION 1:** You were scheduled for duty from 7:30- 4:00 on Tuesday, February 11, 2014.  Due to your failure to properly notify your supervisor and obtain authorization for your absence, your absence was recorded as AWOL from 7:30- 11:00. Your failure to contact your supervisor within the two hours of the start of your shift is inconsistent with the requirements of Policy Statement 05-01(Leave Administration).  Your absence from duty was recorded as AWOL.

**SPECIFICATION 2:** You were scheduled for duty from 7:30-4:00 on Wednesday, February 12, 2014. Though you requested to invoke the Family Medical Leave Act.(FMLA), you'd previously been notifed that your entitlement to FMLA had been exhausted and you did not have annual or sick leave to cover the absence, your leave was recorded as AWOL. Your being AWOL cannot be tolerated.

**SPECIFICATION 3:** On February 13, 2014 you were scheduled for duty from 7:30-4:00. You did not report for duty as scheduled. Though you'd called requesting FMLA, you'd previously been notified that your entitlement was exhausted. Your leave was unauthorized and recorded as AWOL. Your being AWOL is unacceptable.

**SPECIFICATION 4:** On February 19, 2014 you were scheduled for duty from 7:30-4:00. You did not report for duty as scheduled. Though you requested FMLA for your absence, you'd previously been notified that your entitlement was exhausted. Your leave was unauthorized and recorded as AWOL. Your being AWOL is unacceptable.

**SPECIFICATION 5:** On February 20, 2014 you were scheduled for duty from 7:30-4:00. You did not report for duty as scheduled. Though you'd called requesting FMLA, you'd previously been notified that your entitlement was exhausted. Your leave was unauthorized and recorded as AWOL. Your being AWOL is unacceptable.

**SPECIFICATION 6:** On February 21, 2014 you were scheduled for duty from 7:30-4:00. You did not report for duty as scheduled. Though you'd called requesting FMLA, you'd previously been



notified that your entitlement was exhausted. Your leave was unauthorized and recorded as AWOL. Your being AWOL is unacceptable.

**SPECIFICATION 7:** On February 20, 2014 you were scheduled for duty from 7:30-4:00. You did not report to duty as scheduled. Though you'd requested FMLA, you'd previously been notified that your entitlement was exhausted. Your leave was unauthorized and recorded as AWOL. Your being AWOL is unacceptable.

**SPECIFICATION 8:** On March 5, 2014 you were scheduled for duty from 7:30-4:00. You did not report for duty as scheduled. Though you'd requested FMLA, you'd previously been notified that your entitlement was exhausted. Your leave was unauthorized and recorded as AWOL. Your being AWOL is unacceptable.

**SPECIFICATION 9:** On March 6, 2014 you were scheduled for duty from 7:30-4:00. You did not contact me nor report to duty as scheduled. Your absence was recorded as AWOL. Your being AWOL is unacceptable and cannot be tolerated.

**SPECIFICATION 10:** On March 7, 2014 you were scheduled for duty from 7:30-4:00. You did not report for duty as scheduled. Though you'd requested FMLA, you'd previously been notified that your entitlement had been exhausted. Your absence was unauthorized and recorded as AWOL. Your being AWOL is unacceptable and cannot be tolerated.

**SPECIFICATION 11:** On March 14, 2014 you were scheduled for duty from 7:30-4:00. You did not contact me, nor did you report for duty as scheduled. Your absence was recorded as AWOL. Your being AWOL is unacceptable and cannot be tolerated.

### CHARGE 2: Failure to Follow Leave Procedures

**SPECIFICATION 1:** You were scheduled for duty from 7:30-4:00 on February 11, 2014. You did not report for duty, nor did you contact me within the appropriate time to report your absence. Policy Statement 05-01, Leave Administration, requires that you report your absence to your supervisor within two hours of the start of your shift. You did not follow proper leave procedures in reporting that you would be unavailable for work.

**SPECIFICATION 2:** On February 13, 2014 you were scheduled for duty from 7:30-4:00. You did not report for duty. Though you'd contacted me requesting FMLA, you'd previously been alerted that your entitlement to FMLA was exhausted. Your failure to properly follow leave procedures is unacceptable and in conflict with the requirements set forth in Policy Statement 05-01, which requires employees to make proper requests for leave.

**SPECIFICATION3:** On February 19, 2014 you were scheduled for duty from 7:30-4:00. You did not report for duty. Though you'd contacted me requesting FMLA, you'd previously been alerted that your entitlement to FMLA was exhausted. Your failure to properly follow leave procedures is unacceptable and in conflict with the requirements set forth in Policy Statement 05-01, which requires employees to make proper requests for leave.



**SPECIFICATION 4:** You were scheduled for duty from 7:30-4:00 on February 21, 2014. You did not report for duty as scheduled. Though you'd contacted me requesting FMLA, you'd previously been alerted that your entitlement to FMLA was exhausted. Your failure to properly follow leave procedures is unacceptable and in conflict with the requirements set forth in Policy Statement 05-01, which requires employees to make proper requests for leave.

**SPECIFICATION 5:** You were scheduled for duty from 7:30-4:00 on February 26, 2014. You did not report for duty as scheduled. Though you'd contacted me requresting FMLA, you'd previously been alerted that your entitlement to FMLA was exhausted. Your failure to properly follow leave procedures is unacceptable and in conflict with the requirements set forth in Policy Statement 05-01, which requires employees to make proper requests for leave.

**SPECIFICATION 6:** You were scheduled for duty from 7:30-4:00 on March 6, 2014. You did not report for duty, nor did you contact me to report your absence. Your absence from duty was unauthorized and in conflict with Policy Statement 05-01 which requires employees to contact their supervisor within two hours of the start of their shift to report absences. Your failure to contact me was a failure to follow proper leave procedures.

**SPECIFICATION 7:** You were scheduled for duty on from 7:00-4:00 March 14, 2014. You did not report to duty as scheduled, nor did you contact me to report your absence. You did not follow proper leave procedures in reporting that you would be unavailable for work. You failed to follow proper leave procedures.

2. **RIGHT TO REPLY:** If you choose to do so, you have 14 calendar days after receipt of this proposed action to reply to this notice orally, or in writing, or both orally and in writing, and to submit affidavits and other documentary evidence in support of your reply, showing why the charge is unfounded and any other reasons why your removal should not be effected. Your written reply should be submitted to the Deciding Official, Mr. David Stockwell, Director, VANCHCS. The deciding official will receive your oral reply or will designate an official or officials to receive it. You may make arrangements for your oral reply by calling Michelle Thomas at 916-843-7228.

