UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHIA CHANNEL<br><br>Plaintiff,<br><br>v.<br><br>ROBERT WILKE, et al.,<br><br>Defendants. | No. 2:18-cv-02414 MCE AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se and pre-trial proceedings are accordingly referred to the magistrate judge pursuant to Local Rule 302(c)(21). Defendants have moved to dismiss. ECF No. 19. Plaintiff opposes the motion (ECF No. 20), and defendants replied (ECF No. 22). The parties appeared for hearing on April 3, 2019. ECF No. 24. Based on a review of the parties' arguments, the undersigned recommends that the motion to dismiss be GRANTED, but that plaintiff be granted leave to amend.

**I.   BACKGROUND**

Plaintiff, a former employee of the Department of Veterans Affairs, sues Robert Wilkie, the Secretary of the VA; David Stockwell, the Director of the VA's Northern California Healthcare System; and Maria Almes, a supervisor in the Voluntary Service Department of VA's Northern California Healthcare System. ECF No. 7 (First Amended Complaint ("FAC")). The action is brought pursuant to the Family Medical Leave Act ("FMLA") and the American

1

Federation of Government Employees ("AFGE") Master Agreement. ECF No. 7 at 1-2. Plaintiff also alleges that defendants violated her rights under the Fifth and Fourteenth Amendments of the Civil Rights Act of 1977, the Whistleblower Protection Act of 1989, and the Americans with Disabilities Act ("ADA"). Id. at 2. Although the FAC does not so specify, defendants appear to be sued in their official capacities.[1]

The FAC alleges as follows. On February 13, 2012, plaintiff was called to defendants' office and given a letter of Written Counseling for leave. Id. at 3. On January 25, 2013, plaintiff was absent from work, using FMLA leave, for a health condition. Id. at 3. On February 11, 2012, plaintiff was called to defendants' office and given a letter of counseling on leave, and in March of 2012 plaintiff was given a letter of reprimand for leave. Id. Between March 2012 and 2015, plaintiff's supervisor made changes to her timecards which caused financial hardship. The supervisor changed prior postings to list as them as unauthorized absences; redirected accrued leave; and changed days worked to leave without pay/absent without leave. Id.

On April 17, 2012, plaintiff was absent from work to care for her father while he recuperated from surgery. Id. at 4. In January of 2013 plaintiff was given a letter of written counseling on leave, and on April 3, 2013, she was given a Memo of Reprimand on leave. Id. On May 2, 2013, plaintiff submitted a "Step III Grievance" to which management failed to respond within the required timeframe. Id. On May 2, 2013, plaintiff forwarded a statement of violations of the AFGE Master Agreement, for which defendants failed to provide just cause. Id. On June 3, 2013, plaintiff received a proposed five days suspension. Id. On June 18, 2013, plaintiff was absent from work on FMLA and submitted a medical certification, but defendants denied FMLA and this action was counted against her. Id. On July 11, 2013, plaintiff was again absent from work on FMLA and submitted medical certification, but defendants again denied FMLA and this action was counted against her. Id. On August 23, 2013, plaintiff filed a complaint with the Equal Employment Opportunity Commission. Id. On August 13, 2013,

---

[1] Counsel for defendants construes the complaint as bringing claims against the defendants in their official capacities only. Defendants are identified by name and title, but the FAC does not expressly identify the capacity in which they are sued.

plaintiff's "EAP" appointment for work related stress was denied.

On September 2, 2013, plaintiff's supervisor verbally attacked her and then blocked her from leaving, and plaintiff filed an incident report with the VA police. Id. The following day, plaintiff went to the emergency room for a medication reaction, requested sick leave from her employer, but was denied and marked absent without leave. Id. On December 2, 2013, plaintiff was suspended from work for two weeks. On December 3, 2013, plaintiff was marked out as absent without leave, but worked. Id. On December 9, 2013, plaintiff was denied FMLA for an appointment. On December 19 and 20 of 2013, plaintiff was absent from work on FMLA and submitted a medical certification, but was denied FMLA and her actions were counted against her. Id. at 5.

