UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHIA CHANNEL,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT WILKIE, et al.,<br><br>    Defendants. | No. 2:18-cv-02414 MCE AC (PS)<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Defendants' motion to dismiss the operative Third Amended Complaint, ECF No. 32, came on for hearing on November 30, 2019. Plaintiff appeared on her own behalf, and Assistant United States Attorney Kelli L. Taylor appeared for the remaining defendants: Maria Almes, David Stockwell, and Robert Wilkie. ECF No. 43. For the reasons that follow, the undersigned recommends the motion to dismiss be GRANTED in part and DENIED in part.

**I.    BACKGROUND**

A. <u>Procedural History</u>

Plaintiff Tashia Channel filed this case on August 31, 2018. ECF No. 1. The initial complaint was rejected on screening because it failed to comply with Fed. R. Civ. P. 8. ECF No. 6 at 3. The court informed plaintiff that the exact nature of what happened to her was not

1

apparent from the complaint, which contained 123 pages of documents and no clear allegations reflecting violations of federal law. Id. Plaintiff was given an opportunity to amend. Id. at 6.

On October 22, 2018, plaintiff filed her First Amended Complaint, which the court found appropriate for service on defendants Robert Wilkie, David Stockwell, and Maria Almes. ECF Nos. 7 and 8. Defendants moved to dismiss. ECF No. 19. On April 4, 2019 the undersigned recommended dismissal with prejudice of plaintiff's claims under the Family Medical Leave Act and the Americans with Disabilities Act, and leave to amend the remaining claims including those under the Rehabilitation Act. ECF No. 25. The court provided instructions for amendment, including discussion of Rule 8 pleading standards and the requirement that the new complaint be a stand-alone document including all necessary facts and clearly identifying individual causes of action with factual support. Id. at 8-9. Plaintiff prematurely filed a Second Amended Complaint while the Findings and Recommendations were pending before the district judge. ECF No. 26. The Findings and Recommendations were adopted on June 12, 2019. ECF No. 31.

Plaintiff filed the operative Third Amended Complaint ("TAC") on July 8, 2019. ECF No. 32.

B. Allegations of the Complaint

Plaintiff Channel presents seven enumerated causes of action in her TAC, some of which are duplicative and all of which are difficult to decipher. Claims One and Three allege disability discrimination in the forms of disparate treatment and failure to accommodate, in violation of statutes including the Rehabilitation Act; Claim Two alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and 42 U.S.C. §1983; Claim Four alleges retaliation in violation of the No-FEAR Act, 5 U.S.C. § 2302(b)(1)(B),(D), and related favoritism; Claim Five alleges retaliation for filing grievances pursuant to 18 U.S.C. § 245, and related defamation; Claim Six alleges a hostile work environment in violation of Title VII of the Civil Rights Act of 1964; and Claim Seven alleges wrongful termination. ECF No. 32 at 1-2, 19-24.

Plaintiff is a former employee of the Northern California Health Care System operated by the Department of Veterans Affairs. The claims arise from plaintiff's experience with her immediate supervisor, defendant Almes, after Almes became Chief of Voluntary Services at the

Northern California Health Care System in late 2009.  ECF No. 32 at 5-16.  The TAC alleges as follows.  Almes made changes to the duties and responsibilities of plaintiff's position, which led plaintiff to file a grievance some time in 2009.  Id. at 6-7, 18.  Plaintiff left Voluntary Services for medical reasons at some point in 2009.  Id.  Though plaintiff was cleared by her health care provider to return to work in September of 2009, she did not return until November of 2011, which was the fault of her employer.  Id. at 7-8.  Upon return, plaintiff's work duties were reduced, and she was subjected to harassment and discrimination by Almes.  Id. at 8, 18.

This harassment and discrimination regularly took the form of denied requests for leave, denied (or ignored) requests for workplace accommodations, and exclusion from employee events.  Id. at 8-10, 13.  Almes retroactively altered several of plaintiff's timecards (changing approved sick or medical leave to unapproved, removing holiday pay, and adding absences), which resulted in monetary losses and severe stress.  Id. at 9-10, 12, 15, 19.  In November 2012, Almes filed a police report accusing plaintiff of stealing gift cards.  Id. at 10-11.  In July 2012, plaintiff was intentionally excluded from an employee appreciation lunch.  Id. at 10.  In August 2013, Almes followed plaintiff and verbally berated her.  Id. at 12, 39.

Plaintiff filed an Equal Employment Opportunity ("EEO") complaint sometime in 2013 and received a decision from the EEO Administrative Judge on September 1, 2017.  Id. at 7, 14.

C.  The Claims

As discussed above, plaintiff brings claims of discrimination, hostile work environment, and retaliation under a wide variety of federal statutes including the Rehabilitation Act, Title VII, the No-FEAR Act, and the Age Discrimination in Employment Act.  ECF No. 32 at 1-2.  Plaintiff alleges that the treatment she suffered from defendant Almes was due to hostility based on her disability and age.  Plaintiff alleges that defendants Stockwell and Wilkie are liable for Almes's discrimination as her supervisors.  Plaintiff seeks general, compensatory, and special damages.  Id. at 24-25.

**II.  MOTION TO DISMISS**

Defendants move for dismissal on the grounds that (a) the Rehabilitation Act claims are administratively unexhausted and plaintiff's factual allegations fail to state a claim; (b) the

complaint fails to state an age discrimination claim under the Age Discrimination in Employment Act; (c) the complaint fails to state a retaliation or disparate treatment claim under the No-FEAR Act; (d) the defamation claim is administratively unexhausted and barred by sovereign immunity; (e) plaintiff lacks standing to bring a false statement claim under the criminal code (18 U.S.C. 245); (f) the complaint fails to state a hostile work environment claim under Title VII; and (7) the complaint fails to state sufficient facts for a constructive discharge claim. ECF No. 43 at 14, 16, 18-19, 2, 24-25, 27. The motion also contends that defendants Almes and Stockwell must be dismissed because the only proper defendant is the head of the agency (Wilkie) or the United States itself. Id. at 28.

## II. ANALYSIS

### A. Dismissal Standards

#### 1. Rule 12(b)(1) Standards

To invoke a federal court's subject-matter jurisdiction, a plaintiff needs to provide only "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See Harris v. Rand, 682 F.3d 846, 850-51 (9th Cir. 2012). Assuming compliance with those standards, the plaintiff's factual allegations will ordinarily be accepted as true unless challenged by the defendant. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1363, at 107 (3d ed.2004).

Under Rule 12(b)(1), a "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013).

////

4

2. Rule 12(b)(6) Standards

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the Complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 131 S. Ct. 3055 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

The district court, when it has already granted a plaintiff leave to amend, has broad discretion regarding further amendment.  Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999).  This broad discretion must be considered against the backdrop of a general policy to permit amendment with "extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  Any denial of leave to amend must have a declared reason – "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  Foman v. Davis, 371 U.S. 178, 182 (1962).

B.  Rehabilitation Act Claims (Claims 1 and 3)

Plaintiff presents her Rehabilitation Act claims in the first and third causes of action.  Both claims contain references to disparate treatment and to failure to accommodate.  A claim brought under the Rehabilitation Act for disability discrimination must first show that the claimant is an "individual with a disability."  29 U.S.C. § 794(a).  An individual with a disability is "any individual who (i) has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment and (ii) can benefit in terms of an employment outcome from vocational rehabilitation services provided pursuant to subchapter I [Vocational Rehabilitation Services, including rehabilitation technology], III [Professional Development and Special Projects and Demonstrations], or VI [Employment Opportunities]."  29 U.S.C. §§ 705(20), 723, 723(a)(14), 771, 795j.  Rehabilitation Act claims are also subject to the definitions of the Americans with Disabilities Act.  29 U.S.C. § 794(d); Coons v. Sec'y of U.S. Dept. of Treasury, 383 F.3d 879, 884 (9th Cir. 2004).  Therefore, a claimant must (1) have a physical or mental impairment that substantially limits one or more major life activities of the

////

claimant, (2) there must be a record of such an impairment, or (3) the claimant must be regarded as having such an impairment. 42 U.S.C. § 12102.

### 1. Administrative Exhaustion

A claimant who is an employee of an agency of the United States "must exhaust her administrative remedies by filing a claim of discrimination with the allegedly offending agency in accordance with published procedures." Leorna v. U.S. Dept. of State, 105 F.3d 548, 550 (9th Cir. 1997) (citation omitted); see also Boyd v. U.S. Postal Service, 752 F.2d 410, 413 (9th Cir. 1985). The Code of Federal Regulations governing Rehabilitation Act claims requires an agency "to provide a[n] … employee who is denied reasonable accommodation with a written notice at the time of the denial, in an accessible format when requested, that – (A) [e]xplains the reasons for the denial and notifies the … employee of any available internal appeal or informal dispute resolution processes; (B) [i]nforms the … employee of the right to challenge the denial by filing a complaint of discrimination under this part; (C) [p]rovides instructions on how to file such a complaint; and (D) [e]xplains that, pursuant to 29 CFR 1614.105, the right to file a complaint will be lost unless the … employee initiates contact with an EEO Counselor within 45 days of the denial, regardless of whether the … employee participates in an informal dispute resolution process." 20 C.F.R. § 1614.203(3)(iii). The requirement of exhaustion of administrative remedies is subject to the doctrine of equitable tolling. Leorna at 551. Inadequate notice of administrative remedies from the agency allows for the extension of the time limit to file an administrative complaint, but it does not entitle the claimant to file a claim in federal court without first exhausting administrative remedies. Ross v. U.S. Postal Service, 696 F.2d 720, 722 (9th Cir. 1983); 29 C.F.R. § 1614.105(a)(2).

A complainant may amend her complaint to the EEO "to include issues or claims like or related to those raised in the complaint." 29 C.F.R. § 1614.106(d). "Although allegations of discrimination not included in a plaintiff's EEOC charge generally may not be considered by a federal court, subject matter jurisdiction extends over all allegations of discrimination that either 'fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" Freeman v. Oakland

Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002) (quoting B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002) (emphasis in original)). In determining whether the allegations in the EEOC complaint are sufficiently related to satisfy the exhaustion requirement, the court may consider such factors as "the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." B.K.B., 276 F.3d at 1100.

Exhaustion of administrative remedies is generally—unless the applicable statute provides otherwise, which the Rehabilitation Act does not—considered a non-jurisdictional claims processing requirement, and thus an affirmative defense rather than an element plaintiff must plead and prove. See, generally, Jones v. Block, 549 U.S. 199, 216 (2007) (Prison Litigation Reform Act); Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) (Title VII); Payne v. Peninsula School Dist., 653 F.3d 863, 867-71 (9th Cir. 2011), cert. denied, 565 U.S. 1196 (2012) (Individuals with Disabilities Education Act). Administrative exhaustion is therefore most often determined on summary judgment, as in Leorna and Freeman, supra, which permits the court to go beyond the pleadings and examine the EEOC charge and related record. In cases where the allegations of the complaint fully support application of an affirmative defense, such that reference to outside materials is unnecessary, dismissal on that basis may be appropriate at the pleading stage. See Jones, 549 U.S. at 215. Defendants contend that this is such a case. The court disagrees.

Here, the TAC alleges that plaintiff filed an EEO complaint in 2013, addressing her alleged abuse by "fraudulent and illegal acts" in the workplace. ECF No. 32 at 7. The TAC does not specify whether the EEO complaint addressed other issues, or how the alleged "fraudulent and illegal acts" were described; the EEO complaint is not attached as an exhibit.[1] Elsewhere the TAC states that three people in plaintiff's department filed EEO grievances regarding discrimination, and it implies that plaintiff was one of the complainants. Id. at 18. Plaintiff states that she received an EEO decision on September 1, 2017, thereafter filed an appeal with the

---

[1] In opposition to the motion to dismiss, plaintiff contends that issues related to her disability were included in the EEO complaint. See ECF No. 44 at 2.

Office of Federal Operations, and received a decision regarding her appeal in March of 2019. ECF No. 32 at 14. Liberally construed, the TAC thus alleges the filing and exhaustion of EEO administrative remedies. That the allegation is conclusory does not matter, because plaintiff is under no obligation to plead exhaustion at all, let alone with specificity. Whether plaintiff's administrative remedies were actually exhausted, and as to which issues, are questions that cannot be determined from the face of the complaint. Accordingly, the allegations of the TAC do not establish non-exhaustion. The motion to dismiss should be denied on this point.

### 2. Failure to Accommodate

The failure to accommodate an employee's disability may amount to disability discrimination under the Rehabilitation Act. See Zukle v. Regents of the Univ. of California, 166 F.3d 1041, 1045-46 (9th Cir. 1999). To state a failure to accommodate claim, a complaint must allege facts sufficient to show that: (1) plaintiff is a person with a disability, (2) plaintiff can perform the essential functions of the job, with or without accommodation, and (3) reasonable accommodation is possible. Buckingham v. U.S., 998 F.2d 735, 739-40 (9th Cir. 1993). To establish a prima facie claim for discrimination, plaintiff must show that: (1) she is "disabled" as that term is defined in Section 504 of the Act, (2) she was "otherwise qualified" for benefits she was denied, and (3) she was discriminated against solely on the basis of disability. Zukle, 166 F.3d at 1045.

Here, the TAC alleges that plaintiff has been diagnosed with "herniated disc, compressed vertebrae, osteoarthritis, fibromyalgia, and degenerate joint disease." ECF No. 32 at 6. Attached to the TAC is a letter from a medical provider stating that plaintiff experiences chronic neck pain, and requesting the accommodation of a headset. Id. at 46. The identified conditions are physical impairments that could benefit from vocational rehabilitation services, such as the requested headset, which would be considered rehabilitation technology under Subchapter I. The TAC also alleges that plaintiff has difficulty with standing as a result of her impairments. ECF No. 32 at 18. Plaintiff's medical provider recommended a sit/stand option at work. Id. at 46. The ability to stand is one of the major life activities outlined in the definition of disability in the Americans

////

9

with Disabilities Act. 42 U.S.C. § 12102(2)(A). Accordingly, the alleged impairments come within the Act's definition of disability.

The TAC further alleges that plaintiff's impairments were diagnosed in 2009 and that they persisted through at least 2013 when Ms. Channel's healthcare provider wrote a note requesting accommodations. ECF No. 32 at 7, 46. This indicates a history of physical impairments that substantially limit a major life activity. The TAC also indicates that the VA regarded Channel as a person with a disability, because they had previously afforded her work accommodations. Id. at 7. For all these reasons, plaintiff has adequately alleged that she is a person with a disability as defined in the Rehabilitation Act. Particularly in light of the liberality with which pro se pleadings must be construed, the TAC's failure to utilize talismanic language regarding disability is not dispositive.

Plaintiff does not expressly allege that she was qualified to perform the essential functions of her job at Voluntary Services. However, she alleges that she received performance reviews of "Satisfactory" or better from her supervisors, including defendant Almes, until October of 2013. ECF No. 32 at 5, 9. Additionally, plaintiff alleges that she was "fully trained, capable and qualified" to fulfill the duties of Chief of Voluntary Services, a supervisory role above her regular position. Id. at 4. She further states that a Human Resources administrator cleared her to return to her original role, with no indication that the duties of that role had changed, and with the same accommodations as she had before. Id. at 7. These facts are sufficient to allege that plaintiff was a qualified individual capable of performing the essential functions of her position.

Plaintiff has alleged that she made multiple requests for accommodations. At some point in 2009, plaintiff requested she be able to vary standing and sitting, but her duties were restricted to those that would require sitting the entire day (typing and answering phones) or standing at the front desk for three fourths of the day. ECF No. 32 at 6. In 2011, when she returned to Voluntary Services, plaintiff requested her previously-approved accommodations and adjustments. Id. Although the TAC does not specify what those accommodations or adjustments were, they had been provided in 2009 and there is no indication that plaintiff's need for accommodation had changed to cause an undue hardship to her employer. Id. at 7. Accordingly, the court concludes

10

that plaintiff has adequately alleged that reasonable accommodation was possible. See Buckingham, 998 F.2d at 741. Because the TAC references accommodations that had previously been provided by the agency and that were directed by agency management, id. at 7-8, the complaint provides sufficient notice to defendants as to the nature of the accommodations at issue.

Plaintiff's second request for accommodations, in November 2013, was for a phone headset to alleviate her chronic neck pain. ECF No. 32 at 46. A headset is a rehabilitative technology device as contemplated in Subchapter I of the Rehabilitation Act. 29 U.S.C. § 723(a)(14). A phone headset does not eliminate an essential function of plaintiff's position and at least on its face suggests an accommodation that would be feasible for the employer. See U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 402 (2002).

For these reasons, the court rejects defendants' argument that no requests for accommodations were made. ECF No. 43 at 17. The TAC repeatedly uses the word "accommodations," and the above-referenced factual allegations and exhibit adequately elucidate what is meant. The adequacy of plaintiff's accommodation requests is not before the court at the pleading stage. The TAC sufficiently states a prima facie case for failure to accommodate under the Rehabilitation Act, and dismissal of this claim is not warranted.

### 3. Disparate Treatment/Disability Discrimination

To state a prima facie case of disparate treatment under the Rehabilitation Act, a plaintiff must demonstrate that "(1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination *because of* her disability." Walton v. U.S. Marshals Serv., 492 F.3d 998, 1005 (9th Cir. 2007) (superseded by statute on other grounds) (emphasis added). The court agrees with defendants that plaintiff fails to state a disparate treatment claim because she fails to connect any disparate treatment to her disabilities. For example, plaintiff alleges she was isolated from co-workers and intentionally left out of office social activities, acts which are unkind but apparently unrelated to her physical disabilities. ECF No. 32 at 6. Plaintiff also alleges that she was not given time off during holidays for two consecutive years while other co-workers were granted leave, even though plaintiff requested leave well in advance. Id. at 8.

Although such treatment is unfair, the complaint is devoid of facts which would support a finding that it was "because of" plaintiff's disabilities. Plaintiff's characterization of the mistreatment as discriminatory is speculative and conclusory, and need not be accepted as true. See Sprewell, 266 F.3d at 988. Because plaintiff's allegations do not make out a prima facie case of disparate treatment under the Rehabilitation Act, this claim must be dismissed.

### C. Age Discrimination Claim (Claim 2)

#### 1. Age Discrimination in Employment Act

To establish a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA"), a claimant must show that (1) she was 40 years of age or older, (2) she was performing her job in a satisfactory manner, (3) she was discharged or suffered an adverse employment action, and (4) she was replaced or given less favorable treatment than a sufficiently younger person with equal or inferior qualifications. 29 U.S.C. § 633a; McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Nidds v. Schindler Elevator Corp., 113 F.3d 912, 917 (9th Cir. 1996); Whitman v. Mineta, 541 F.3d 929, 932 (9th Cir. 2008). A claimant must show, by a preponderance of the evidence, that her age was the "but-for" cause of the discrimination. Gross v. FBL Financial Services, Inc., 557 U.S. 167, 180 (2009).

Even assuming that plaintiff meets the age requirement for an ADEA claim, she does not state a claim upon which relief can be granted. Plaintiff does not allege facts demonstrating that any discrimination she suffered was because of her age, let alone that "but for" her age the discrimination would not have occurred. Plaintiff does allege that she was to be directed by a "lower grade employee" at the office, but she does not allege that this employee was younger than herself. ECF No. 32 at 8. Even if the court were to assume that the "lower grade" employee was also a younger employee, this would not demonstrate that plaintiff was being discriminated against because of her age. No other facts in the TAC indicate that plaintiff faced discrimination due to her age. Accordingly, this claim cannot support relief and must be dismissed.

#### 2. Section 1983 Civil Rights

Section 1983 is a statute creating a civil action for deprivation of constitutional rights. The Ninth Circuit has held that "the ADEA precludes the assertion of age discrimination in

employment claims, even those seeking to vindicate constitutional rights, under § 1983." Ahlmeyer v. Nevada System of Higher Educ., 555 F.3d 1051, 1057 (9th Cir. 2009). Plaintiff's § 1983 claim is accordingly preempted by the ADEA and must be dismissed without leave to amend.

D. Retaliation Claims (Claim 4)

To allege a prima facie case for retaliation, a claimant must show that she (1) engaged in activity protected by Title VII of the Civil Rights Act, (2) was subjected to an adverse employment action, and (3) the protected activity was the "but-for" cause of the adverse employment action. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362-63 (2013); Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir. 1982).

Ms. Channel filed a grievance in 2009 and an EEO complaint in 2013. ECF No. 32 at 7. The grievance is an activity protected by Title VII because it concerns discrimination prohibited by Title VII. See 29 U.S.C. §§ 633a, 794(a); Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1411 (9th Cir. 1987). Plaintiff alleges that defendant displayed hostility towards her based on her disability absences and the 2009 grievance. ECF No. 32 at 9. However, plaintiff does not allege any facts showing that her filing of a grievance was the cause of, or even related to, her termination or any other adverse employment action. Again, she has only provided conclusory statements which the court need not accept as true. Sprewell, 266 F.3d at 988.

Defendants note that plaintiff also lists the "No-FEAR Act" as a basis for her retaliation claim, arguing that such a claim would fail for the same reasons as those discussed above. ECF No. 43-1 at 19, n.6. Defendants are correct. Moreover, the No-FEAR Act creates no substantive rights or private right of action. See Davis v. Brennan, No. EDCV 18-1679 JGB (SHKx), 2019 WL 2932642, at *3 (C.D. Cal. Mar. 20, 2019) ("While the Court is aware of no binding authority holding that the NO FEAR Act does not provide for enforcement by private citizens, the decisions addressing the question uniformly conclude that the NO FEAR Act does not create any private cause of action or substantive rights.") (internal citation omitted, referencing case law collecting multiple district court cases).

For all these reasons, plaintiff's retaliation claims must be dismissed.

E.  Defamation Claim (Claim 5)

The Federal Tort Claims Act provides the exclusive remedy for torts committed by employees of the United States. United States v. Smith, 499 U.S. 160, 166; Wilson v. Drake, 87 F.3d 1073, 1076 (9th Cir. 1996). The United States is the only proper defendant in an FTCA claim. Smith, 499 U.S. at 167. However, the United States has immunity for the tort of defamation (libel and slander). 28 U.S.C. § 2680(h). Therefore, Channel's defamation claim is barred and must be dismissed with prejudice. See Smith, 499 U.S. at 166.

F.  Criminal False Statements (Claim 5)

Title 18 Section 245 is a criminal statute. 18 U.S.C. § 245. A citizen does not have authority to bring criminal charges. "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997). Accordingly, Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability). This claim must be dismissed with prejudice.

G.  Hostile Work Environment Claim (Claim 6)

To establish a hostile work environment claim under Title VII of the Civil Rights Act of 1964, a claimant must show that (1) she was subjected to verbal or physical harassment because of her membership in a protected class, (2) the conduct was unwelcome, (3) the conduct was sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive work environment, and (4) the employer knew or should have known of the harassment. Ellison v. Brady, 924 F.2d 872, 881 (9th Cir. 1991); Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995); Manatt v. Bank of America, NA, 339 F.3d 792, 798 (9th Cir. 2003). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998) (internal citation omitted).

The conduct alleged by plaintiff, while certainly not indicative of a respectful workplace, appears to consist of isolated incidents perpetrated by defendant Almes. ECF No. 32 at 6, 8, 10,

12, 39. These incidents fall far short of the pervasive and persistent conduct which the Ninth Circuit has found constitutes a hostile work environment. See Nichols v. Azteca Rest. Enters., 256 F.3d 864, 872-73 (9th Cir. 2001) (finding a hostile work environment where a male employee was called "faggot" and "fucking female whore" by co-workers and supervisors *at least once a week* and *several times per day*) (emphasis added); Anderson v. Reno, 190 F.3d 930 (9th Cir. 1999) (finding a hostile work environment where a supervisor *repeatedly* referred to the employee as "office sex goddess," "sexy," and "the good little girl") (emphasis added); Draper v. Coeur Rochester, 147 F.3d 1104, 1109 (9th Cir. 1998) (finding hostile work environment where plaintiff's supervisor made *repeated* sexual remarks to her) (emphasis added). Compare Kortan v. Cal. Youth Auth., 217 F.3d 1104, 1111 (9th Cir. 2000) (finding no hostile work environment where the supervisor referred to females as "castrating bitches," "Madonnas," or "Regina" in front of plaintiff *on several occasions* and directly called plaintiff "Medea") (emphasis added).

Plaintiff has specifically alleged that on August 29, 2013, when she was the only employee in the office, Almes said "Are you stupid? What are you blind? Can you read?" and that plaintiff was afraid enough to call the VA police because she thought Almes would physically harm her. ECF No. 32 at 12, 39. Were this type of verbal harassment a regular occurrence, then there might be a basis for a hostile work environment claim. See Manatt, 339 F.3d at 799 (9th Cir. 2003) (had the racially offensive gestures and insults directed at the claimant occurred repeatedly, there would likely have been an actionable hostile work environment claim). However, there are no allegations that this type of treatment occurred with any frequency or even more than once. The incidents between Plaintiff and Almes do not demonstrate the severity or pervasiveness required to establish a hostile work environment.

Additionally, the inappropriate and hostile comments allegedly made by Almes do not appear on their face to relate to plaintiff's disability or age. Channel has alleged only physical disabilities, none which could reasonably be expected to impact her vision or ability to read and comprehend. ECF No. 32 at 6. Because it is not alleged that the offensive conduct was related to plaintiff's age or disability, or sufficiently severe and pervasive to establish a hostile work environment, this claim must be dismissed.

H. <u>Constructive Discharge Claim (Claim 7)</u>

"The constructive-discharge doctrine contemplates a situation in which an employer discriminates against an employee to the point that his 'working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign.'" <u>Green v. Brennan</u>,136 S.Ct. 1769, 1776 (2016) (quoting <u>Pa. State Police v. Suders</u>, 542 U.S. 129, 141 (2004)). A claimant must prove she was discriminated against by her employer to the point where a reasonable person in her position would have felt compelled to resign, and that she actually resigned. <u>Green</u>, 136 S.Ct. at 1777.

As discussed above, the TAC does contain allegations of unfair treatment. Based on the facts alleged, however, this alleged discrimination does not appear to the court sufficient to cause a reasonable person in the employee's position to resign; the alleged mistreatment was not objectively severe, pervasive, or seemingly more than incidental. Further incidents suffered by plaintiff including (1) repeated denial of annual leave requests, (2) alteration of timecards, and (3) negative performance evaluations, are not connected factually to plaintiff's age or disability, and plaintiff appears to attribute them to personal animus. <u>See</u> ECF No. 32 at 9, 10, 13, 18. Importantly, the TAC indicates that plaintiff chose to retire rather than face removal due to violations of the attendance policy. ECF No. 32 at 19. This does not establish that the resignation was forced by discrimination. Accordingly, the court does not find that there were sufficiently intolerable working conditions to compel a resignation. The cause of action for constructive discharge therefore fails to state a claim.

I. <u>Defendant Wilkie is the Only Proper Defendant</u>

The head of the agency is the only proper defendant in an employment discrimination case. 42 U.S.C. 2000e-16(c); <u>Romain v. Shear</u>, 799 F.2d 1416, 1418 (9th Cir. 1986) (Title VII and ADEA); <u>Johnston v. Horne</u>, 875 F.2d 1415, 1419 (9th Cir. 1989) (Rehabilitation Act). The only cause of action that states a claim in this case is plaintiff's reasonable accommodation claim under the Rehabilitation Act. Accordingly, Stockwell and Almes are not proper defendants and they must be dismissed. The Secretary of the Department of Veterans Affairs, defendant Wilkie, is the only proper defendant.

J.  Leave to Amend

Plaintiff has previously been granted leave to amend with the "extreme liberality" generally afforded to pro se litigants. See, Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  Leave to amend does not continue indefinitely, however, and may be denied where amendment is futile or there has been a repeated failure to cure deficiencies. Foman v. Davis, 371 U.S. 178, 182 (1962).  The undersigned agrees with the government that further leave to amend would be futile in this case, in light of the deficiencies in plaintiff's previous complaints and her failure cure them.  Plaintiff has had two previous opportunities to amend, and received instructions regarding the requirements for stating a claim.  In her TAC, she has presented a viable Rehabilitation Act failure to accommodate claim, but her other claims still fail.  This repeated failure strongly indicates that further opportunity to amend would be futile. Moreover, defendants have already brought two motions to dismiss and it would be unjust to require the remaining defendant to evaluate and respond to yet another amended complaint.  For these reasons, further leave to amend should not be granted.

### III.  CONCLUSION

For the reasons explained above, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss, ECF No. 43, be GRANTED IN PART AND DENIED IN PART as follows:

1. DENIED as to plaintiff's failure to accommodate claim brought under the Rehabilitation Act, as stated against Robert Wilkie, Secretary of the Department of Veterans Affairs, only; and

2. GRANTED, without further leave to amend, as to all other claims and defendants.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Failure to file objections within the

////

////

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 4, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE