UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TASHIA CHANNEL,

Plaintiff,

v.

DAVID J. SHULKIN, et al.,

Defendants.

No. 2:18-cv-02414-MCE-AC

ORDER

The court is in receipt of plaintiff's motion to appoint counsel. ECF No. 50. Plaintiff is bringing her civil case as a self-represented litigant proceeding in forma pauperis. ECF No. 6.

**I.  Motion**

Plaintiff requests that the court appoint counsel, asserting she has sought counsel on her own but has been unable to find representation due to income and time limits. ECF No. 50 at 2. Plaintiff stated that several attorneys have turned down her case but told her that her civil rights were violated. Id. Plaintiff asserts that an attorney would help her understand the court processes, including why defendants' reply brief to their motion to dismiss was sent out late such that plaintiff would not have time to reply. Id.

**II.  Analysis**

In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining

1

whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's case is not overly complex, and plaintiff has already demonstrated herself adequately able to proceed. The fact that plaintiff is inexperienced with legal procedures is common to all pro se litigants.[1] Because this case presents no unique circumstances, appointment of counsel is not appropriate.

### III. Conclusion

Plaintiff's motion to appoint counsel (ECF No. 50) is DENIED.

IT IS SO ORDERED.

DATED: November 13, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The court does note for plaintiff's benefit that there is no need to reply to a reply brief – indeed, plaintiff cannot do so without leave of court. When a motion is filed, the opposing party has an opportunity to respond, the moving party may submit a reply, and that concludes the briefing.