UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHIA CHANNEL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROBERT WILKIE,<br><br>　　　　Defendant. | No. 2:18-cv-02414 MCE AC (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, and pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The case is before the court on defendant's motion to dismiss under Rule 12(b)(1), or, alternatively, for summary judgment. ECF Nos. 59 (defendant's motion), 60 (plaintiff's opposition), 62 (defendant's reply), 63 (plaintiff's second opposition). For the reasons that follow, the undersigned recommends that defendant's motion to dismiss be GRANTED without leave to amend for failure to exhaust.

**I. BACKGROUND**

A. <u>Allegations of the Complaint</u>

Plaintiff is a former employee of the Northern California Health Care System operated by the Department of Veterans Affairs ("VA"). ECF No. 32 at 3. The Third Amended Complaint ("TAC") alleges that plaintiff was diagnosed with "herniated disc, compressed vertebrae, osteoarthritis, fibromyalgia and degenerate joint disease" in 2009. <u>Id.</u> at 6. At some point that

1

year, plaintiff requested that she be able to vary standing and sitting, but her duties were restricted to those that would require sitting the entire day (typing and answering phones) or standing at the front desk for three-fourths of the day. Id. Plaintiff left Voluntary Services for medical reasons in 2009; when she returned in 2011, plaintiff requested her previously-approved accommodations and adjustments. Id. at 6-7, 18. The TAC does not specify what those accommodations or adjustments were, but states that they were not provided to her. Id. at 7-8. Attached to the TAC is a November 2013 letter from plaintiff's medical provider stating that plaintiff experiences chronic neck pain, requesting the accommodation of a phone headset, and recommending a sit/stand option at work. Id. at 46. The TAC states that the requested accommodations were not provided. Id. at 10. The TAC includes numerous allegations of harassment and discrimination unrelated to the Rehabilitation Act claim. See ECF No. 47 at 2-3.

### B. Background

#### 1. Administrative Proceedings

Plaintiff's first Equal Employment Opportunity ("EEO") complaint of employment discrimination, filed in August 2013, asserted claims for "Harassment/Hostile Work Environment" based on "(57) (Age) Reprisal (prior EEO activity) Prior Union Race." ECF No. 59-4 at 2. In January 2014, plaintiff amended her EEO complaint to include twenty-six additional events, none of which stated that plaintiff was denied a phone headset or a sit/stand option at work. ECF No. 59-5 at 2, 9-12. The VA issued a notice of partial acceptance for "whether [plaintiff] was subjected to a hostile work environment based on race, age and reprisal as evidenced" by a series of specific actions. ECF No. 59-6 at 2-3. As part of the EEO's investigation, it sought documents from the VA, confirming that the "EEO Categories (Bases)" for the claims were "Race, Age and Reprisal"; the "disability" boxes on these forms were not checked. ECF Nos. 59-7, 62-1 at 2. In October 2014, plaintiff filed a second EEO complaint of employment discrimination for "Reprisal" based on five specified events, ECF No. 59-8, and the VA issued a notice of acceptance of plaintiff's reprisal claims for investigation. ECF No. 59-9.

After the EEO investigation concluded, the VA moved for summary judgment on both of plaintiff's EEO complaints. ECF No. 59-3 at 2, ¶ 11. On July 24, 2017, the EEOC issued an

order granting judgment to the VA on plaintiff's claims that she was "subjected to a hostile work environment based on her race (Caucasian), age (year of birth: 1955), and reprisal for engaging in protected EEO activity." ECF No. 59-10 at 2, 4, 12. In August 2017, plaintiff was advised of her right to appeal the decision. ECF No. 59-11. Plaintiff's TAC alleges that on September 1, 2017, she filed an appeal with the Office of Federal Operations (OFO), and she received the OFO's decision on appeal in March 2019. ECF No. 32 at 14.

2. Procedural History of this Case

Plaintiff filed this case on August 31, 2018. ECF No. 1. The initial complaint was rejected on screening because it failed to comply with Rule 8. ECF No. 6 at 3. Plaintiff was given an opportunity to amend. Id. at 6. On October 22, 2018, plaintiff filed her First Amended Complaint, which the court found appropriate for service on defendants Robert Wilkie, David Stockwell, and Maria Almes. ECF Nos. 7, 8. Defendants moved to dismiss. ECF No. 19. On April 4, 2019, the undersigned recommended dismissal with prejudice of plaintiff's claims under the Family Medical Leave Act and the Americans with Disabilities Act, and leave to amend the remaining claims including those under the Rehabilitation Act. ECF No. 25. The court provided instructions for amendment. Id. at 8-9. Plaintiff prematurely filed a Second Amended Complaint while the findings and recommendations were pending before the district judge. ECF No. 26. The findings and recommendations were adopted on June 12, 2019. ECF No. 31.

Plaintiff filed the operative Third Amended Complaint ("TAC") on July 8, 2019. ECF No. 32. Following a motion to dismiss by defendants (ECF No. 43), the undersigned recommended dismissal with prejudice of all of plaintiff's claims except the failure to accommodate claim brought under the Rehabilitation Act, as stated against Robert Wilkie. ECF No. 47 at 17. Plaintiff filed objections. ECF No. 55. The findings and recommendations were adopted on February 6, 2020. ECF No. 56.

C. Motion to Dismiss

Remaining defendant Robert Wilkie moves to dismiss plaintiff's sole remaining claim, for failure to accommodate under the Rehabilitation Act, because plaintiff did not exhaust her administrative remedies on this issue. ECF No. 59 at 1. Defendant's motion is brought pursuant

to Rule 12(b)(1) (motion to dismiss for lack of subject-matter jurisdiction), or, alternatively, pursuant to Rule 56 (motion for summary judgment). Id. Plaintiff opposes the motion, ECF No. 60, and defendant filed a reply, ECF No. 62. Plaintiff also filed an unauthorized surreply at ECF No. 63. While the Local Rules provide for a motion, an opposition, and a reply, see E.D. Cal. L. R. 230(b)-(d), neither the Local Rules nor the Federal Rules provide for the filing of a surreply. The undersigned has nonetheless considered the surreply in evaluating defendant's motion.

## II. ANALYSIS

### A. Dismissal Standard: Subject Matter Jurisdiction

Subject matter jurisdiction is a threshold issue and therefore must be considered first. Subject matter jurisdiction is a threshold issue; without subject matter jurisdiction, the court generally may not consider other aspects of a case. Bibiano v. Lynch, 834 F.3d 966, 971 n. 4 (9th Cir. 2016). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject-matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted). A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction. Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013); Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).

On the other hand, when a Rule 12(b)(1) motion attacks the existence of subject-matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that

jurisdiction does in fact exist." Thornhill, 594 F.2d at 733 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 890 (3d Cir. 1977)). "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). A review of such evidence does not convert a Rule 12(b)(1) "speaking" motion to dismiss into a motion for summary judgment. Safe Air for Everyone, 373 F.3d at 1039.

### B. Subject Matter Jurisdiction and Title VII

For the court to have subject-matter jurisdiction over a Title VII claim, the plaintiff must have first exhausted her EEOC administrative remedies with respect to that claim. Vasquez v. County of Los Angeles, 349 F.3d 634, 644 (9th Cir. 2003), as amended (Jan. 2, 2004); EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir. 1994). Similarly, a federal employee filing a claim of disability discrimination under the Rehabilitation Act must first exhaust administrative remedies available under Title VII. See Vinieratos v. U.S. Dep't. of Air Force, 939 F.2d 762, 773 (9th Cir. 1991) (citing Boyd v. U.S. Postal Serv., 752 F.2d 410, 413-14 (9th Cir. 1985)). According to the Ninth Circuit, "[A] federal employee who alleges employment discrimination on the basis of a handicap must exhaust the administrative remedies available under Title VII; Title VII provides the exclusive channel by which such allegations may be heard in federal court . . . [failure] to exhaust those remedies forecloses any claim to jurisdiction under the Rehabilitation Act." Vinieratos, 939 F.2d at 773. This circuit has been clear that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001); see also Brown v. Potter, 457 F. App'x 668, 672 n.3 (9th Cir. 2011). The Sommatino court accordingly affirmed the dismissal of a Title VII lawsuit under Rule 12(b)(1) where the plaintiff made verbal complaints and sent e-mails to an EEO counselor, but failed to file an EEO complaint. Sommatino, 255 F.3d at 708-10.

### C. The Administrative Exhaustion Requirement is Not Satisfied

Plaintiff did not exhaust her administrative remedies under the Rehabilitation Act. An EEOC remedy has been exhausted for a given claim where "that claim fell within the scope of the

5

EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination." Farmer Bros., 31 F.3d at 899 (internal quotations and citation omitted, emphasis original). The exhaustion analysis often turns on what is asserted in the EEOC charge, which must be construed "with utmost liberality." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002). Nonetheless, "[i]ncidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." Shelley v. Geren, 666 F.3d 599, 606 (9th Cir. 2012) (quoting Green v. L.A. County Superintendent of Schs., 883 F.2d 1472, 1476 (9th Cir. 1989)); see also Ong v. Cleland, 642 F.2d 316, 319 (9th Cir. 1981) ("The charge must at least describe the facts and legal theory with sufficient clarity to notify the agency that employment discrimination is claimed." (internal quotations and citation omitted)).

In determining whether a new claim is like or reasonably related to the allegations in the EEOC charge, the court considers

> such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred. In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case.

B.K.B., 276 F.3d at 1100. Courts have concluded that claims are not similar or related where they rely on different theories of discrimination or statutes. See, e.g., Leong v. Potter, 347 F.3d 1117, 1121-22 (9th Cir. 2003) (finding that plaintiff's claims of discrimination based on race, color, religion, sex, and national origin were not like or reasonably related to his disability discrimination claim); Rodriguez v. Airborne Express, 265 F.3d 890, 897 (9th Cir. 2001) (holding that plaintiff's race-based discrimination claim would not reasonably trigger an investigation of disability discrimination, as the "two claims involve totally different kinds of allegedly improper conduct, and investigation into one claim would not likely lead to investigation of the other").

////

Here, neither of plaintiff's EEO complaints are brought on the basis of disability or failure to accommodate. Rather, the first complaint alleges harassment and a hostile work environment on the basis of race, age, and prior union activity or membership, ECF No. 59-4 at 2, and the second complaint alleges reprisal, ECF No. 59-8. These claims are not like or reasonably related to plaintiff's current claim of failure to accommodate. See Leong, 347 F.3d at 1122; Rodriguez, 265 F.3d at 897. Nor would an EEOC investigation into harassment on the basis of race, age, and protected activity reasonably be expected to grow to encompass an investigation into disability discrimination. The administrative judge's characterization of plaintiff's claims as relating to a hostile work environment based on plaintiff's race, age, and protected EEO activity supports the conclusion that a failure to accommodate claim did not fall within the scope of the EEOC's actual investigation. See ECF No. 59-10 at 4.

In opposing defendant's motion, plaintiff submits two documents: her opposition to the VA's motion for summary judgment before the EEOC, ECF No. 60 at 4-18, and the VA's first set of discovery requests, ECF No. 63 at 8-15. Plaintiff also states that "[f]ailure to [a]ccommodate was included in [plaintiff's] EEO case during [a] conference call with [the] Administrative Judge." Id. at 1. This statement is not sufficient to show that plaintiff in fact exhausted her claim, for two reasons. First, plaintiff does not support the assertion with admissible evidence, such as an affidavit or declaration. See Fed. R. Civ. P. 56(c)(4). Second, the assertion is vague and its meaning ambiguous. See Rodriguez, 265 F.3d at 901-02 (discussing the equitable exception to exhaustion and noting that "self-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory").

Next, plaintiff's opposition to the VA's motion for summary judgment before the EEOC, ECF No. 60 at 4-18, is also insufficient to show exhaustion. "[T]he inquiry into whether a claim has been sufficiently exhausted must focus on the factual allegations made in the charge itself." Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 637 (9th Cir. 2002); see also B.K.B., 276 F.3d at 1100 ("[T]he crucial element of a charge of discrimination is the factual statement contained therein." (internal quotations and citations omitted)). Here, plaintiff referenced failure

to accommodate in her opposition to summary judgment before the EEOC only after the EEOC's investigation had concluded. ECF No. 59-3 at 2, ¶ 11, ECF No. 59-10 at 3, ECF No. 60 at 11, 14. Plaintiff's brief does not alter the scope of the EEOC charges that plaintiff filed and amended, nor does it change the EEOC investigation that grew from those charges.[1]

Finally, the fact that the VA (not the EEOC) sent discovery requests asking plaintiff to identify her health care providers does not show exhaustion. Plaintiff's EEO complaints related in part to her assertion that she was denied leave pursuant to the Family and Medical Leave Act, see, e.g., ECF No. 59-5 at 10, and plaintiff sought compensation for medical costs and emotional distress, ECF No. 59-8 at 4; accordingly, the VA's interrogatories 14–16 appear to relate to those issues. See ECF No. 63 at 13. In sum, plaintiff did not substantially comply with the statutory presentment requirement with respect to a failure to accommodate claim and therefore failed to exhaust her administrative remedies under the Rehabilitation Act.

### D. Waiver of Defense

Plaintiff asserts that defendant's motion should be rejected because defendant did not object to the findings and recommendations at ECF No. 47, thereby waiving the issue of exhaustion. ECF No. 60 at 1-2. Plaintiff's argument is unavailing. As discussed above, "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite," Sommatino, 255 F.3d at 708. Where a plaintiff has not substantially complied with the presentment requirement, the federal court is without jurisdiction. Subject-matter jurisdiction may not be waived, even if the parties expressly agree to do so. Sosna v. Iowa, 419 U.S. 393, 398 (1975).

### E. Leave to Amend

Plaintiff has previously been granted leave to amend with the "extreme liberality" generally afforded to pro se litigants. See Morongo Band of Mission Indians v. Rose, 893 F.2d

---

[1] Plaintiff also points to ECF No. 59-10 at 9, in which the administrative judge describes retaliation claims under "Title VII, the ADEA, or the Rehabilitation Act." ECF No. 63 at 2. This language appears beneath the heading "Applicable Law" for "Disparate Treatment Based on Race, Age, and Retaliation." ECF No. 59-10 at 9. The administrative judge's reference to the Rehabilitation Act reflects the statute being cited, 29 C.F.R. § 1614.101(b), and is not evidence that plaintiff brought a failure to accommodate or disability discrimination claim.

1074, 1079 (9th Cir. 1990). Leave to amend does not continue indefinitely, however, and may be denied where amendment is futile or there has been a repeated failure to cure deficiencies. Foman v. Davis, 371 U.S. 178, 182 (1962). Here, further leave to amend would be futile because plaintiff has not exhausted her six- and seven-year-old allegations of a failure to accommodate. This deficiency precludes the exercise of the federal court's subject-matter jurisdiction. Sommatino, 255 F.3d at 708. For these reasons, further leave to amend should not be granted.

    F. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

It is being recommended that your lawsuit be dismissed without leave to amend. This is because your EEO complaints raised the issues of whether you were discriminated against or faced a hostile work environment because of your race, age, or protected EEO activity, but did not present the issue of disability discrimination or failure to accommodate. Because of this, you did not exhaust your administrative remedies and this court does not have jurisdiction to hear this case.

### III. CONCLUSION

Accordingly, the undersigned recommends that the motion to dismiss at ECF No. 59 (as construed herein) be GRANTED, without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. <u>Id.</u>; <u>see also</u> Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 7, 2020

                                              ALLISON CLAIRE
                                              UNITED STATES MAGISTRATE JUDGE