3. **RIGHT TO REVIEW MATERIAL:** The evidence on which this notice of proposed action has been provided to you. You will be allowed 8 hours of official duty time for reviewing the evidence relied on to support the reason in this notice, preparing a written reply, securing affidavits, and for making a personal reply. Arrangements for the use of official time or requests for additional time should be made with me.

4. **RIGHT TO REPRESENTATION:** You may be represented by the union, an attorney or other representative of your choice at all stages of this matter, up to and including the issuance of the decision. Please advise me in writing of any representative designated.

5. **DECISION:** The final decision to effect the action proposed has not been made. The deciding official will make the final decision, will give full and impartial consideration to your reply(ies), if submitted, the evidence upon which this notice of proposed action is based, and

my assessment of the aggravating factors that I considered in recommending the proposed penalty.

6. **EFFECTIVE DATE:** If it is the decision of the deciding official that you be removed, your removal will be effective not less than 30 calendar days from the day after the date of receipt of the this notice.

7. **DUTY STATUS:** You will be retained in an active duty status during the advance notice period and should report to work as scheduled.

8. If you have any questions or do not understand the above reason(s) why your removal is proposed, contact me, or Michelle Thomas at 916-843-7228.

Maria Almes,
Chief, Voluntary Services,
VANCHCS

Employee Signature: _____ Date: _____



Channel, Tashia

**From:**       Channel, Tashia
**Sent:**       Thursday, December 05, 2013 8:30 AM
**Subject:**    etter

AMERICAN FEDERATION OF GOVERNMENT
EMPLOYEES LOCAL 1206
P.O.                                      BOX 1873
                                RANCHO CORDOVA, CA 95741
(916)                                     843-9407
**Step 3 Grievance Re: Tashia Channel**

Date:  Dec. 3, 2013

**Statement of Grievance:**

The Agency proposed a 14-day suspension for Tashia Channel, Voluntary Services Assistant, with charges of unauthorize absence, failure to follow proper leave procedures, and failure to follow instructions dated September 20, 2013.

The employee via her personal representative submitted a response dated October 3, 2013.

he response, it is noted that the employee's supervisor, Maria Almes, required the employee to meet with her and did n o...er the employee Union Representation before issuing the proposed 14-day suspension. It has also been documented in th response that Ms. Almes, seemingly, has created a hostile work environment by way of proposing ongoing adverse and/ disciplinary actions towards Ms. Channel.

The Agency sustained the 14-day suspension dated November 4, 2013 effective November 17, 2013 through December 1, 2013

Ms. Channel requested Union Representation on November 13, 2013 and believes the suspension is unfair and unjust.

**Violations:**

1. Master Agreement, Article 1
2. Master Agreement, Article 17
3. All other applicable, laws, rules, and regulations.

**Remedy:**

Make the employee whole by:
1. Rescinding the suspension in its entirety and removing it from the employee's record.
2. Master Agreement training for the supervisor.

Gloria B. Salter
President
 E Local 1206
916-439-3560

## Department of
## Veterans Affairs

# Memorandum

**Date:**

**From:**    John Hinson,

**Subject:**    Suspension- 14 Days

**To:**    Tashia Channel

1. In connection with the letter of September 20, 2013 in which you were given advance notice of your proposed suspension for 14 calendar days, a decision has been made to suspend you for 14 calendar days from November 17, 2013 through December 1, 2013 and will return to work on December 2, 2013, based on the following reasons:

**Charge 1:** Unauthorized Absence

> **Specification 1:** As stated in the notice of proposed suspension, is sustained.

> **Specification 2:** As stated in the notice of proposed suspension, is sustained.

> **Specification 3:** As stated in the notice of proposed suspension, is sustained.

**Charge 2:** Failure to Follow Proper Leave Procedures

> **Specification 1:** As stated in the notice of proposed suspension, is sustained.

> **Specification 2:** As stated in the notice of proposed suspension, is sustained.

> **Specification 3:** As stated in the notice of proposed suspension, is sustained.

2. In reaching this decision, your written and oral replies, along with all of the evidence developed, was considered. My decision to suspend you is based on the fact that the sustainment of any one of the specifications listed above would warrant a suspension according to the Table of Penalties listing VA Handbook 5021, Part I, Appendix A. In this case I have sustained all 6 specifications.

3. You may appeal this action under the Negotiated Grievance Procedures. Your grievance must be submitted in accordance with the provisions of the Master Agreement between the Department of Veterans Affairs and the American Federation of Government Employees, within 30 calendar days after you receive this suspension decision. For further information about the grievance procedure, you may consult Michelle Thomas at 916-843-7228.

John Hinson,
Acting Associate Director,
Sacramento Valley Division

# LAST CHANCE AGREEMENT

The Parties to this Agreement are Tashia Channel, Voluntary Services Assistant (OA), Volunteer Services, GS-6, VA Northern California Health Care System (hereinafter referred to as Ms. Channel), and the VA Northern California Health Care System, Department of Veterans Affairs (hereinafter referred to as the Agency).

In a letter dated on March 31, 2014, the Agency issued Ms. Channel a notice in which it proposed her removal from the Federal service. The proposed action was based on the charges of Absent Without Leave (AWOL) and Failure to Follow Leave Procedures.

This notice also advised Ms. Channel of her opportunity to respond to these charges both orally and in writing. Ms. Channel provided written and oral responses within the allotted time.

After carefully considering Ms. Channel's replies, the evidence supporting the charge, and the Douglas Factors, the deciding official, David Stockwell, sustained the proposed removal.

By letter dated May 14, 2014 Ms. Channel was notified of the decision to remove her from the Voluntary Services Assistant (OA) position and Federal service. This notice also informed Ms. Channel of her right to file an appeal with the Merit Systems Protection Board (MSPB) and or the Equal Employment Opportunity Commission (EEOC).

After much consideration, Mr. Stockwell agrees to offer Ms. Channel one final opportunity to conform her conduct to the Agency's standards. Ms. Channel has agreed to enter into this Last Chance Agreement which she understands will provide her with the opportunity to retain her employment but will require a knowing waiver of her right to appeal her removal.

1 -



**The Agency and Ms. Channel hereby mutually agree to the following terms and conditions of this Last Chance Agreement:**

1. **The Agency Agrees to:**

   a. Hold the effective date of the decision to remove her from Federal service in abeyance, for a period not to exceed the first date of her eligibility to retire from Federal service from the date of this Agreement which is July 31, 2014.

   b. Rescind the removal decision after the employee retires from service, should Ms. Channel satisfactorily comply with every term within this Agreement. The rescission will occur automatically without further action on the part of the Agency.

2. **Ms. Channel Agrees to:**

   a. Complete required documentation by contacting a Retirement/Benefits Specialist at 925-372-2051 within 2 weeks of signing this agreement and submit her retirement from Federal service as soon as she is eligible with an effective date of retirement of July 31,2014.

   b. Not engage in any act of misconduct that would merit any disciplinary action and maintain satisfactory performance during the life of this Agreement.

   c. Provide the Agency with a signed memo stating she will retire on July 31, 2014. This memo can be used by the Agency to effect the retirement if she fails to complete all required retirement processes.

3. **Violation of Agreement**

If Ms. Channel violates the terms of this agreement the removal action being held in abeyance will be effected based on the sustained charges and specifications in the decision notice dated May 14, 2014.

If Ms. Channel violates the terms of this agreement; she will be afforded the opportunity to resign from Federal service prior to the removal action being affected.

Satisfactory compliance with this Agreement will not result in the reversal of the decision to allow Ms. Channel to retire as soon as eligible as stated in paragraph 2a above.



## 4. Withdrawal of Appeals

Ms. Channel acknowledges her understanding that, prior to entering into this agreement, she had the right to challenge her removal. Her right to challenge this removal included, but was not limited to, the right of appeal to the MSPB, the right to pursue a grievance through the negotiated grievance process or administrative grievance process and the right to file a complaint of discrimination under EEOC provisions.

By execution of this agreement, Ms. Channel voluntarily withdraws any and all pending EEO complaints, MSPB appeals, Office of Special Counsel complaints, grievances, court actions, and any other causes of action or proceedings now pending against the Agency, its past and present officers or employees, of any type, in any forum, in any stage of processing, formal or informal, in their entirety.

## 5. Waiver of Claims

Ms. Channel hereby waives any and all actions, claims, complaints, EEO Complaints, grievances, appeals and other causes of action and proceedings of whatever nature against VA, its past and present officers and employees, in their personal as well as their official capacities, including all damages and attorney fees, which are now or hereafter may be asserted by her or on her behalf based on any action taken as of the date of Ms. Channel's execution of this agreement, with the exception of any claims that may arise by reason of breach of any term of this agreement.

6. Ms. Channel hereby waives her right to challenge her removal in the event that the Agency effects the removal action being held in abeyance. This waiver specifically includes, but is not limited to, a waiver of Ms. Channel's right to appeal her removal to the MSPB, to pursue a grievance or arbitration under a collective bargaining agreement, to pursue any action or charge before the Federal Labor Relations Authority (FLRA) and to bring an action against the Agency, its employees or its agents in any forum and before any administrative or judicial body involving issues related to his removal.

7. Ms. Channel also specifically agrees to waive any right to a review of this Agreement, any violation of this agreement, or an Agency decision to effect the removal action currently being held in abeyance pursuant to this Agreement, through a negotiated grievance procedure, by an arbitrator, by FLRA, by EEOC, by MSPB or by any court.

8. The Parties agree that the Agency will not pay any damages, back-pay, attorney's fees or other relief.

9. Ms. Channel further agrees that the Agency may submit this Agreement as evidence of withdrawal or waiver of any claim to be withdrawn or waived hereunder.

10. Ms. Channel also agrees to promptly provide any document or take other action necessary to effectuate the withdrawal, dismissal, or waiver of any claim in compliance with this agreement.

11. The parties further stipulate that:

a. Ms. Channel and the Agency have entered into this agreement freely and voluntarily;

b. This agreement does not constitute an admission of guilt, fault or wrongdoing by either party;

c. This agreement shall not serve as precedent for resolving any other complaints, grievances, appeals or actions, which have been or may be filed;

d. This agreement constitutes the entire understanding between the parties, and there are no other terms or commitments, verbal or written;

e. Ms. Channel has thoroughly reviewed the entire agreement and understands its provisions; and

f. Ms. Channel had the right to consult with a representative of her choice prior to signing the agreement.

g. Ms. Channel had a period of fourteen (14) days to consider the Agreement and

h. Ms. Channel will have seven (7) days following the execution of the Agreement to revoke the Agreement, and the Agreement will not become effective or enforceable until the seven-day revocation period has expired.

i. Ms. Channel's relinquishment of these claims and rights is specifically conditioned upon the Agency's performance of the actions set forth herein above.

12. This agreement shall be made a part of the record of any pending EEO complaints encompassed in this agreement, and remains enforceable under the jurisdiction of the EEOC, following dismissal of this case.

13. This agreement constitutes the entire understanding between the parties, and there are no other terms or commitments, oral or written.

14. This agreement may not be modified except by a writing signed by all of the parties.

## 15. Preservation of Claims

a. Ms. Channel has not waived any rights or claims, not specified above, that may arise after the date this agreement is signed; and,

b. Ms. Channel has not waived any rights or claims, not specified above to benefits to which she is entitled or which may arise after the date this agreement is signed.

16. If Ms. Channel is terminated for violation of this Agreement, Ms. Channel will not apply for nor accept any position with the U.S. Department of Veterans Affairs within ten (10) years after the date of this Agreement.

17. If a provision of this Agreement is found to be invalid or illegal in any forum, such provision will be considered to be severed, and the invalidity of that provision will not result in the invalidity of this entire Agreement or any other provision of this Agreement.

**Ms. Channel specifically acknowledges that she has had an opportunity to fully review and consider this Agreement; and that she fully understands and agrees to all of its provisions.**

| | |
|---|---|
| Tashia Channel          Date | David Stockwell          5/18/14  Date |
| Voluntary Svcs Asst (OA) | Director |
| VS, VANCHCS | VANCHCS |

5 of 5

# MEMORANDUM

Date: 4/8/14

From: Tashia Channel, Voluntary Service Employee

Subject: Response to Propose Removal

To: Mr. David Stockwell, Director, NCHCS

My name is Tashia Channel, and I have been employed with the Federal Government since 1984. My present place of employment with the Government is in the Voluntary Services Department, Mather facility. I plan to retire from the NCHCS no later than July 2014, as I am currently on FMLA due to several Health Conditions, which my Supervisor is well aware. I have been caring for my elderly parents and older mentally ill sister, and now my mother is deceased. My father is old and feeble and still needs my assistance for his care. On top of all of that, my daughter recently became gravely ill, and I also have to care for myself. While taking care of all of my other family members, along with finding time to deal with my own health issues, the number of sick days and paid vacation days do not begin to cover the time that's needed. I feel that I shouldn't have to lose my job to care for myself or anyone of my family members. During my employment with the VA, many things have transpired, and I've been a witness to the MIA scenario in 2008. This involved my Supervisor, Maria Almes, (formerly known as Maria Prom) who was the person that could never be found, during her Acting Supervisory position in Voluntary Services upon her arrival. No one knew where she was, and the employee she was supposed to be training for several hours per day, couldn't be trained, since Maria couldn't be found. When reported by the untrained employee, I was questioned, and provided the truth, she wasn't in VS. This was such an

This was such an uproar for Maria, employees on campus stated that she would make a special effort to get me fired. This type of decision can impact my compensation, pension, retirement, and any possible future prospects for me in the federal sector. In order to invade embarrassment for the Agency, lies are told to cover up the fraudulent activity of Corrective Time-Cards, FMLA posting, falsification of statements that she didn't hear from me and Maria imposes these lies on the Timekeepers, to use against me. While on FMLA, she instructs time to be taken away from my FMLA, when it wasn't even requested or used, and when the Leave is requested, I'm placed on AWOL. The following Pay Period, she goes back and does a corrective time-card, for the last week's AWOL, and takes away the Leave on the Books, to continue the same Pattern. Maria never informs me of what she's doing to my time-cards, never notifies me that she's contacted Payroll to do a corrective time-cards, and I find out the next pay period that something happened. At that point, I have to contact Payroll, and they inform me that my Supervisor is supposed to discuss her actions with me, but that never happens. Maria has total control over everything, and she abuses it, because she's angry with me, for telling the truth about her in the past. I do know that she is the Supervisor, but the Timekeepers are supposed to follow the Timekeepers' guidelines, not Maria's opinions. I've asked for an Audit several times, since Leave is taken on days I'm at work. I believe that I am the most senior in the office, (Literally) and Maria makes certain that she's given me the Lifting and Packaging job. She is well aware of my injury/illness, and my Doctor stated Minimal Lifting. She forces me to put all of the Supplies away, which requires Lifting of "Lost and Found" (Heavy Chest), Packing, Lifting and placing it on the Cart. Supplies are boxes of things that she forces me to move



from the hallway, which causes me extreme pain traveling throughout my body. Maria knows, once I'm hurting so badly, and can hardly walk afterwards, due to excruciating pain, I probably can't come to work afterwards; which is the plan. Unfortunately, possibly facing different types of inappropriate, criminal behavior for fraud, decrying the profligate abuse that she engaged in became a mass execution against me. As I stated time and time again, who's checking her? Nobody's watching her Time-Cards or her Time as she comes and goes frequently, Leave early, but still has enough is able to take more than 3 vacations per year. She's moved her T&L to somewhere else, along with the newly hired staff in the Department, who's supposedly been promised a promotion. The rest of Voluntary Service Staff has their T&L under Voluntary Services.

I am asking that the allegations are dropped based on evidence of contradictory information, as Maria is being dishonest with my Leave. I was at work on days that Maria marked me AWOL, yet Maria fabricated dates to make it seem that there was "no call-no contact. Even when I showed through E-Mail, Log, etc., that she wasn't telling the truth, and she was falsifying my Leave/Time-Card, she was the Hero. I was the one victimized, and her behavior is never scrutinized. As in the past, I have proven that she lied on several occasions, but my evidence provided was always overlooked, never used or considered for decisions, while focusing on my Leave Balance instead. If the allegations cannot be dropped, I would like to seek action portrayed on how similar cases have been handled, including at this VA. There are other employees, who committed Criminal Acts, and were paid to stay home, and then were allowed to Retire. Also, in the event, you feel that these Charges cannot be dropped, an Agreement would be considered as another





option, in order to justly maintain employment until retirement, as I feel I've earned. I would appreciate the use of my Evidence provided, and that it is used and considered in making a fair and just decision, that would be considered due process for me.

Charge 1 and Charge 2: These are the same dates used in the Proposal, AWOL/Failure to Follow Procedures (Evidence of E-Mails, Text Messages, Time Cards, is attached. A brief re-cap is provided).

1. Medical Certification 4/4/13 should have ended 9/13, but didn't. Must be reviewed every 6 months, but wasn't, it was simply continued, up to now. I never received any letters from that time; she just decided to keep it as ongoing, which is in Violation of the Master Agreement. Please review.

2. Mr. Mendoza—Meeting on 11/15/12; 1/14/2013 regarding issues and concerns with Maria in the Service. She was furious that I had this meeting, especially since Mr. Mendoza was her Supervisor; the attack on me grew tremendously. Please Review.

3. Ergo requested, but refused and canceled by Maria. Removed out of the back office, never received desk, never received Plantronics for phone, chair, foot rest, proper keyboard/screen, etc. I'm forced to lift and move boxes, against my doctor's orders, yet as my Supervisor, she has a copy of FMLA documents, and my episodic flare ups are ignored.

4. Office taken away, given to Student, and I was forced to work as a Receptionist, while the Student was allowed to shop on the Internet, play on Facebook, and set work on my desk she didn't do. Please review.



5. Telephone Log Taken Away, New one provided at each desk. Proof showing that I was at work, which was provided in my Proposed Reprimand, so the Log with my messages taken was taken away. Please review.

6. ROC was taken, my statement was taken, but the Police never came back with a Follow up. Maria cornered me at my desk, didn't allow me to come out, she stood face to face as I pretended to go left verses right, and was able to finally get away from her. Maria was trying to provoke me, nothing was done. Please review.

7. 8/2012---Maria stated that if I'm late for work, she would still mark me AWOL, Leave or not. My Leave is taken, because she stated it's based on her approval, so it's disapproved, even with Leave on the books. Please review.

8. Received a Proposed Suspension on 6/4/13, my Deadline to respond was June 18, 2013.

9. Maria gave me another proposed action on June 2013, prior to the Action from the previous Proposal, as well as the Decision from the Agency, which wasn't received yet, but that's how quickly she wants me out. The evidence was ignored; please review, as my illness and calling in was the focus.

10. The Agency's Decision wasn't received until 6/10/13, which was supposed to be received on 5/2013, untimely. The evidence provided was ignored.

11. The Union President (Gloria Salter) instructed me to take the Reprimand, after I filed my own Grievance in 5/2013. She stated it would only stay in file for 3 years, so she refused Arbitration on my behalf.



12.   I have provided e-mails and text messages that shows my notifications to Maria, which of course she states that was never received in the Government Cell Phone. I am requesting that the Service provider releases a Print Out of the calls and texts coming in and out of that phone from the time she signed out for the Phone. Prior to that, she was using her Personal Cell phone, which I'm aware we cannot force her to divulge anything from that. However, the government phone, it will show the truth. Also, I have provided what was sent to her. In fact, please take a look at 2/20/14, 2/19/14, 3/2014 as dates Maria is claiming I wasn't at work, but actually was there. The other dates, shows e-mails, phone contacts, or texts. If you review my past Suspensions, Reprimand, you will also find that evidence was provided with regards to e-mails, phone messages printed from the phone, but it was not used. Please review.

These charges are with regards to my Medical Condition, filed under the Family Medical Leave Act Guidelines. Maria placed me on AWOL for these charges due to my illness and claimed abuse to get rid of me. The working environment is nothing short of hostile and full of harassment and inappropriate comments. Maria stands over me, follows me to the bathroom, refuses breaks, and sometime refuses lunch. Maria has gone so far as to one day when I did not go to work because of my illness; Maria had the Police go to my home. This type of environment has caused me a lot of overwhelming stress, increasing the severity of my illness. Now, Maria is attempting to fire me because of my illness, which is clearly a Disability. Also, she's retaliating against me for utilizing and taking Medical Leave. I've continued to receive Adverse



Employment Action. She received Voice Messages, Text messages on the Government Cell Phone she was provided, and E-Mails were also sent from Regina Leno to notify her of my status for the dates in question, as required in the VA Policy and the Master Agreement. As we all know, illness isn't based on whether you have any Leave left, yet many employees are not harassed or Disciplined for their illness. In fact, employees are allowed to be on "Leave Donation Program", meaning all of their Leave is gone, but they are not in any danger of losing employment. These employees are not being disciplined at all. I am still optimistic that we can arrive at a mutually acceptable and agreeable solution, once a thorough investigation into all of the facts and circumstances surrounding these events.

Sincerely

Tashia Channel



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 77960
Washington, D.C. 20013

Sep 07, 2017

Tashia E Channel                    Docket # : 0120172912
PO Box 3535                         Filed    : 09/01/17
Diamond Springs, CA 95619          Agency Number(s): 200P06122013103617,
                                    200P06122014105028

Dear Ms. Channel:

This Commission acknowledges receipt of the above referenced appeal on the date indicated. Any statement or brief in support of the appeal must be submitted to the Commission as well as to the agency within 30 days of filing the notice of appeal. The Commission will accept statements or briefs in support of an appeal by facsimile transmittal (Fax number 202-663-7022) provided they are no more than ten (10) pages long. You are reminded that it is your responsibility to ensure that the agency receives a copy of any material you submit to this office. You should reference the above docket number in all submissions and correspondence to the Commission.

You will be notified by first class mail as soon as a decision is reached on the appeal. You are responsible for providing the Commission with notice of any change of address. The Commission will terminate the processing of the appeal if you file a civil action, in accordance with 29 CFR 1614.409.

The Commission's appellate regulations are found in Title 29, Code Of Federal Regulations, Part 1614 and at 64 Federal Register 37644 (1999). The regulations are available on the Internet on EEOC's Home Page: WWW.EEOC.gov. You are urged to review these regulations.

If you have questions regarding the processing of the appeal, please call the EEOC, Office of Federal Operations at (202) 663-4599 and ask to speak to the Officer of the Day.

Sincerely,

*Robert J Barnhart*

Robert J. Barnhart, Director
Compliance and Control Division
Office of Federal Operations

CC:

**Department of
Veterans Affairs**

# Memorandum *5 day grp*

**Date:** 3 June 2013

**From:** Maria Almes/Chief Voluntary Services

**Subj:** Proposed Suspension

**To:** Tashia Channel
**Thru:**

1.     It is proposed to suspend you from duty and pay for five (5) calendar days based on the following reasons:

**Charge1: Failure to Follow Instructions**

**SPECIFICATION 1:**  On April 4, 2013 you were absent from work from 0730-0900 due to calling in sick.  Per direction on your Medical Certification Memo dated 09-23-11 and continued on 04-04-13, you are required to provide me with your sick leave certification/statement from your physician for any leave used for sick leave purposes no later than 15 calendar days after your return to duty.  You returned to duty at 0900 on April 4, 2013.  You did not provide me a medical note until May 8, 2013.

**SPECIFICATION 2:**  On April 5, 2013 you were absent from work due to calling in sick.  Per direction on your Medical Certification Memo, you are required to provide me with your sick leave certification/statement from your physician for any leave used for sick leave purposes no later than 15 calendar days after your return to duty.  You returned to duty on April 8, 2013.  You did not provide me a medical note until May 8, 2013.

**SPECIFICATION 3:**  On April 10, 2013 you were absent from work due to calling in sick.  Per direction on your Medical Certification Memo, you are required to provide me with your sick leave certification/statement from your physician for any leave used for sick leave purposes no later than 15 calendar days after your return to duty.  You returned to duty on April 12, 2013.  You did not provide me a medical note until May 8, 2013.

**SPECIFICATION 4:**  On April 11, 2013 you were absent from work due to calling in sick.  Per direction on your Medical Certification Memo, you are required to provide me with your sick leave certification/statement from your physician for any leave used for sick leave purposes no later than 15 calendar days after your return to duty.  You returned to duty on April 12, 2013.  You did not provide me a medical note until May 8, 2013.

**SPECIFICATION 5:**  On April 15, 2013 you were absent from work due to calling in sick.  Per direction on your Medical Certification Memo, you are required to provide me with your sick leave certification/statement from your physician for any leave used for sick leave purposes no later than 15 calendar days after your return to duty.  You returned to duty on April 17, 2013.  You did not provide me a medical note until May 8, 2013.

2.

**SPECIFICATION 6:** On April 16, 2013 you were absent from work due to calling in sick. Per direction on your Medical Certification Memo, you are required to provide me with your sick leave certification/statement from your physician for any leave used for sick leave purposes no later than 15 calendar days after your return to duty. You returned to duty on April 17, 2013. You did not provide me a medical note until May 8, 2013.

**Charge2: Failure to Follow Proper Leave Request Procedures**

**SPECIFICATION 1:** On April 11, 2013 you were absent from work. You failed to make contact with me or notify me in any manner to request absence for sick leave, annual leave or leave without pay. Your absence from duty from 7:30 am thru 1:30 pm was not properly requested.

**SPECIFICATION 2:** On May 13, 2013 you were absent from work. You failed to make contact with me or notify me in any manner to request absence for sick leave, annual leave or leave without pay. Your absence from duty from 7:30 am thru 12:30 pm was not properly requested.

2.    **RIGHT TO REPLY:** If you choose to do so, you have 14 calendar days from the day you receive this notice to reply orally, or in writing, or both orally and in writing, and to submit affidavits and other documentary evidence in support of your reply, showing why the charge is unfounded and any other reasons why the proposed action should not be imposed. Your written reply should be submitted to the Deciding Official, Dr Wafa Samara. The Deciding Official will receive your oral reply or will designate an official or officials to receive it. You may make arrangements for your oral reply by calling Bryan Rainey, Employee/Labor Relations Specialist, 916-843-9022.

3.    **RIGHT TO REVIEW MATERIAL:** The evidence on which this notice of proposed action has been provided to you. You will be given up to eight (8) hours to review this material, preparing a written reply, securing affidavits, and for making a personal reply. Arrangements for the use of official time, or requests for additional time, should be made with me.

4.    **PAST DISCIPLINARY/ADVERSE ACTION:** On two previous occasions, actions were proposed on you for leave use. On the first occasion, a proposed reprimand was downgraded to a written counseling on 1-22-13. The second action against you was a proposed reprimand dated 2-12-13. The reprimand was for one charge of "unauthorized absence" with 5 specifications. The Decision Official sustained two of the specifications and sustained the reprimand. The reprimand was issued/received by you/your representative on 4-3-13. This past record will be taken into account in determining proper disciplinary action, if one or more of the above reasons are sustained. You may reply orally or in writing, or both orally and in writing, with respect to these previous infractions and penalties and you may submit supporting evidence, including affidavits. In this regard, you may make a statement expressing your views as to the consideration to be given such past record in determining proper action.

5.    **RIGHT TO REPRESENTATION:** You may be represented by the Union, an attorney or other representative of your choice at all stages of this matter, up to and including the issuance of the decision. Any representative must be designated in writing.

*Exhibit M*

Administrative Judge
EEOC, San Francisco District Office
The Phillip Burton Federal Building
450 Golden Gate Avenue
P.O. Box 36025
5th Floor West
San Francisco, CA  94102-3661
                    (direct)
                    (fax)

Confidentiality notice: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

>>> Tashia Channel <                              > 09/09/15 3:27 PM >>>

I am using voice activated for my arthritis not doing too well make it so if some words are misspelled I apologize and that's probably why you did not know what  in the last email

Your honor,
At this point of my case am I allowed to so called clean up and add to what I sent you? What was sent to you is very poor taste example of evidence that should have never went to you and yours should have got to you. am i allowed go to briefly at more to what I sent you and the agency? 4 and finding out a lot more of how I was supposed to prepare and give that to you to reading and talking to attorneys instead of legal advice or legal centers. I just don't want to mess anything up and the evidence is important the documents that I sent to the agency and some more I found. my concerned is I want to present my case in proper manner with those CFR codes and everything else. I'm not a lawyer because she's done better in preparation on paperwork and I wish I had delivered it myself to the post office and you would have got the right package. please advise if I'm allowed to talk to you.

**tashiaechannel** <tashiaechannel@gmail.com>                Fri, Sep 11, 2015 at 8:38 PM
To: EMILY MACMILLIN <EMILY.MACMILLIN@eeoc.gov>

Your Honor,
thank you for the information and appreciate your understanding. I apologize again for the mass and had a question. since you have a lot on your docket I was wondering if I would have time to discuss with my doctor minor surgery it's an outpatient procedure?I don't want to schedule something a Miss call or an email from you.if there's going to be a schedule for conference call I can wait like I said its minor surgeryand I can schedule at any time.
[Quoted text hidden]

To: tashiaechannel@gmail.com

I don't need to talk to your doctor.  If you are unavailable for anything I might schedule, you can just ask for a rescheduling, and I will change the date.


Emily K. MacMillin
Administrative Judge
EEOC, San Francisco District Office
The Phillip Burton Federal Building
450 Golden Gate Avenue
P.O. Box 36025
5th Floor West
San Francisco, CA  94102-3661
              (direct)
              (fax)


Confidentiality notice: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

>>> tashiaechannel <                            > 09/11/15 8:38 PM >>>
[Quoted text hidden]


**tashiaechannel** <tashiaechannel@gmail.com>           Sun, Sep 13, 2015 at 2:00 PM
To: EMILY MACMILLIN <EMILY.MACMILLIN@eeoc.gov>

Thank you for responding, I just wanted to make sure that I didn't have anything going on at the same time. I will go ahead and talk to my doctor and see what time schedule we have. I don't want to have to reschedule anything with you I'd rather reschedule with my doctor. Thank you


—— Original message ——
From: EMILY MACMILLIN <                            >
[Quoted text hidden]


**Tashia Channel** <tashiaechannel@gmail.com>           Sat, Oct 31, 2015 at 12:26 AM
To: Tashia Channel <tashiaechannel@gmail.com>

—— Forwarded message ——
From: "EMILY MACMILLIN" <                            >

Date: Sep 14, 2015 1:14 AM
Subject: Re: Request for a hearing
[Quoted text hidden]

# Request for a hearing

**EMILY MACMILLIN** <EMILY.MACMILLIN@eeoc.gov>                    Sun, Sep 13, 2015 at 1:56 PM
To: tashiaechannel@gmail.com

I don't need to talk to your doctor.  If you are unavailable for anything I might schedule, you can just ask for a rescheduling, and I will change the date.


Emily K. MacMillin
Administrative Judge
EEOC, San Francisco District Office
The Phillip Burton Federal Building
450 Golden Gate Avenue
P.O. Box 36025
5th Floor West
San Francisco, CA  94102-3661
                        (direct)
                        (fax)


Confidentiality notice: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure, or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

>>> tashiaechannel <                            > 09/11/15 8:38 PM >>>
[Quoted text hidden]

# Response from Agency's motion on 2nd case

**tashiaechannel** <tashiaechannel@gmail.com>                    Sat, Nov 7, 2015 at 7:33 PM
To: Emily MacMillin, EEOC Administrative Judge <emily.macmillin@eeoc.gov>, coleen.welch@va.gov
<coleen.welch@va.gov>

> Your Honor,
> I will soon be sending a response to the agency's motion on case #200P-0612-2014105028, EEOC
> Case #550-2015-00014X, for A Motion Requesting A Hearing.
> Thank You
> Tashia Channel

**Welch, Coleen** <coleen.welch@va.gov>                    Mon, Nov 9, 2015 at 7:14 AM
To: tashiaechannel <tashiaechannel@gmail.com>, Emily MacMillin, EEOC Administrative Judge
<emily.macmillin@eeoc.gov>

I apologize but I realize this morning I put the wrong EEOC Case No. on the motion. I will mail out
an amended motion with the correct case number on it today. It should be 00263X not 00014X.

**From:** tashiaechannel [mailto:                              ]
**Sent:** Saturday, November 07, 2015 7:34 PM
**To:** Emily MacMillin, EEOC Administrative Judge; Welch, Coleen
**Subject:** [EXTERNAL] Response from Agency's motion on 2nd case

[Quoted text hidden]

# Case #200P-0612-2014105028 response to agencies motion

**Tashia Channel** <tashiaechannel@gmail.com>                    Tue, Nov 24, 2015 at 1:04 PM
To: Emily MacMillin, EEOC Administrative Judge <emily.macmillin@eeoc.gov>, coleen.welch@va.gov

Your honor,
Since I have not heard anything from DFAS on my request for time cards during the period
mention in the Agency's Motion" and the 15 days will be up tomorrow from their amended motion,
I formally submit with this email my  "RESQUEST A MOTION FOR A  HEARING TO INCLUDE
STATEMENT SUMMARY AND DOCUMENTS " PURSUANT  TO 29 C.F.R. Section 1614.
I have attached a brief summary statement and personal documents. I will be mailing out hard
copy today no later than COB tomorrow.
I've been trying to attach what I wanna say that and having difficulty so I will try to take a picture of
it but mainly hard copy is being mailed out today. I apologize for not being able too attached when
I want to send with this email. I am going to go into town to see if they can help me there. there is
a hard copy being mailed today and I apologize for the delay in this email attachments again.

Thank you


**Tashia Channel** <tashiaechannel@gmail.com>                    Tue, Nov 24, 2015 at 1:11 PM
To: Emily MacMillin, EEOC Administrative Judge <emily.macmillin@eeoc.gov>, Coleen L. Welch
<Coleen.welch@va.gov>


please let me know if you received this email, for some reason my phone is not notifying me of
delivery.

[Quoted text hidden]


**Welch, Coleen** <coleen.welch@va.gov>                    Tue, Nov 24, 2015 at 1:45 PM
To: Tashia Channel <tashiaechannel@gmail.com>


I received this, but there were no attachments.


**From:** Tashia Channel [mailto:                                    ]
**Sent:** Tuesday, November 24, 2015 1:11 PM
**To:** Emily MacMillin, EEOC Administrative Judge; Welch, Coleen

[Quoted text hidden]

**Tashia Channel** <tashiaechannel@gmail.com>                    Tue, Nov 24, 2015 at 2:01 PM
To: Welch, Coleen <coleen.welch@va.gov>

Let me try again in fact I'm going to go into town to see if they can help me . for some reason I can't attach anything and yet it says it was attached not sure what's going on maybe I'm doing something wrong on the phone although this is the same way I send the other stuff and it went through so I apologize and I will try again but if it fails the hard copy is on its way also apologize for any inconvenience Ms. Welch.

In a second note I had a question. I had sent two faxes to payroll and I talked to the head cashier I think her name was Eleanor or Ellen . she stated that I would have to send a fax along with a brief statement and a photo ID with my social security number address and what I was requesting before they can do anything. Well I did this twice and left two messages not received anything as of to date. This head cashier Eleanor/Ellen stated that the debts generated there at Mare Island which is the same story I got from DFAS state what's the government loan was for and white was processed there were two that the head cashiers stated that they would send me as long as I fax them the information they requested. That information identifies when where who and why. I am concerned since I had to send two faxes and still not received anything. this is relevant to the debts I received. So this is why my response in both cases is limited in that area. I will see if I can contact HR for assistance and that is why my response to your latest motion is limited on evidence or documentation for this case. just FYI why some of the attachments or not accompanied with this email. well also because of the trouble I am having with this email attachment. I'm going to try and take pictures as attachment. The only things with pictures is that they are not as clear as an attachment to email normally. Please now you guys will receive the hard copy also in the mail. Thanks you for your help and understanding.

[Quoted text hidden]

# Fwd: Scans Legal

**tashiaechannel** <tashiaechannel@gmail.com>                    Wed, Nov 25, 2015 at 5:20 PM
To: Emily MacMillin, EEOC Administrative Judge <emily.macmillin@eeoc.gov>, Coleen L. Welch
<Coleen.welch@va.gov>

———— Original message ————
From: Print Services 6428 <                                        >
Date: 11/25/2015 5:17 PM (GMT-08:00)
To:
Subject: Scans Legal

## 2 attachments

**scans 1.pdf**
5.2 MB

**scans 2.pdf**
5.2 MB

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com>          Wed, Nov 25, 2015 at 5:20 PM
To: tashiaechannel@gmail.com

Delivery to the following recipient failed permanently:

Technical details of permanent failure:
Google tried to deliver your message, but it was rejected by the server for the recipient domain
        by                    . [2600:8000:0:10::120].

The error that the other server returned was:

552 size limit exceeded

agency should go along with my request for hearing. Office Depot had difficulty sending also but finally sent it according to delivery status Ms. Walch please email me back and let me know if you received all attachments also. I am short of funds for sending all in the mail so hopefully you are receiving the information through the email. I apologize for any inconvenience and hope future paperwork will not be so difficult in sending. Thank you Tashia Channel

[Quoted text hidden]

**Welch, Coleen** <coleen.welch@va.gov>                    Mon, Nov 30, 2015 at 8:25 AM
To: Tashia Channel <tashiaechannel@gmail.com>, Emily MacMillin, EEOC Administrative Judge <emily.macmillin@eeoc.gov>

I have received 2 emails, each with 26 page attachments.

**From:** Tashia Channel [mailto:                    ]
**Sent:** Wednesday, November 25, 2015 5:59 PM
**To:** Welch, Coleen; Emily MacMillin, EEOC Administrative Judge
**Subject:** [EXTERNAL] Fwd: Delivery Status Notification (Failure)

[Quoted text hidden]

**EMILY MACMILLIN** <EMILY.MACMILLIN@eeoc.gov>            Mon, Nov 30, 2015 at 12:57 PM
To: Tashia Channel <tashiaechannel@gmail.com>, coleen.welch@va.gov

Ms. Channel:

I am receiving multiple emails from you. Please note that there is no other action you need to take. There is already a motion by the agency, and a response from you. I will not accept any other documents or pleadings from you, until and unless I give you further notice.

I will rule on the motion soon.

Judge MacMillin


Emily K. MacMillin
Administrative Judge
EEOC, San Francisco District Office
The Phillip Burton Federal Building
450 Golden Gate Avenue
P.O. Box 36025
5th Floor West
San Francisco, CA  94102-3661
                    (direct)

Confidentiality notice: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
>>> Tashia Channel <                                      > 11/25/15 5:59 PM >>>
[Quoted text hidden]


**TC Cannel** <tashiaechannel@gmail.com>                    Thu, Apr 27, 2017 at 2:46 AM
To: Tashia Channel <tashiaechannel@gmail.com>

[Quoted text hidden]

## Fwd: RE: [EXTERNAL] Fwd: Case #200P-0612-2014105028 response to agenEmily MacMillin, EEOC Administrative Judge<emily.macmillin@eeoc.gov>cies motion

**tashiaechannel** <tashiaechannel@gmail.com>                    Sat, Mar 19, 2016 at 9:36 PM
To: Tashia Channel <tashiaechannel@gmail.com>

———— Forwarded message ————
From: "Welch, Coleen" <                              >
Date: Nov 24, 2015 1:45 PM
Subject: RE: [EXTERNAL] Fwd: Case #200P-0612-2014105028 response to agencies motion
To: "Tashia Channel" <                              >
Cc:


I received this, but there were no attachments.


**From:** Tashia Channel [mailto:                              ]
**Sent:** Tuesday, November 24, 2015 1:11 PM
**To:** Emily MacMillin, EEOC Administrative Judge; Welch, Coleen
**Subject:** [EXTERNAL] Fwd: Case #200P-0612-2014105028 response to agencies motion


please let me know if you received this email, for some reason my phone is not notifying me of delivery.

———— Forwarded message ————
From: "Tashia Channel" <                              >
Date: Nov 24, 2015 1:04 PM
Subject: Case #200P-0612-2014105028 response to agencies motion
To: "Emily MacMillin, EEOC Administrative Judge" <                              >,
<                              >
Cc:


Your honor,
Since I have not heard anything from DFAS on my request for time cards during the per
mention in the Agency's Motion" and the 15 days will be up tomorrow from their amen
I formally submit with this email my "RESQUEST A MOTION FOR A  HEARING TO INC
STATEMENT SUMMARY AND DOCUMENTS " PURSUANT  TO 29 C.F.R. Section 1614

I have attached a brief summary statement and personal documents. I will be mailing out hard copy today no later than COB tomorrow.

I've been trying to attach what I wanna say that and having difficulty so I will try to take a picture of it but mainly hard copy is being mailed out today. I apologize for not being able too attached when I want to send with this email. I am going to go into town to see if they can help me there. there is a hard copy being mailed today and I apologize for the delay in this email attachments again.

Thank you
Tashia Channel

## Status of case #200P-0612-2013103617

**TC Cannel** <tashiaechannel@gmail.com>                    Tue, Jun 20, 2017 at 4:56 PM
To: Emily MacMillin, EEOC Administrative Judge <emily.macmillin@eeoc.gov>
Cc: coleen.welch@va.gov
Bcc: Tashia Channel <tashiaechannel@gmail.com>

Referencing: E-mail dated September 11, 2015, can you provide me with a current status of the above case? any information is greatly appreciated.


From: "EMILY MACMILLIN" <                                    >
Date: Sep 11, 2015 11:14 AM
Subject: Re: Request for a hearing
Hide quoted text
To: <                                    >
Cc:

Ms. Channel:

Don't worry about submitting anything in the right format, etc. I understand that you are not an attorney. If the material is relevant, I will consider them. If they are not, I will just keep it in my file. If you want to submit additional items, you may do so, but it is not necessary, nor will I have a chance to look at it for a long time.

Right now I have approximately 120 cases on my docket, and most of the cases on my docket are older than yours. I handle the cases in the order of when they came into my office.

At some point, I will be issuing an order scheduling this case for another conference call or providing instructions to the parties on what I need from them.

Thank you,
Judge MacMillin


Emily K. MacMillin
Administrative Judge
EEOC, San Francisco District Office
The Phillip Burton Federal Building
450 Golden Gate Avenue
P.O. Box 36025
5th Floor West

(direct)
(fax)

Confidentiality notice: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**Welch, Coleen** <coleen.welch@va.gov>                    Tue, Jun 20, 2017 at 10:19 PM
To: TC Cannel <tashiaechannel@gmail.com>, Emily MacMillin, EEOC Administrative Judge
<emily.macmillin@eeoc.gov>

The agency file motions to dismiss under 29 CFR 1624.109. Ms. Channel filed oppositions. This was some time ago. I am not in my office at the moment but can provide the documents if needed.
[Quoted text hidden]

**TC Cannel** <tashiaechannel@gmail.com>                    Tue, Jun 20, 2017 at 10:52 PM
To: Kim McCLary <kmcclary4616@yahoo.com>

[Quoted text hidden]

**EMILY MACMILLIN** <EMILY.MACMILLIN@eeoc.gov>                    Thu, Jun 22, 2017 at 9:41 AM
To: TC Cannel <tashiaechannel@gmail.com>
Cc: coleen.welch@va.gov

Ms. Channel,

Your case is still pending here. I expect to issue a decision in the next few months. Thank you for your patience.

Judge MacMillin

Emily K. MacMillin
Administrative Judge
EEOC, San Francisco District Office
The Phillip Burton Federal Building
450 Golden Gate Avenue
P.O. Box 36025
5th Floor West
San Francisco, CA  94102-3661
                    (direct)
                    (fax)

Confidentiality notice: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

>>> TC Cannel <                                        > 6/20/17 4:56 PM >>>
[Quoted text hidden]


**TC Cannel** <tashiaechannel@gmail.com>                    Thu, Jun 22, 2017 at 12:37 PM
To: Tashia Channel <tashiaechannel@gmail.com>

———— Forwarded message ————
From: "EMILY MACMILLIN" <                                   >
Date: Jun 22, 2017 9:41 AM
Subject: Re: Status of case #200P-0612-2013103617
To: "TC Cannel" <                                          >
[Quoted text hidden]