On December 24, 2013, defendants incorrectly marked her timecard as absent without leave. Id. On December 30, 2013, plaintiff worked part of the day and requested FMLA, which was denied. Plaintiff requested FMLA and submitted medical certification but was denied again on the following dates: January 8, 2014; January 10, 2014; January 13-17, 2014; January 22, 2014; and March 26, 2014. Id. On March 31, 2014, plaintiff was called into defendants' office and received papers for her proposed removal for FMLA absences, noting that she was marked "absent without leave" totaling 344 hours over the period of one year. Id. On June 2, 2014, plaintiff's health care provider placed plaintiff on medical disability leave. Id. On July 21, 2014, plaintiff involuntarily retired. Id. at 7. Following her retirement, plaintiff noticed that timecard printouts from February of 2012 through July of 2014 deducted federal holidays from her pay even though she was entitled to pay for those days. Id. Plaintiff also found that defendants listed 2008 as a break in service when it was not, which counted against her in calculating retirement benefits and resulted in lost annuity. Id. at 6.

## II. MOTION TO DISMISS

Defendants seek to dismiss plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6), and Fed. R. Civ. P. 8 on the grounds that plaintiff, as a former federal employee, does not have a private right of action under FMLA, and that her remaining claims, if any, are too vague for them to defend. ECF No. 19-1.

3

### III. ANALYSIS

A. Legal Standard under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039. When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

////

B. Legal Standard under Rule 12(b)(6)

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may

only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### C. Legal Standard under Rule 8

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

### D. Plaintiff Cannot State an FMLA Claim as a Matter of Law

Defendants' motion to dismiss focuses primarily on plaintiff's putative FMLA claim, arguing that she cannot pursue such a claim because, as a former federal employee, she has no private right of action. ECF No. 19-1. The court must agree. The FMLA allows employees to take periods of leave from their jobs for various health and family related reasons. 29 U.S.C. § 2612(a)(1). The law contains two Titles: Title II of the FMLA, 5 U.S.C. § 6381 et seq., governs leave for federal civil service employees with more than twelve months of service; Title I, 29 U.S.C. § 2601 et seq., governs leave for private employees and federal employees not covered by Title II. See 29 U.S.C. § 2612(a)(1); 5 U.S.C. § 6382(a)(1). "Most employees of the government of the United States, if they are covered by the FMLA, are covered under Title II. . ." 29 C.F.R. §825.109(a). Unlike Title I, Title II does not contain an express private right of action for an FMLA violation, and the Ninth Circuit has clearly held that "the absence of an express waiver of the government's sovereign immunity in Title II of the FMLA bars private suits for violations of its provisions." Russell v. U.S. Dep't of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999). The

Russell court squarely held that "claims under Title II of the Family and Medical Leave Act are barred by sovereign immunity and preempted by the Civil Service Reform Act." Id. at 2020.

The facts of plaintiff's complaint make clear that she was a "federal civil service" employee covered by Title II of the FMLA. Plaintiff's complaint states she was "an employee of Department of Veterans Affair[s] at Mather at all relevant times" until her retirement in 2014. ECF No. 7 at 2. Plaintiff's opposition to defendants' motion does not address her status as a federal civil service employee, or the difference between Title I and Title II of the FMLA. ECF No. 20 at 7-11. Because it is clear that plaintiff was a Title II employee for the purposes of FMLA, she cannot state an FMLA claim and this portion of her FAC must be dismissed with prejudice and without leave to amend.

### E. Plaintiff Cannot Bring an ADA Claim

In plaintiff's opposition, she clarifies that her FAC was intended to raise "five distinct claims: (1) discrimination under the ADA, (2) retaliation under the ADA, (3) interference under the FMLA, (4) retaliation under the FMLA, and (5) retaliation for filing an EEO complaint." ECF No. 20 at 7. The FAC clearly indicates plaintiff's intent to raise an ADA claim, though the basis for such a complaint is less clear. See ECF No. 7 at 2. Defendant's argument regarding plaintiff's ADA claim is that the ADA does not apply to federal agencies. See 42 U.S.C. § 12131(1). While defendant is correct, it is well established that the Rehabilitation Act does cover the federal government and may provide plaintiff a cause of action analogous to her intended ADA claim(s). See Enica v. Principi, 544 F.3d 328, 338 n.11 (1st Cir. 2008) ("As a federal employee, [plaintiff] is covered under the Rehabilitation Act and not the ADA."); Calero-Cerezo v. United States Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (stating that the Rehabilitation Act, not the ADA, applies to federal agencies). Plaintiff's ADA claims must be dismissed with prejudice as a matter of law, but in light of plaintiff's pro se status, she should be given leave to amend to bring a claim under the Rehabilitation Act.

Should plaintiff choose to file a second amended complaint including a Rehabilitation Act claim, she must clarify whether she intends to bring a claim of discrimination or retaliation or both. To establish a prima facie case of retaliation under the Rehabilitation Act, plaintiff must

show "(1) she engaged in protected activity; (2) she suffered a materially adverse employment action; and (3) there exists a causal connection between the protected activity and the adverse employment action." Brooks v. Capistrano Unified Sch. Dist., 1 F. Supp. 3d 1029, 1036 (C.D. Cal. 2014) (citing Pardi v. Kaiser Found. Hosp., 389 F.3d 840, 849 (9th Cir. 2004)). To establish a prima facia claim for discrimination under the Rehabilitation Act, plaintiff must show that: (1) she is "disabled" as that term is defined in Section 504 of the Rehabilitation Act; (2) she was "otherwise qualified" for benefits she was denied; and (3) she was discriminated against solely on the basis of her disability. Zukle v. Regents of the Univ. of California, 166 F.3d 1041, 1045 (9th Cir. 1999).

### F. Plaintiff's Remaining Claims Fail Under Rule 12(b)(6)

Defendants argues that plaintiff's claims for violations of the Master Agreement are vague and violate Rule 8. ECF No. 19-1. Plaintiff's FAC also cites several other statutes that were not addressed by the motion to dismiss and were not included in plaintiff's formulation of her own claims in her opposition to defendants' motion. Compare ECF No. 7 at 2, ECF No. 19-1, and ECF No. 20 at 7. Federal Rule of Civil Procedure 8(a)(2) requires that a pleading give the defendant fair notice of what the "claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2). As illustrated by the confusion between the parties as to what claims, other than FMLA, are at issue in this case, plaintiff's FAC does not satisfy Fed. R. Civ. P. 8(a)(2). As a pro se litigant, plaintiff is entitled to an opportunity to amend where pleading defects are potentially curable. Noll, 809 F.2d at 1448. Here, the FAC does not specify whether the alleged violations of additional statutes are intended as independent causes of action, or are properly construed as factual allegations in support of other claims. These pleading deficiencies should be addressed in an amended complaint.

### G. Leave to Amend

In the event the undersigned's findings and recommendations are adopted by the District Judge in this case, plaintiff should be given 30 days to file a second amended complaint, and this time should run from the entry of the District Judge's order. The second amended complaint must be a stand-alone document inclusive of all necessary facts and must clearly lay out

individual, numbered legal causes of action. Factual support must be provided for each legal cause of action. Plaintiff's second amended complaint cannot include claims that are dismissed with prejudice on the present motion.

## IV. CONCLUSION

Based on the foregoing, it is recommended that defendants' motion to dismiss (ECF No. 19) be GRANTED, and that plaintiff's FMLA and ADA claims be dismissed with prejudice, but that plaintiff leave to amend as to remaining claims, including any Rehabilitation Act claim. A second amended complaint must not include any FMLA or ADA claims, must not reference any prior pleadings, and must present numbered causes of action with factual support for each independent cause of action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, parties may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 3, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE